1

2

3

4                                                          The Honorable John C. Coughenour

5

6

7                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
                                    AT SEATTLE
8
    SCOTT AND KATHRYN KASEBURG, et al.,        )
9                                              )
                                               )   No. 14-cv-00784-JCC
10                                Plaintiffs,   )
                                               )
11          vs.                                )   ANSWER AND COUNTERCLAIM OF
                                               )   DEFENDANT KING COUNTY
12                                             )
    PORT OF SEATTLE,  a municipal corporation; )
13  PUGET SOUND ENERGY, INC., a Washington     )
    for profit corporation and KING COUNTY, a  )
14  home rule charter county,                  )
                                               )
15                                Defendants.   )

16          COMES NOW defendant King County, by and through its attorneys of record, both to

17  answer plaintiffs' complaint and to counterclaim as set forth below.  In answer to plaintiffs'

18  Complaint, Defendant admits, denies, and alleges as set forth below.  Each and every allegation

19  contained in plaintiffs' Complaint not expressly admitted in full below is denied. The paragraph

20  numbers in the Answer below correspond to the paragraph numbers in plaintiffs' Complaint:

21                                    **NATURE OF ACTION**

22          1.      Answering paragraph 1 of plaintiffs' Amended Complaint, King County denies

23  that the railroad corridor that runs from milepost 5.0 near Kennydale to milepost 10.6 at

ANSWER AND COUNTERCLAIM OF
DEFENDANT KING COUNTY (14-cv-00784-JCC) - 1

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION
W400 King County Courthouse
516 Third Avenue
Seattle, Washington 98104
(206) 477-1120/FAX (206) 296-0191

1    Wilburton along the Eastern shore of Lake Washington ("South Rail Corridor") is "abandoned."

2    As to the balance of this paragraph, King County is without sufficient information to form a

3    belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

4          2.      Answering paragraph 2 of plaintiff's Amended Complaint, King County denies

5    that the property interests acquired by the railroad were limited to an easement over the entire

6    South Rail Corridor.  As to the balance of this paragraph, King County is without sufficient

7    information to form a belief as to the truth or falsity of the allegations contained therein, and

8    therefore denies the same.

9          3.      Answering paragraph 3 of plaintiffs' Amended Complaint, King County denies

10    each and every allegation in the paragraph.

11          4.      Answering paragraph 4 of the Amended Complaint, the paragraph consists of

12    legal assertions that do not require an answer.  To the extent that Paragraph 4 contains

13    allegations of fact, King County denies the same.

14

                                     **THE PARTIES**

15

16          5.      Answering paragraph 5 of the Amended Complaint, this paragraph is directed at

17    other defendants and no answer is required of King County.

18          6.      Answering paragraph 6 of the Amended Complaint, this paragraph is directed at

19    other defendants and no answer is required of King County.

20          7.      Answering paragraph 7 of the Amended Complaint, King County admits that it is

21    a home rule charter county and a political subdivision of the State of Washington.

22          8 - 89.  Answering paragraphs 8-89 of the Amended Complaint, King County is presently

23    without sufficient information to answer the allegations of fact contained in those paragraphs and

therefore denies the same.

ANSWER AND COUNTERCLAIM OF
DEFENDANT KING COUNTY (14-cv-00784-JCC) - 2

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION
W400 King County Courthouse
516 Third Avenue
Seattle, Washington 98104
(206) 477-1120/FAX (206) 296-0191

1
## JURISDICTION AND VENUE

2        90.  Answering paragraph 90 of the Amended Complaint, King County admits that

3   jurisdiction to determine the allegations in the complaint lies with this Court under both federal

4   and state law.  King County denies all other allegations in this paragraph.

5        91.  Answering paragraph 91 of the Amended Complaint, King County admits that RCW

6   4.12.010 is the mandatory venue statute applicable to plaintiffs' action, that the portion of the

7   Eastside Rail Corridor (ERC) implicated by plaintiffs' action is located in King County, and that

8   defendant King County is located within the geographic boundaries of King County.  To the

9   extent that this paragraph includes any additional allegations of fact, King County denies the

10  same.

11
## FACTS PERTINENT TO ALL CAUSES

12       92.  Answering paragraph 92 of the Amended Complaint, King County admits that in the

13  19th and 20th centuries, various railroads acquired land and interests in land and constructed

14  railroad lines in the vicinity of Lake Washington.  To the extent that this paragraph contains

15  different or additional allegations of fact, King County is presently without sufficient

16  information to answer this paragraph and therefore denies the same.

17       93.  Answering paragraph 93 of the Amended Complaint, King County is presently

18  without sufficient information to answer this paragraph and therefore denies the same.

19       94.  Answering paragraph 94 of the Amended Complaint, King County admits the

20  existence of a reported decision in *Haggart v. United States*, 108 Fed. Cl. 70 (Fed. Cl. 2012) by

21  Judge Lettow, but denies that plaintiffs accurately or fully characterize Judge Lettow's

22  conclusions.  King County specifically denies that the referenced opinion accurately

23  characterizes the nature of the Kittinger Deed under Washington law, or the established scope of

ANSWER AND COUNTERCLAIM OF
DEFENDANT KING COUNTY (14-cv-00784-JCC) - 3

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION
W400 King County Courthouse
516 Third Avenue
Seattle, Washington 98104
(206) 477-1120/FAX (206) 296-0191

1  railroad easements under Washington law.  To the extent that this paragraph includes any

2  additional allegations, King County denies the same.

3      95.  Answering paragraph 95 of the Amended Complaint, King County admits that the

4  BNSF Railway Company owned and operated a railroad on the east side of Lake Washington for

5  many years and that the line is currently rail banked. To the extent that Paragraph 95 of the

6  Complaint contains other allegations, King County is presently without sufficient information to

7  answer them and therefore denies the same.

8      96 - 101.  Answering paragraphs 96 - 101 of the Amended Complaint, these paragraphs

9  recite legal conclusions that do not require an answer.  The federal interstate rail transportation

10  statutes at 49 U.S.C. §10101 et. seq., and the National Trails System Act, 16 U.S.C. 1241 et.

11  seq., and its implementing regulations, 49 C.F.R. Part 1152, speak for themselves.  To the extent

12  that Paragraphs 96 through 101 contain allegations of fact, King County denies the same.

13      102.   Answering paragraph 102 of the Amended Complaint, King County admits that

14  BNSF filed a petition for exemption to abandon a certain line of railroad on August 11, 2008.

15  King County denies that the petition for exemption filed by BNSF on August 11, 2008 relates or

16  related to any segment of railroad located along the shore of Lake Washington and south of

17  Interstate 90.  A separate petition for exemption was filed by BNSF on September 8, 2008, that

18  relates or related to the segment of railroad located along the shore of Lake Washington and

19  south of Interstate 90.  King County admits that it filed requests to railbank certain segments of

20  railroad on September 18, 2008.  To the extent that this paragraph contains other allegations of

21  fact, King County is presently without sufficient information to answer, and therefore denies the

22  same.

23

ANSWER AND COUNTERCLAIM OF
DEFENDANT KING COUNTY (14-cv-00784-JCC) - 4

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION
W400 King County Courthouse
516 Third Avenue
Seattle, Washington 98104
(206) 477-1120/FAX (206) 296-0191

103.   Answering paragraph 103 of the Amended Complaint, King County admits that on October 27, 2008, and November 28, 2008, the STB issued a total of three NITUs for three segments of railroad, two located along the east side of Lake Washington and one located between Woodinville and Redmond, Washington.  The NITUs are public records that speak for themselves.  King County denies that any of the three railroad segments were "abandoned."   To the extent that this paragraph contains other allegations of fact, King County is presently without sufficient information to answer, and therefore denies the same.

104 - 105.   Answering paragraphs 104-105 of the Amended Complaint, King County admits that it entered into a Purchase and Sale Agreement with BNSF and the Port of Seattle regarding several segments of railroad, which agreement is dated May 12, 2008.  King County admits that it entered into a Donation Agreement with BNSF and the Port of Seattle for other segments of railroad, which agreement is also dated May 12, 2008.  The Purchase and Sale Agreement and the Donation Agreement are public records that speak for themselves.  To the extent that this paragraph contains other or differing allegations, King County is presently without sufficient information to answer, and therefore denies the same.

106.   Answering paragraph 106 of the Amended Complaint, King County admits that it entered into a Memorandum of Understanding with the Port of Seattle, Puget Sound Energy (PSE), the Central Puget Sound Regional Transit Authority (Sound Transit), Cascade Water Alliance, and the City of Redmond, which MOU is dated November 5, 2009.  The MOU is a public record that speaks for itself.  To the extent that this paragraph contains other allegations of fact, King County is presently without sufficient information to answer, and therefore denies the same.

ANSWER AND COUNTERCLAIM OF
DEFENDANT KING COUNTY (14-cv-00784-JCC) - 5

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION
W400 King County Courthouse
516 Third Avenue
Seattle, Washington 98104
(206) 477-1120/FAX (206) 296-0191

1    107.    Answering paragraph 107 of the Amended Complaint, King County admits that

2    BNSF quitclaimed its interests in certain segments of railroad to the Port through deeds executed

3    on December 18, 2009.  The deeds from BNSF to the Port of Seattle were recorded as King

4    County Recorder's Office instrument numbers 20091218001535, 20091218001536, and

5    20091218001537.  The deeds from BNSF to the Port are public records that speak for

6    themselves.  The scope of the rights conveyed from BNSF to the Port of Seattle varies from

7    segment to segment depending on the scope of rights that BNSF held at the time of conveyance

8    to the Port.  King County denies that BNSF's interests in the so-called South Rail Line were

9    limited to an easement along all portions of that corridor.  To the extent that this paragraph

10   contains other allegations, King County is presently without sufficient information to answer,

11   and therefore denies the same.

12   108.    Answering paragraph 108 of the Amended Complaint, King County admits that it

13   entered into a Trail Use Agreement with BNSF dated December 18, 2009.  The Trail Use

14   Agreement is a public record that speaks for itself.  To the extent that Paragraph 108 contains

15   other allegations, King County is presently without sufficient information to answer, and

16   therefore denies the same.

17   109.  Answering paragraph 109 of the Amended Complaint, King County admits that the

18   Port of Seattle acquired a rail corridor from BNSF and that it sold some rights in the corridor to

19   other entities.  King County denies the remaining allegations in the paragraph.

20   110.  Answering paragraph 110 of the Amended Complaint, King County admits that the

21   Port of Seattle entered into an agreement with Puget Sound Energy, Inc. regarding use of the rail

22   corridor.  The agreement is a public record that speaks for itself.  To the extent that Paragraph

23

ANSWER AND COUNTERCLAIM OF
DEFENDANT KING COUNTY (14-cv-00784-JCC) - 6

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION
W400 King County Courthouse
516 Third Avenue
Seattle, Washington 98104
(206) 477-1120/FAX (206) 296-0191

1    100 contains other allegations, King County is presently without sufficient information to

2    answer, and therefore denies the same.

3         111.  Answering paragraph 111 of the Amended Complaint, King County admits that the

4    Metropolitan King County Council adopted King County Ordinance No. 17503 on December 11,

5    2012.  Ordinance No. 17503 is a public record that speaks for itself.  To the extent that this

6    paragraph contains other allegations, King County denies the same.

7         112-113.  Answering paragraphs 112-113 of the Amended Complaint, King County

8    admits that it entered into a Real Estate Purchase and Sale Agreement with the Port of Seattle

9    regarding several segments of railroad.  Pursuant to this Real Estate Purchase and Sale

10   Agreement, the Port conveyed to the County certain property interests in several segments of

11   railroad by Quit Claim Deed.  The scope of the rights conveyed from the Port to King County

12   varies from segment to segment depending on the scope of rights conveyed to the Port from

13   BNSF.  Both the Purchase and Sale Agreement and the Quit Claim Deed are public records that

14   speak for themselves.  To the extent that paragraphs 112-113 of the Amended Complaint contain

15   other allegations, King County is presently without sufficient information to answer, and

16   therefore denies the same.

17        114.  Answering paragraph 114 of the Amended Complaint, King County denies the

18   same.

19
20                            **COUNT I—QUIET TITLE**

21        115.     Answering paragraph 115, King County hereby incorporates by reference its

22   responses to paragraphs 1-114 of the Amended Complaint as though fully set forth herein.

23        116.  Answering paragraph 116, King County admits that the Port acquired a rail corridor

     from BNSF as discussed previously in this Answer.  King County denies that that the property

ANSWER AND COUNTERCLAIM OF
DEFENDANT KING COUNTY (14-cv-00784-JCC) - 7

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION
W400 King County Courthouse
516 Third Avenue
Seattle, Washington 98104
(206) 477-1120/FAX (206) 296-0191

1    interests acquired by the Port in the corridor were limited to a hiking and biking trail with the

2    possible reactivation of a railroad.  To the extent that this paragraph contains other allegations,

3    King County denies the same.

4        117.  Answering paragraph 117 of the Amended Complaint, King County is presently

5    without sufficient information to answer, and therefore denies the same.

6        118.  Answering paragraph 118 of the Amended Complaint, King County admits that it

7    acquired certain real property interests in segments of the railroad corridor from the Port of

8    Seattle by Quit Claim Deed as described previously in this Answer.  King County denies that

9    that the property interests that it acquired from the Port in the corridor were limited to a hiking

10   and biking trail with the possible reactivation of a railroad.  To the extent that this paragraph

11   contains other allegations, King County denies the same.

12       119.  Answering paragraph 119 of the Amended Complaint, King County denies that its

13   interests in the rail corridor are limited to a hiking and biking trail with the possible reactivation

14   of a railroad.  King County admits that, on occasion, its interests have been described as a "fee,"

15   which accurately characterizes the County's real-property interests in portions of the corridor.

16   To the extent that this paragraph contains other allegations, King County denies the same.

17       120.  Answering paragraph 120 of the Amended Complaint, King County admits that

18   PSE acquired certain real property interests in segments of railroad corridor from the Port of

19   Seattle as previously described in this Answer.  To the extent that this paragraph contains other

20   allegations, King County denies the same.

21       121.  Answering paragraph 121 of the Amended Complaint, King County denies the

22   same.

23

ANSWER AND COUNTERCLAIM OF
DEFENDANT KING COUNTY (14-cv-00784-JCC) - 8

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION
W400 King County Courthouse
516 Third Avenue
Seattle, Washington 98104
(206) 477-1120/FAX (206) 296-0191

1   122.  Answering paragraph 122 of the Amended Complaint, King County denies the
2   same.

3   123.  Answering paragraph 123 of the Amended Complaint, King County denies the
4   same.

5   124.  Answering paragraph 124 of the Amended Complaint, King County denies the
6   same.

7   **COUNT II—DECLARATORY JUDGMENT**

8   125.   Answering paragraph 125 of the Amended Complaint, King County hereby
9   incorporates by reference its responses to paragraphs 1-124 of the Amended Complaint as
10  though fully set forth herein.

11  126.  Answering paragraph 126 of the Amended Complaint, King County denies the
12  same.

13  127.  Answering paragraph 127 of the Amended Complaint, King County admits only
14  that the scope of property rights held by BNSF at the time of conveyance to the Port varied along
15  the corridor, and amounted to a fee in some places and an easement in other places.  King
16  County denies the balance of this paragraph, including plaintiffs' implicit claim that all plaintiffs
17  possess fee title to real property along the rail corridor.

18  128.  Answering paragraph 128 of the Amended Complaint, King County admits that the
19  Port acquired a rail corridor from BNSF as discussed previously in this Answer.   King County
20  denies that the property interests acquired by the Port in the corridor were limited to a hiking and
21  biking trail with the possible reactivation of a railroad.  To the extent that this paragraph contains
22  other allegations, King County denies the same.

23

ANSWER AND COUNTERCLAIM OF
DEFENDANT KING COUNTY (14-cv-00784-JCC) - 9

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION
W400 King County Courthouse
516 Third Avenue
Seattle, Washington 98104
(206) 477-1120/FAX (206) 296-0191

129.  Answering paragraph 129 of the Amended Complaint, King County admits that it acquired certain real property interests in segments of railroad corridor from the Port of Seattle by Quit Claim Deed as described previously in this Answer.  King County denies that the property interests that it acquired from the Port in the corridor were limited to a hiking and biking trail with the possible reactivation of a railroad.  King County denies that BNSF abandoned the corridor or its property interests on the corridor.  To the extent that this paragraph contains other allegations, King County denies the same.

130.  Answering paragraph 130 of the Amended Complaint, King County denies the same.

131.  Answering paragraph 131 of the Amended Complaint, this paragraph consists of legal conclusions, to which no answer is required.  To the extent an answer is required, King County denies the same.

132.  Answering paragraph 132 of the Amended Complaint, King County denies the same.

## KING COUNTY'S COUNTERCLAIM FOR QUIET TITLE AND DECLARATORY JUDGMENT

133.    As Counterclaim Plaintiff, King County re-alleges paragraphs 1-132 of this answer as if fully set forth herein.

134.    The Port of Seattle, through Quit Claim Deed, acquired the entirety of BNSF's property rights to the South Rail Corridor, which runs adjacent to, or near, plaintiffs' individual properties.  Subject to certain mesnes grants of easement to PSE and to Sound Transit, by subsequent Quit Claim Deed, the Port passed all of its remaining right, title, and interest in BNSF's property rights in the South Rail Corridor to King County.

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION
W400 King County Courthouse
516 Third Avenue
Seattle, Washington 98104
(206) 477-1120/FAX (206) 296-0191

1    135.  The extent of BNSF's property interest in the South Rail Corridor stem from when

2    and how segments of the railroad corridor were originally assembled in the late 1800s and early

3    1900s.  There are at least three original deeds that were used to assemble the segments of the

4    South Rail Corridor that run adjacent to, or near, plaintiffs' individual properties: (1) Deed No.

5    269500 ("Kittinger"), (2) Deed No. 102518 ("Lake Washington Belt Line Co."), and (3) Deed

6    No. 287093 ("Lake Washington Land Co./Loomis").  In addition, other portions of the rail

7    corridor adjacent to, or near, plaintiffs' individual properties were acquired by eminent domain

8    in King County Superior Court Cause No. 40536.

9    136.   As successor in interest to BNSF and the Port, King County acquired and holds

10   fee title to those portions of the South Rail Corridor originally acquired under the Deed No.

11   287093 ("Lake Washington Land Co./Loomis"), subject to exceptions of record, including the

12   Port's mesnes grants of easements to PSE and Sound Transit.

13   137.   As successor in interest to BNSF and the Port, King County acquired and holds

14   fee title to those portions of the South Rail Corridor originally acquired under Deed No. 269500

15   ("Kittinger") , subject to exceptions of record, including the Port's mesnes grants of easements to

16   PSE and Sound Transit.

17   138.   No portion of the South Rail Corridor has been abandoned.  The South Rail

18   Corridor is railbanked under a Notice of Interim Trail Use (NITU) issued by the Surface

19   Transportation Board in STB Docket No. AB-6 (Sub-No. 464X) on October 27, 2008.

20   139.   Save and except for exceptions of record, including the Port's mesnes grants of

21   easements to PSE and Sound Transit, King County currently owns and holds any and all

22   subsurface, surface and aerial property rights in the South Rail Corridor that were held by BNSF

23

ANSWER AND COUNTERCLAIM OF
DEFENDANT KING COUNTY (14-cv-00784-JCC) - 11

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION
W400 King County Courthouse
516 Third Avenue
Seattle, Washington 98104
(206) 477-1120/FAX (206) 296-0191

1    when BNSF filed a Petition for Exemption with the STB on September 8, 2008, in STB Docket

2    No. AB-6 (Sub-No. 464X).

3        140.  Under RCW 7.28.010and because King County owns portions of the South Rail

4    Corridor that derive from the Lake Washington Land Co./Loomis and Kittinger deeds in fee

5    simple absolute, title to those portions of the South Rail Corridor should be quieted in King

6    County and not in any plaintiff who claims any property interest in those portions of the South

7    Rail Corridor.  In addition, under RCW 7.24, the Court should declare that King County holds a

8    fee simple property interest in those same portions of the South Rail Corridor, subject only to

9    exceptions of record, including the Port's mesnes grants of easements to PSE and Sound Transit..

10       141.    Under RCW 7.28.010 and because King County currently owns and holds any

11   and all subsurface, surface and aerial property rights in the South Rail Corridor that were held by

12   BNSF when BNSF filed a Petition for Exemption with the STB on September 8, 2008, in STB

13   Docket No. AB-6 (Sub-No. 464X), title should be quieted in King County and not in any

14   plaintiff who claims any property interest in those portions of the South Rail Corridor contrary to

15   the property interest held by King County.  In addition, under RCW 7.24 and with regard to

16   those same portions of the corridor, the Court should declare that King County holds the same

17   property rights that were held by BNSF when BNSF filed a Petition for Exemption with the STB

18   on September 8, 2008, in STB Docket No. AB-6 (Sub-No. 464X).

19                    **FURTHER ANSWER AND AFFIRMATIVE DEFENSES**

20       BY WAY OF FURTHER ANSWER and AFFIRMATIVE DEFENSES to plaintiffs'

21   Amended Complaint, and without admitting anything previously denied, King County asserts the

22   following affirmative defenses against each plaintiff:

23

ANSWER AND COUNTERCLAIM OF
DEFENDANT KING COUNTY (14-cv-00784-JCC) - 12

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION
W400 King County Courthouse
516 Third Avenue
Seattle, Washington 98104
(206) 477-1120/FAX (206) 296-0191

1      1.      Plaintiffs, in whole or in part, have failed to state a claim upon which relief may

2      be granted.

3      2.      Plaintiffs have failed to join indispensable parties under Fed. R. Civ. P. 19.

4      3.      Plaintiffs, in whole or in part, have stated a claim that falls outside the Court's

5      subject matter jurisdiction.

6      4.      Plaintiffs, in whole or in part, have stated claims under Washington law that are

7      preempted by federal law.

8      5.      Plaintiffs, in whole or in part, have stated claims that are barred by the statute of

9      limitations.

10      6.      Plaintiffs, in whole or in part, have stated claims that are barred by the doctrine of

11      laches.

12      7.      Plaintiffs, in whole or in part, have stated claims that are barred by the doctrine of

13      waiver.

14      8.      Plaintiffs, in whole or in part, have stated claims that fail because plaintiffs

15      acquiesced in the acts about which plaintiffs now complain.

16      9.      Plaintiffs, in whole or in part, have failed to exhaust their administrative remedies.

17      10.      Plaintiffs, in whole or in part, have stated claims that are barred by the doctrine of

18      estoppel.

19      11.      Plaintiffs, in whole or in part, have stated claims that they, or their predecessors in

20      title, have previously released.

21      12.      Plaintiffs, in whole or in part, are not real parties in interest.

22      King County reserves the right to amend this Answer and assert additional affirmative

23      defenses.

ANSWER AND COUNTERCLAIM OF
DEFENDANT KING COUNTY (14-cv-00784-JCC) - 13

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION
W400 King County Courthouse
516 Third Avenue
Seattle, Washington 98104
(206) 477-1120/FAX (206) 296-0191

## PRAYER FOR RELIEF

King County, having fully answered plaintiffs' Amended Complaint, counterclaimed and asserted its affirmative defenses, hereby urges the court to grant the following relief:

1.    A full dismissal of plaintiffs' Amended Complaint with prejudice;

2.    A full grant of King County's Counterclaim by quieting title in King County and declaring the full scope of King County's property interests in the disputed portions of the Southern Rail Corridor;

3.    An award of attorney fees and costs to King County in accord with equity or law;

4.    An award of prejudgment and post-judgment interest on any judgments granted to King County; and

4.    An award of such additional relief as the Court deems equitable and just.

DATED this 20th day of June, 2014 at Seattle, Washington.

DANIEL T. SATTERBERG
King County Prosecuting Attorney

By: s/ David J. Hackett
DAVID J. HACKETT, WSBA #21236
Senior Deputy Prosecuting Attorney

By: s/ Andrew W. Marcuse
ANDREW W. MARCUSE, WSBA #27552
Senior Deputy Prosecuting Attorney
Attorneys for Defendant King County
500 Fourth Ave., 9th Floor
Seattle, WA. 98104
Phone: (206) 296-8820 / Fax: (206) 296-8819

ANSWER AND COUNTERCLAIM OF
DEFENDANT KING COUNTY (14-cv-00784-JCC) - 14

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION
W400 King County Courthouse
516 Third Avenue
Seattle, Washington 98104
(206) 477-1120/FAX (206) 296-0191

1

## DECLARATION OF FILING AND SERVICE

2

I hereby certify that on June 20, 2014, I electronically filed the foregoing document(s)
with the Clerk of the Court using the CM/ECF system which will send notification of such filing

3

to the following:

4

J. Richard Aramburu, WSBA #466
Jeffrey M. Eustis, WSBA #9262

5

ARAMBURU & EUSTIS, LLP
720 Third Avenue, Suite 2000

6

Seattle, WA  98104-1860

7

Timothy G. Leyh, WSBA #14853
Randall Thomsen, WSBA #25310

8

Kristin Ballinger, WSBA #28253
Calfo, Harrigan, Leyh & Eakes, LLP

9

999 Third Avenue, Suite 4400
Seattle, WA 98104

10

11

Thomas S. Stewart
Elizabeth McCulley

BAKER STERCHI COWDEN & RICE, LLC

12

2400 Pershing Road, Suite 500
Kansas City, MO  64108

13

James E. Breitenbucher, WSBA # 27670

14

Gavin W. Skok, WSBA # 29766
Courtney Seim, WSBA # 35352

15

Bryan J. Case, WSBA # 41781
Riddell Williams PS

16

1001 – 4th Avenue, Suite 4500
Seattle, WA 98154-1065

17

I declare under penalty of perjury under the laws of the United States and the State of

18

Washington that the foregoing is true and correct.

19

DATED this 20th day of June, 2014 at Seattle, Washington.

20

21

*s/ Karen Richardson*
Karen Richardson, Legal Secretary

22

King County Prosecuting Attorney's Office

23

ANSWER AND COUNTERCLAIM OF
DEFENDANT KING COUNTY (14-cv-00784-JCC) - 15

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION
W400 King County Courthouse
516 Third Avenue
Seattle, Washington 98104
(206) 477-1120/FAX (206) 296-0191