1

2

3

4

5

6

7   IN THE UNITED STATES DISTRICT COURT
    WESTERN DISTRICT OF WASHINGTON
8   AT SEATTLE

9   FOR KING COUNTY

10

11  SCOTT AND KATHRYN KASEBURG, ET          NO. **2**:14-**CV-000784-JCC**
    AL,
12  MARTIN FEDIGAN,
    BARBARA BERGSTROM,
13  KIM AND PAMELA KAISER,                   SECOND AMENDED COMPLAINT TO
    DAVID AND KELLI KOMENDAT,                QUIET TITLE AND FOR DECLARATORY
14  WILLIAM AND SUSAN BLOKKER,               RELIEF
15  DAVID AND SALLY MCCRAY,
    JOHN LORGE, III AND NANCY LORGE,
16  JOHN AND MOLLY HOWELL,
    DARIUS AND VICKI RICHARDS,
17  GEORGE AND NANCY JOHNSTON,
18  GREGORY AND SHERRE PIANTANIDA,
    PAUL AND CHRISTINE FERGEN,
19  KEVIN IDEN,
    TOM AND KAREN EASTON,
20  PAUL AND KARYN PASQUIER,
    JOHN HOUTZ,
21  TERENCE AND KARI BLOCK,
22  LARRY AND SUSAN KOLESAR,
    JOHN AND REBECCA LAUGHLIN,
23  JEFFREY AND TAMI RILEY,
    NANCY MANZ,
24  DONALD AND PATRICIA DANA,
    CHRISTIE MUELLER,
25  DENISE HARRIS,
    WALTER MOORE,

SECOND AMENDED COMPLAINT TO QUIET TITLE
AND FOR DECLARATORY RELIEF- PAGE 1

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

TOM AND KATHY DAHLBY,
HARRY DURSCH AND KIRSTEN LEMKE,
RICHARD VAUGHN,
RICHARD S. AND LOIS HOWELL,
DONALD AND PATRICIA LOCKNER,
MARJORIE GRUNDHAUS,
WILLIAM AND DEBRA KEPPLER,
CURTIS AND JULIE DICKERSON,
GREGORY AND PATRICIA LASEK,
YONGTAO CHEN AND QIN LI,
ROBERT AND ALISON TAYLOR,
EDMUND JONES,
DONALD MILLER AND SUSAN MINER,
RONALD AND CAROL JONES,
STEVE AND SHERRI SMOLINSKE,
JOSEPH IOPPOLO,
RICHARD AND LYNN KANER,
BRADLEY R. AND GREGORY P.
ELFERS,
PAUL REMINGTON,
JOHN BURROUGHS AND ELIZABETH
MANN,
BRUCE AND MARY ERIKSON,
TIMOTHY AND VIRGINIA RILEY,
JAMES AND KELLY SATHER,
JULIAN LIMITED PARTNERSHIP,
STEVEN AND KRISTEN BRACE,
CHARLES AND COURTNI BILLOW,
HAROLD A. BRUCE,
PIERRE & CRISTI THIRY,
MICHAEL FRANCESHINA,
MICHAEL AND GINA OLDHAM,
STEPHEN AND NANCY PORTER,
ROBERT AND JANIS LARIS,
MICHAEL AND ELANA RUSSELL,
UMA SHENOY,
LARRY AND SUSAN PETERSON,
JOSEPH  AND KRISTIN PETERSON,
JOHN PATRICK HEILY AND SUNDAY
KYRKOS,
PAUL AND TRACY GIBBONS,
DAYTON AND MARILYNN DENNISON,
GREGORY NICK,
DIVERSITY ASSETS, LLC,

SECOND AMENDED COMPLAINT TO QUIET TITLE
AND FOR DECLARATORY RELIEF- PAGE 2

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

1
2
3
4
5
6
7
8
9
10
11

JAMES JOHNSON,
DAVID WILLIAMSON AND KRISTI
SUNDERLAND,
CLAUDIA MANSFIELD,
KEVIN AND REBECCA LINDAHL,
KEVIN TRAN,
JEANNE DEMUND AND LOU XU,
KATHY HAGGART AND DAWN LAWSON,
MARLENE WINTER,
JIE AO AND XIN ZHOU
DAVID AND APRIL HUMPHREY
JAMES TASCA,
MICHAEL AND AMANDA CHAN,
GARY WEIL,
DALE AND MARLA MITCHELL,
FREDERICK AND SUSAN MILLER,
FREDERICK A. CROSETTO,
PAMELA HUNT,
GRETCHEN CHAMBERS.

12                          Plaintiffs,

13      vs.

14      PORT OF SEATTLE, a municipal
15      corporation; PUGET SOUND ENERGY,
        INC., a Washington for profit corporation,
16      and KING COUNTY, a home rule charter
        county,  and CENTRAL PUGET SOUND
17      REGIONAL TRANSIT AUTHORITY, a
        municipal corporation,

18

19                          Defendants.

20

21      COME NOW Plaintiffs Scott and Kathryn Kaseburg, Martin Fedigan,

22      Barbara Bergstrom, Kim and Pamela Kaiser, David and Kelli Komendat,

23      William and Susan Blokker, David and Sally McCray, John Lorge, III and Nancy

24      Lorge, John and Molly Howell, Darius and Vicki Richards, George and Nancy

25      Johnston, Gregory and Sherre Piantanida, Paul and Christine Fergen, Kevin

SECOND AMENDED COMPLAINT TO QUIET TITLE
AND FOR DECLARATORY RELIEF- PAGE 3

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Iden, Tom and Karen Easton, Paul and Karyn Pasquier, John Houtz, Terence and Kari Block, Larry and Susan Kolesar, John and Rebecca Laughlin, Jeffrey and Tami Riley, Nancy Manz, Donald and Patricia Dana, Christie Mueller, Denise Harris, Walter Moore, Tom and Kathy Dahlby, Harry Dursch and Kirsten Lemke, Richard Vaughn, Richard S. and Lois Howell, Donald and Patricia Lockner, Marjorie Grundhaus, William and Debra Keppler, Curtis and Julie Dickerson, Gregory and Patricia Lasek, Yongtao Chen and Qin Li, Robert and Alison Taylor, Ed Jones, Donald Miller and Susan Miner, Ronald and Carol Jones, Steve and Sherri Smolinske, Joseph Ioppolo, Richard and Lynn Kaner, Bradley R. and Gregory P. Elfers, Paul Remington, John Burroughs, Bruce and Mary Erikson, Timothy and Virginia Riley, James and Kelly Sather, Julian Limited Partnership, c/o Dean & Bryan Johnson, Steven and Kristen Brace, Charles and Courtni Billow, Harold A. Bruce, Pierre & Cristi Thiry, Michael Franceshina, Michael and Gina Oldham, Stephen and Nancy Porter, Robert and Janis Laris, Michael and Elana Russell, Uma Shenoy, Larry and Susan Peterson, Joseph and Kristin Peterson, John Patrick Heily and Sunday Kyrkos, Paul and Tracy Gibbons, Dayton and Marilynn Dennison, Gregory Nick, Diversity Assets LLC, James Johnson, David Williamson and Kristi Sunderland, Claudia Mansfield, Kevin and Rebecca Lindahl, Kevin Tran, Jeanne DeMund, Kathy Haggart and Dawn Lawson, Marlene Winter, Jie Ao and Xin Zhou, David and April Humphrey, James Tasca, Michael and Amanda Chan, Gary Weil, Dale and Marla Mitchell, Frederick and Susan Miller, and Frederick A. Crosetto,

SECOND AMENDED COMPLAINT TO QUIET TITLE
AND FOR DECLARATORY RELIEF- PAGE 4

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

Pamela Hunt, and Gretchen Chambers for their causes of action against the Port of Seattle, Puget Sound Energy, Inc., King County, and Central Puget Sound Regional Transit Authority, pursuant to the Revised Code of Washington § 7.28.010, *et seq*, and § 7.24.010, *et. seq.*, and allege as follows:

## **NATURE OF ACTION**

1.      Plaintiffs are landowners who own fee title in land adjoining an abandoned railroad right-of-way in King County, Washington that runs from milepost 5.0 near Kennydale to milepost 10.60 at Wilburton, along Lake Washington.

2.      Plaintiffs filed the original complaint on April 28, 2014 and the first amended complaint on May 16, 2014 in the Superior Court of the State of Washington for Snohomish County.

3.      The railroad, both at the time of the acquisition of the right-of-way in the 1890s and the abandonment of the right-of-way in 2008, acquired an easement for railroad purposes over and through the adjacent landowners' land that was limited to the surface of the adjacent landowners' fee ownership in their land.

4.      The Port of Seattle ("Port"), Puget Sound Energy, Inc. ("PSE"), King County, and Central Puget Sound Regional Transit Authority ("Sound Transit"), by and through The National Trails System Act Amendments of 1983, 16 U.S.C. § 1247(d) ("Trails Act"), and a series of related transactions, contracts, and deeds have improperly and illegally invaded and clouded

SECOND AMENDED COMPLAINT TO QUIET TITLE
AND FOR DECLARATORY RELIEF- PAGE 5

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

Plaintiffs' fee ownership in their subsurface and aerial rights associated with the right-of-way.

5.      Plaintiffs seek, among other things, judgment to quiet title, a declaratory judgment, any actual and statutory damages, attorneys' fees, and costs.

## **THE PARTIES**

6.      The Port is a Washington municipal corporation and a port district that runs Seattle's seaport and airport.  The Port was authorized by the Port District Act and was then created and was approved by the voters of King County, Washington on September 5, 1911.  It is run by an elected five-member commission.

7.      PSE is a Washington corporation and a private for profit electric and gas utility company operating in the State of Washington.

8.      King County is a home rule charter county and a political subdivision of the State of Washington.

9.      Sound Transit is a Washington municipal corporation, responsible for the construction and operation of high-capacity public transportation systems within its district.

10.      Plaintiffs Scott and Kathryn Kaseburg are husband and wife.  The Kaseburgs are residents of King County, Washington who own land adjacent to the former railroad easement acquired by the Port in 2009.  Scott and Kathryn Kaseburgs' property, Parcel Number 6828700045, located at 5443 Pleasure

SECOND AMENDED COMPLAINT TO QUIET TITLE
AND FOR DECLARATORY RELIEF- PAGE 6

Point Lane SE, was acquired on August 26, 2000 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as as Exhibit 1).

11.    Plaintiff Martin Fedigan is a resident of King County, Washington who owns land adjacent to the former railroad easement acquired by the Port in 2009.  Martin Fedigan's property, Parcel Number 6828700005, located at 5479 Pleasure Point Lane SE, was acquired on August 1, 1995 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 2).

12.    Plaintiff Barbara Bergstrom is a resident of King County, Washington who owns land adjacent to the former railroad easement acquired by the Port in 2009.   Barbara Bergstom's property, Parcel Number 6828700090, located at 5243 Pleasure Point Lane SE, was acquired on May 11, 1966 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 3).  .

SECOND AMENDED COMPLAINT TO QUIET TITLE
AND FOR DECLARATORY RELIEF- PAGE 7

13.     Plaintiffs Kim and Pamela Kaiser are husband and wife.   The Kaisers are residents of King County, Washington who own land adjacent to the former railroad easement acquired by the Port in 2009.  Kim and Pamela Kaisers' property, Parcel Number 6828700105, located at 5227 Pleasure Point Lane SE, was acquired on February 23, 1983 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 4).

14.     Plaintiffs David and Kelli Komendat are husband and wife.   The Komendats are residents of King County, Washington who own land adjacent to the former railroad easement acquired by the Port in 2009.  David and Keilli Komendats' property, Parcel Number 3343302530, located at 6811 Ripley Lane SE, was acquired on February 20, 2013 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 5).

15.     Plaintiffs William and Susan Blokker are husband and wife.   The Blokkers are residents of King County, Washington who own land adjacent to the former railroad easement acquired by the Port in 2009.  Bill and Susan Blokkers' property, Parcel Number 3343302660, located at 6837 Ripley Lane

SECOND AMENDED COMPLAINT TO QUIET TITLE
AND FOR DECLARATORY RELIEF- PAGE 8

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

SE, was acquired on September 14, 2012 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 6).

16.     Plaintiffs David and Sally McCray are husband and wife.  The McCrays are residents of King County, Washington who own land adjacent to the former railroad easement acquired by the Port in 2009.  David & Sally McCrays' property, Parcel Number 3343302540, located at 6815 Ripley Lane SE, was acquired on August 12, 1993 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 7).

17.     Plaintiffs John Lorge, III and Nancy Lorge are husband and wife. The Lorges are residents of King County, Washington who own land adjacent to the former railroad easement acquired by the Port in 2009.  John and Nancy Lorges' property, Parcel Number 3343302320, located at 6437 Ripley Lane SE, was acquired on August 18, 1982 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant

SECOND AMENDED COMPLAINT TO QUIET TITLE
AND FOR DECLARATORY RELIEF- PAGE 9

to the Trails Act.   (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 8).

18.    Plaintiffs John and Molly Howell are husband and wife.   The Howells are residents of King County, Washington who own land adjacent to the former railroad easement acquired by the Port in 2009.   John and Molly Howells' property, Parcel Number 6828100060, located at 5811 Pleasure Point Road SE, was acquired on May 3, 1994 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.   (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 9).

19.    Plaintiffs Darius and Vicki Richards are husband and wife.   The Richards are residents of King County, Washington who own land adjacent to the former railroad easement acquired by the Port in 2009.   Darius and Vicki Richards' property, Parcel Number 3342700330, located at 3605 Lake Washington Blvd., was acquired on June 20, 1974 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.   (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 10).

20.    Plaintiffs George and Nancy Johnston are husband and wife.   The Johnstons are residents of King County, Washington who own land adjacent to

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

the former railroad easement acquired by the Port in 2009. George and Nancy Johnstons' property, Parcel Number 3343302630, located at 6831 Ripley Lane N, was acquired on January 4, 2004 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 11).

21.     Plaintiffs Gregory and Sherre Piantanida are husband and wife. The Piantanidas are residents of King County, Washington who own land adjacent to the former railroad easement acquired by the Port in 2009.  Gregory and Sherre Piantanidas' property, Parcel Number 3343302740, located at 7011 Ripley Lane N, was acquired on December 10, 1999 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 12).

22.     Plaintiffs Paul and Christine Fergen are husband and wife.  The Fergens are residents of King County, Washington who own land adjacent to the former railroad easement acquired by the Port in 2009.  Paul and Christine Fergens' property, Parcel Number 6828700010, located at 5483 Pleasure Point Lane SE, was acquired on August 2, 2004 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act. (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 13).

23.     Plaintiff Kevin Iden is a resident of King County, Washington who owns land adjacent to the former railroad easement acquired by the Port in 2009. Kevin Iden's property, Parcel Number 3343302870, located at 5121 Ripley Lane N, was acquired on January 5, 2004 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act. (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 14).

24.     Plaintiffs Tom and Karen Easton are husband and wife. The Eastons are residents of King County, Washington who own land adjacent to the former railroad easement acquired by the Port in 2009. Tom and Karen Eastons' property, Parcel Number 3342700355, located at 3601 Lake Washington Blvd, N, was acquired on March 13, 2012 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act. (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 15).

25.     Plaintiffs Paul and Karyn Pasquier are husband and wife. The Pasquiers are residents of King County, Washington who own land adjacent to

SECOND AMENDED COMPLAINT TO QUIET TITLE
AND FOR DECLARATORY RELIEF- PAGE 12

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110  Fax (425)455-1626

the former railroad easement acquired by the Port in 2009.  Paul and Karyn Pasquiers' property, Parcel Number 3342700250, located at 3709 Lake Washington Blvd, N, was acquired on April 25, 2007 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 16).

26.     Plaintiff John Houtz is a resident of King County, Washington who owns land adjacent to the former railroad easement acquired by the Port in 2009.  John Houtz's property, Parcel Number 3343302510, located at 6809 Ripley Lane, SE, was acquired on November 13, 1989 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 17).

27.     Plaintiffs Terence and Kari Block are husband and wife.  The Blocks are residents of King County, Washington who own land adjacent to the former railroad easement acquired by the Port in 2009.  Terence and Kari Blocks' property, Parcel Number 3343301980, located at 6027 Hazelwood Lane SE, was acquired on May 29, 2003 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation

SECOND AMENDED COMPLAINT TO QUIET TITLE
AND FOR DECLARATORY RELIEF- PAGE 13

pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 18).

28.     Plaintiff's Larry and Susan Kolesar are residents of King County, Washington who owns land adjacent to the former railroad easement acquired by the Port in 2009.  Larry and Susan Kolesars' property, Parcel Number 3629160010, located at 1030 N. 38th St., was acquired on May 29, 1988 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 19).

29.     Plaintiffs John and Rebecca Laughlin are husband and wife.  The Laughlins are residents of King County, Washington who own land adjacent to the former railroad easement acquired by the Port in 2009.  John and Rebecca Laughlins' property, Parcel Number 4134300277, located at 11221 SE 50th Place, was acquired on June 21, 2010, and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 20).

30.     Plaintiffs Jeffrey and Tami Riley are husband and wife.  The Rileys are residents of King County, Washington who own land adjacent to the

SECOND AMENDED COMPLAINT TO QUIET TITLE AND FOR DECLARATORY RELIEF- PAGE 14

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

former railroad easement acquired by the Port in 2009.   Jeffrey and Tami Rileys' property, Parcel Number 3342700125, located at 3821 Lake Washington Blvd. N, was acquired on October 17, 2012, and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 21).

31.    Plaintiff Nancy Manz is a resident of King County, Washington who owns land adjacent to the former railroad easement acquired by the Port in 2009.  Nancy Manz's property, Parcel Number 3343302720, located at 7009 Ripley Lane SE, was acquired on February 20, 1962 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 22).

32.    Plaintiffs Donald and Patricia Dana are husband and wife.  The Danas are residents of King County, Washington who own land adjacent to the former railroad easement acquired by the Port in 2009.  Donald and Patricia Danas' property, Parcel Numbers 3343302830 and 3343302831, located at 5219 Ripley Lane, were acquired on December 21, 2000, and May 24, 2004 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 23).

33.    Plaintiff Christie Mueller is a resident of King County, Washington who owns land adjacent to the former railroad easement acquired by the Port in 2009.  Christie Mueller's property, Parcel Number 3343302670, located at 6841 Ripley Lane N, was acquired on April 13, 1994, and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 24).

34.    Plaintiff Denise Harris is a resident of King County, Washington who owns land adjacent to the former railroad easement acquired by the Port in 2009.  Denise Harris's property, Parcel Number 6828100070, located at 5641 Pleasure Point Lane., was acquired on February 17, 2006 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 25).

35.    Plaintiff Walter Moore is a resident of King County, Washington who owns land adjacent to the former railroad easement acquired by the Port in 2009.  Walter Moore's property, Parcel Numbers 3343302876 and

SECOND AMENDED COMPLAINT TO QUIET TITLE
AND FOR DECLARATORY RELIEF- PAGE 16

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

3343302874, located at 5115 Ripley Lane N, were acquired on July 29, 1999 and November 19, 1999 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 26).

36.    Plaintiffs Tom and Kathy Dahlby are husband and wife.  The Dahlbys are residents of King County, Washington who own land adjacent to the former railroad easement acquired by the Port in 2009.  Tom and Kathy Dahlbys' property, Parcel Numbers 3342103795 and 3342103805, located at 3217 Mountain View Avenue, N, and 3213 Mountain Avenue, N, were acquired on August 24, 2004 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 27).

37.    Plaintiffs Harry Dursch and Kirsten Lemke are husband and wife.  Harry Dursch and Kirsten Lemke are residents of King County, Washington who own land adjacent to the former railroad easement acquired by the Port in 2009.    Harry   Dursch   and   Kirsten   Lemke's   property,   Parcel   Number 6828700025, located at 5459 Pleasure Point Lane, was acquired on December 22, 1992, and includes the fee title to all that property to the centerline of the

SECOND AMENDED COMPLAINT TO QUIET TITLE AND FOR DECLARATORY RELIEF- PAGE 17

abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act. (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 28).

38.     Plaintiff Richard Vaughn is a resident of King County, Washington who owns land adjacent to the former railroad easement acquired by the Port in 2009. Richard Vaughn's property, Parcel Number 3343302862, located at 5137 Ripley Lane N., was acquired on November 14, 2007 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act. (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 29).

39.     Plaintiffs Richard S. and Lois Howell are husband and wife. The Howells are residents of King County, Washington who own land adjacent to the former railroad easement acquired by the Port in 2009. Richard Scott and Lois Howells' property, Parcel Number 3342104009, located at 2827 Mountain View Avenue N., was acquired on July 20, 2011, and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act. (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 30).

SECOND AMENDED COMPLAINT TO QUIET TITLE AND FOR DECLARATORY RELIEF- PAGE 18

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

40.     Plaintiffs Donald and Patricia Lockner are husband and wife.  The Lockners are residents of King County, Washington who own land adjacent to the former railroad easement acquired by the Port in 2009.  Donald and Patricia Lockners' property, Parcel Number 3343301880, located at 6005 Hazelwood Lane, SE, was acquired on March 21, 1994, and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 31).

41.     Plaintiff Marjorie Grundhaus is a resident of King County, Washington who owns land adjacent to the former railroad easement acquired by the Port in 2009.   Marjorie Grundhaus's property, Parcel Number 3343302690, located at 7001 Ripley Lane SE., was acquired on December 21, 2006 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 32).

42.     Plaintiffs William and Debra Keppler are husband and wife.  The Kepplers are residents of King County, Washington who own land adjacent to the former railroad easement acquired by the Port in 2009.  William and Debra Kepplers' property, Parcel Number 3342104045, located at 2805 Mountain

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

View Avenue, N., was acquired on January 6, 1997, and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 33).

43.    Plaintiffs Curtis and Julie Dickerson are husband and wife.  The Dickersons are residents of King County, Washington who own land adjacent to the former railroad easement acquired by the Port in 2009.  Curtis and Julie Dickersons' property, Parcel Number 4134300045, located at 4865 Lakehurst Lane, SE, was acquired on July 26, 2007, and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 34).

44.    Plaintiffs Gregory and Patricia Lasek are husband and wife.  The Laseks are residents of King County, Washington who own land adjacent to the former railroad easement acquired by the Port in 2009.  Gregory and Patricia Laseks' property, Parcel Number 6828700060, located at 5421 Pleasure Point Lane SE, was acquired on September 24, 1974, and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation

SECOND AMENDED COMPLAINT TO QUIET TITLE
AND FOR DECLARATORY RELIEF- PAGE 20

pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 35).

45.     Plaintiffs Yongtao Chen and Qin Li are husband and wife. Yongtao Chen and Qin Li are residents of King County, Washington who own land adjacent to the former railroad easement acquired by the Port in 2009. Yongtao and Qin Li's property, Parcel Number 3343301950, located at 6023 Hazelwood Lane, was acquired on April 2, 2013 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 36).

46.     Plaintiffs Robert and Alison Taylor are husband and wife.  The Taylors are residents of King County, Washington who own land adjacent to the former railroad easement acquired by the Port in 2009.  Robert and Alison Taylors' property, Parcel Number 3342700149, located at 3811 Lake Washington Blvd., N., was acquired on October 12, 2000 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 37).

47.     Plaintiff Edmund Jones is a resident of King County, Washington who owns land adjacent to the former railroad easement acquired by the Port in

SECOND AMENDED COMPLAINT TO QUIET TITLE
AND FOR DECLARATORY RELIEF- PAGE 21

2009.  Edmund Jones's property, Parcel Number 2024059046, located at 5615 Pleasure Point Lane., was acquired on September 22, 1997 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 38).

48.     Plaintiffs Donald Miller and Susan Miner are husband and wife. Donald Miller and Susan Miner are residents of King County, Washington who own land adjacent to the former railroad easement acquired by the Port in 2009.  Donald Miller and Susan Miners' property, Parcel Number 4134300241, located at 5205 Lakehurst Lane, was acquired on August 25, 1992 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 39).

49.     Plaintiffs Ronald and Carol Jones are husband and wife.  The Joneses are residents of King County, Washington who own land adjacent to the former railroad easement acquired by the Port in 2009.  Ronald and Carol Jones' property, Parcel Number 3343302500, located at 6801 Ripley Lane, was acquired on September 11, 2009 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

1
2
3

for an interim trail and possible future railroad reactivation pursuant to the Trails Act. (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 40).

4
5
6
7
8
9
10
11
12
13

50.    Plaintiffs Steve and Sherri Smolinske are husband and wife. The Smolinskes are residents of King County, Washington who own land adjacent to the former railroad easement acquired by the Port in 2009. Steve and Sherri Smolinskes' property, Parcel Number 2024059045, located at 5603 Pleasure Point Lane SE, was acquired on May 24, 2001 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act. (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 41).

14
15
16
17
18
19
20
21
22
23

51.    Plaintiff Joseph Ioppolo is a resident of King County, Washington who owns land adjacent to the former railroad easement acquired by the Port in 2009. Joseph Ioppolo's property, Parcel Number 3343302850, located at 5201 Ripley Lane N., was acquired on December 1, 1995 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act. (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 42).

24
25

52.    Plaintiffs Richard and Lynn Kaner are husband and wife. The Kaners are residents of King County, Washington who own land adjacent to the

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

former railroad easement acquired by the Port in 2009.  Richard and Lynn Kaners' property, Parcel Number 3343301970, located at 6025 Hazelwood Lane, was acquired on October 10, 2012 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 43).

53.    Plaintiffs Bradley & Gregory Elfers as Trustees of the 1994 Richard H. Elfers  Trust are residents of King County, Washington who own land adjacent to the former railroad easement acquired by the Port in 2009. The Elfers' property, Parcel Number 3343302570, located at 6823 Ripley Lane SE, was acquired on November 29, 2002 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 44).

54.    Plaintiff Paul Remington is a resident of King County, Washington who owns land adjacent to the former railroad easement acquired by the Port in 2009.  Paul Remington's property, Parcel Number 3343302000, located at 6033 Hazelwood Lane, was acquired on April 14, 1998 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad

SECOND AMENDED COMPLAINT TO QUIET TITLE
AND FOR DECLARATORY RELIEF- PAGE 24

1
2

reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 45).

3
4
5
6
7
8
9
10
11
12

55.     Plaintiff John Burroughs is a resident of King County, Washington who owns land adjacent to the former railroad easement acquired by the Port in 2009.  John Burroughs' property, Parcel Number 33421040, located at 2815 Mountain View Avenue, N., was acquired on December 3, 2001 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 46).

13
14
15
16
17
18
19
20
21
22
23

56.     Plaintiffs Bruce and Mary Erikson are husband and wife.  The Eriksons are residents of King County, Washington who own land adjacent to the former railroad easement acquired by the Port in 2009.  Bruce and Mary Eriksons' property, Parcel Number 3342700126, located at 3815 Lake Washington Blvd. N., was acquired on November 5, 1998 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 47).

24
25

57.     Plaintiffs Timothy and Virginia Riley are husband and wife.  The Rileys are residents of King County, Washington who own land adjacent to the

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

former railroad easement acquired by the Port in 2009.  Timothy and Virginia Rileys' property, Parcel Number 3342700320, located at 3607 Lake Washington Blvd., N., was acquired on August 27, 2003 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 48).

58.     Plaintiffs James and Kelly Sather are husband and wife.  The Sathers are residents of King County, Washington who own land adjacent to the former railroad easement acquired by the Port in 2009.  James and Kelly Sathers' property, Parcel Number 4134300220, located at 5075 Lakehurst Lane, SE, was acquired on May 16, 2001 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 49).

59.     Plaintiff Julian Limited Partnership, c/o Dean & Bryan Johnson is a partnership in King County, Washington and owns land adjacent to the former railroad easement acquired by the Port in 2009.  Julian Limited Partnership's property, Parcel Number 6828100045, located at 5819 Pleasure Point Lane, SE, was acquired on May 7, 1993 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.   (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 50).

60.    Plaintiffs Steven and Kristen Brace are husband and wife.  The Braces are residents of King County, Washington who own land adjacent to the former railroad easement acquired by the Port in 2009.  Steven and Kristen Braces' property, Parcel Number 6828100085, located at 5659 Pleasure Point Lane, SE, was acquired on August 30, 2004 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 51).

61.    Plaintiffs Charles and Courtni Billow are husband and wife.  The Billows are residents of King County, Washington who own land adjacent to the former railroad easement acquired by the Port in 2009.  Charles and Courtni Billows' property, Parcel Number 6828700095, located at 5233 Pleasure Point Lane, SE, was acquired on September 29, 1999 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 52).

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

62.     Plaintiff Harold A. Bruce is a resident of King County, Washington who owns land adjacent to the former railroad easement acquired by the Port in 2009.  Harold Bruce's property, Parcel Number 3343302475, located at 6631 Ripley Lane N, was acquired on July 31, 1969 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 53).

63.     Plaintiffs Pierre & Cristi Thiry are husband and wife.  The Thirys are residents of King County, Washington who own land adjacent to the former railroad easement acquired by the Port in 2009.  Pierre & Cristi Thirys' property, Parcel Number 3343302420, located at 6619 Ripley Lane N, was acquired on October 3, 1980 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 54).

64.     Plaintiff Michael Franceshina is a resident of King County, Washington who owns land adjacent to the former railroad easement acquired by the Port in 2009.   Michael Franceshina's property, Parcel Number 3343302390, located at 6615 Ripley Lane N., was acquired on June 13, 2011 and includes the fee title to all that property to the centerline of the abandoned

SECOND AMENDED COMPLAINT TO QUIET TITLE
AND FOR DECLARATORY RELIEF- PAGE 28

right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 55).

65.   Plaintiffs Michael and Gina Oldham are husband and wife.  The Oldhams are residents of King County, Washington who own land adjacent to the former railroad easement acquired by the Port in 2009.  Michael and Gina Oldhams' property, Parcel Number 3343302010, located at 6039 Hazelwood, was acquired on March 25, 2002 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 56).

66.   Plaintiffs Stephen and Nancy Porter are husband and wife.  The Porters are residents of King County, Washington who owns land adjacent to the former railroad easement acquired by the Port in 2009.  Stephen and Nancy Porters' property, Parcel Number 3342103840, located at 3205 Mountain View Ave. N., was acquired on April 20, 1999 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 57).

SECOND AMENDED COMPLAINT TO QUIET TITLE
AND FOR DECLARATORY RELIEF- PAGE 29

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

67.    Plaintiffs Robert and Janis Laris are husband and wife.   The Laris's are residents of King County, Washington who own land adjacent to the former railroad easement acquired by the Port in 2009.  Robert and Janis Laris' property, Parcel Number 3343302480, located at 6637 Ripley Lane, was acquired on December 15, 1993 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 58).

68.    Plaintiffs Michael and Elana Russell are husband and wife.   The Russells are residents of King County, Washington who own land adjacent to the former railroad easement acquired by the Port in 2009.  Michael and Elana Russells' property, Parcel Number 4134300230, located at 5081 Lakehurst Lane, was acquired on April 28, 1994 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 59).

69.    Plaintiff Uma Shenoy is a resident of King County, Washington who owns land adjacent to the former railroad easement acquired by the Port in 2009.  Uma Shenoy's property, Parcel Number 3343301890, located at 6007 Hazelwood Lane, was acquired on August 14, 2007 and includes the fee title to

SECOND AMENDED COMPLAINT TO QUIET TITLE
AND FOR DECLARATORY RELIEF- PAGE 30

all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 60).

70.     Plaintiffs Larry and Susan Peterson are husband and wife.  The Petersons are residents of King County, Washington who own land adjacent to the former railroad easement acquired by the Port in 2009.  Lawrence and Susan Peterson's property, Parcel Number 3343302060, located at 6220 Hazelwood Lane, was acquired on June 9, 1971 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 61).

71.     Plaintiffs Joseph and Kirstin Peterson are husband and wife.  The Petersons are residents of King County, Washington who own land adjacent to the former railroad easement acquired by the Port in 2009.  Joseph and Kirstin Peterson's property, Parcel Number 6828100010, located at 5859 Pleasure Point Lane, was acquired on July 5, 2001 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 62).

SECOND AMENDED COMPLAINT TO QUIET TITLE AND FOR DECLARATORY RELIEF- PAGE 31

72.     Plaintiffs John Patrick Heily and Sunday Kyrkos are husband and wife.  John Heily and Sunday Kyrkos are residents of King County, Washington who own land adjacent to the former railroad easement acquired by the Port in 2009.  John Heily and Sunday Kyrkos' property, Parcel Number 3342104050, located at 2727 Mountain View Ave. N., was acquired on September 21, 2011 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 63).

73.     Plaintiffs Paul and Tracy Gibbons are husband and wife.  The Gibbons are residents of King County, Washington who own land adjacent to the former railroad easement acquired by the Port in 2009.  Paul and Tracy Gibbons' property, Parcel Number 2024059074, located at 5625 Pleasure Point Lane, was acquired on July 14, 2005 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 64).

74.     Plaintiffs Dayton and Marilynn Dennison are husband and wife. The Dennisons are residents of King County, Washington who own land adjacent to the former railroad easement acquired by the Port in 2009.  Dayton

SECOND AMENDED COMPLAINT TO QUIET TITLE
AND FOR DECLARATORY RELIEF- PAGE 32

and Marilynn Dennison's property, Parcel Number 3342700200, located at 3717 Lake Washington Blvd. N., was acquired on August 31, 1982 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 65).

75.    Plaintiff Gregory Nick is a resident of King County, Washington who owns land adjacent to the former railroad easement acquired by the Port in 2009.  Gregory Nick's property, Parcel Number 3343301920, located at 6015 Hazelwood Lane SE, was acquired on January 11, 2006 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 66).

76.    Plaintiff Diversity Assets, LLC is a corporation of King County, Washington who owns land adjacent to the former railroad easement acquired by the Port in 2009.   Diversity Assets, LLC's property, Parcel Number 3343302875, located at 5031 Ripley Lane N. was acquired on October 23, 2007 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of

SECOND AMENDED COMPLAINT TO QUIET TITLE AND FOR DECLARATORY RELIEF- PAGE 33

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

the current deed evidencing ownership of the above-described property is attached as Exhibit 67).

77.     Plaintiff James Johnson is a resident of King County, Washington who owns land adjacent to the former railroad easement acquired by the Port in 2009.  James Johnson's property, Parcel Number 6828100040, located at 5831 Pleasure Point Lane was acquired on May 9, 2006 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 68).

78.     Plaintiffs David Williamson and Kristi Sunderland are husband and wife.  David Williamson and Kristi Sunderland are residents of King County, Washington who own land adjacent to the former railroad easement acquired by the Port in 2009.  David Williamson and Kristi Sunderland's property, Parcel Number 3342700211, located at 3715 Lake Washington Blvd. N., was acquired on October 17, 2013 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 69).

79.     Plaintiff Claudia Mansfield is a resident of King County, Washington who owns land adjacent to the former railroad easement acquired

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

by the Port in 2009.  Claudia Mansfield's property, Parcel Number 6828100035, located at 5837 Pleasure Point Ln. was acquired on July 25, 1988 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 70).

80.     Plaintiffs Kevin and Rebecca Lindahl are husband and wife.  The Lindahls are residents of King County, Washington who own land adjacent to the former railroad easement acquired by the Port in 2009.  Kevin and Rebecca Lindahl's property, Parcel Number 3342700190, located at 3719 Lake Washington Blvd. N., was acquired on August 27, 1997 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 71).

81.     Plaintiff Kevin Tran is a resident of King County, Washington who owns land adjacent to the former railroad easement acquired by the Port in 2009.  Kevin Tran's property, Parcel Number 3343301910, located at 6011 Hazelwood Ln. SE, was acquired on October 7, 2004 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad

SECOND AMENDED COMPLAINT TO QUIET TITLE AND FOR DECLARATORY RELIEF- PAGE 35

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 72).

82.     Plaintiff Jeanne DeMund is a resident of King County, Washington who owns land adjacent to the former railroad easement acquired by the Port in 2009.   Jeanne DeMund's property, Parcel Number 3342104029, located at 2811 Mountain View Ave. N, was acquired on May 20, 2009 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 73).

83.     Plaintiffs Kathy Haggart, a resident of King County, and Dawn Lawson, a resident of Pierce County, Washington, own land adjacent to the former railroad easement acquired by the Port in 2009.  Kathy Haggart and Dawn Lawson's property, Parcel Number 3343302550, located at 6819 Ripley Lane SE, was acquired on March 16, 2012 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 74).

84.     Plaintiff Marlene Winter, a resident of King County Washington, owns land adjacent to the former railroad easement acquired by the Port in 2009.  Marlene Winter's property, Parcel Number 3342104048, located at 2731

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

Mountain View Ave., N., was acquired on April 10, 1981 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 75).

85.      Plaintiffs Jie Ao and Xin Zhou are husband and wife.  Jie Ao and Xin Zhou are residents of King County Washington who own land adjacent to the former railroad easement acquired by the Port in 2009.  Jie Ao and Xin Zhou's property, Parcel Number 3343302140, located at 6333 Hazelwood Lane, was acquired on November 6, 2008 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 76).

86.      Plaintiffs David and April Humphrey are husband and wife.  David and April Humphrey are residents of King County, Washington who own land adjacent to the former railroad easement acquired by the Port in 2009.  David and April Humphrey's property, Parcel Number 3342103810, located at 3209 Mountain View Ave. N., was acquired on March 11, 2013 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

1
2

reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 77).

3
4
5
6
7
8
9
10
11
12

87.     Plaintiff James Tasca, a resident of King County Washington, owns land adjacent to the former railroad easement acquired by the Port in 2009.  James Tasca's property, Parcel Number 3342700100, located at 3827 Lake Washington Blvd. N., was acquired on September 2, 2003 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 78).

13
14
15
16
17
18
19
20
21
22
23

88.     Plaintiffs Michael and Amanda Chan are husband and wife. Michael and Amanda Chan are residents of King County Washington who, own land adjacent to the former railroad easement acquired by the Port in 2009. Michael and Amanda Chan's property, Parcel Number 6828700035, located at 5455 Pleasure Point Ln., was acquired on March 16, 2004 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 79).

24
25

89.     Plaintiff Gary Weil, a resident of King County Washington, owns land adjacent to the former railroad easement acquired by the Port in 2009.

SECOND AMENDED COMPLAINT TO QUIET TITLE
AND FOR DECLARATORY RELIEF- PAGE 38

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

1
2
3
4
5
6

Gary Weil's property, Parcel Number 3342700230, located at 3711 Lake Washington Blvd. N., was acquired on February 2, 2007 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act. (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 80).

7
8
9
10
11
12
13
14
15
16
17

90.     Plaintiffs Dale and Marla Mitchell are husband and wife. Dale and Marla Mitchell are residents of King County Washington who, own land adjacent to the former railroad easement acquired by the Port in 2009. Dale and Marla Mitchell's property, Parcel Number 6828700026, located at 5465 Pleasure Point Ln., was acquired on August 20, 2011 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act. (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 81).

18
19
20
21
22
23
24
25

91.     Plaintiffs Frederick and Susan Miller are husband and wife. Frederick and Susan Miller are residents of King County, Washington who own land adjacent to the former railroad easement acquired by the Port in 2009. Frederick and Susan Miller's property, Parcel Number 682810030, located at 5841 Pleasure Point Ln., was acquired on August 1, 2007 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad

SECOND AMENDED COMPLAINT TO QUIET TITLE
AND FOR DECLARATORY RELIEF- PAGE 39

reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above -described property is attached as Exhibit 82).

92.    Plaintiff Frederick A. Crosetto, a resident of King County, Washington, owns land adjacent to the former railroad easement acquired by the Port in 2009.    Frederick A. Crosetto's property, Parcel Number 3343302880, located at 5025 Ripley Lane, was acquired on September 7, 2007 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 83).

93.    Plaintiff Pamela Hunt, a resident of King County, Washington, owns land adjacent to the former railroad easement acquired by the Port in 2009.  Pamela Hunt's property, Parcel Number 6828100005, located at 5855 Pleasure Point Lane, was acquired on July 2, 2007 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 84).

94.    Plaintiff Gretchen Chambers, a resident of King County, Washington, owns land adjacent to the former railroad easement acquired by the Port in 2009.  Gretchen Chamber's property, Parcel Number 4134300175,

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

located at 5065 Lakehurst Lane, was acquired on March 7, 2003 and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for an interim trail and possible future railroad reactivation pursuant to the Trails Act.  (A copy of the current deed evidencing ownership of the above-described property is attached as Exhibit 85).

## JURISDICTION AND VENUE

95.    This Court has jurisdiction pursuant to the Revised Code of Washington § 7.28.010 *et seq* and 7.24.010 *et seq.* because the Defendants have clouded the title to Plaintiffs' property.  The Defendants only obtained an easement for trail use over the surface of Plaintiffs' property by and through implementation of the Trails Act.  This action presents a claim arising under the laws of the United States as well as the laws of Washington.

96.    Pursuant to the Revised Code of Washington § 4.12.10, venue is proper because (1) Defendants reside in King County; (2) a substantial part of the events or omissions giving rise to the claims occurred in King County; and (3) all of the property that is the subject of this action is situated in King County.

## FACTS PERTINENT TO ALL CAUSES FOR RELIEF

97.    In the late 1800s, the Northern Pacific and Puget Sound Shore Railroad Company acquired land to construct their railroad right-of-way along Lake Washington.

SECOND AMENDED COMPLAINT TO QUIET TITLE AND FOR DECLARATORY RELIEF- PAGE 41

98.     The Port performed title work concerning the railroad's original acquisition of land for the railroad's right-of-way in conjunction with the Port's utilization of the Trails Act and determined that the original right-of-way was obtained through Plaintiffs' land by the use of two deeds and one condemnation: (1) the Lake Washington Belt Line Co. deed, recording instrument number 102518; (2) the Kittinger deed, recording instrument number 269500; and/or (3) the State of Washington condemnation, recording instrument number 40536.

99.     In addition to the title work already performed by the Port, these three original conveyances to the railroad have already been analyzed and determined to convey mere easements for railroad purposes by Judge Charles F. Lettow of the United States Court of Federal Claims in *Haggart v. United States*, 108 Fed. Cl. 70 (Fed. Cl. 2012).  Judge Lettow's Opinion and Order, rendered on December 18, 2012, concluded that all three conveyances were conveyances of easements to the railroad for their railroad purposes only and that the easement currently on Plaintiffs' land is a surface easement for recreational trail use with the potential reactivation of a railroad.

100.    The Northern Pacific and Puget Sound Shore Railroad Company changed names and ownership on several occasions over many decades. After many changes in ownership and acquisition of the line from previous railroads, the Burlington Northern Sante Fe Railroad ("BNSF") became the rail

SECOND AMENDED COMPLAINT TO QUIET TITLE
AND FOR DECLARATORY RELIEF- PAGE 42

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

operator.  BNSF operated the railroad line over the railroad corridor for a time and ultimately stopped using the right-of-way for the operation of a railroad.

101.   The Trails Act authorizes the Surface Transportation Board ("STB"), the governmental entity responsible for regulating railroads and their common carrier obligations, to "preserve for possible future railroad use rights-of-way not currently in service and to allow interim use of the land as recreational trails."

102.   Congress enacted the Trails Act to address the national problem of railroad abandonments and the loss of the national network of rights-of-way. The Trails Act authorizes the STB to preserve railroad corridors or rights-of-way not currently in use for train service for possible future rail use by converting those rights-of-way into recreational trails.  In essence, the Trails Act allows a railroad to relinquish responsibility for a rail line by transferring the corridor to an entity that will use it as a recreational trail.  Although the corridor is not used as a railroad during the period of interim trail use, it remains intact for potential future use for rail service.  This process is called "railbanking."

103.   Pursuant to the Trails Act, before a railroad corridor may be converted into a recreational trail, the railroad must either initiate abandonment proceedings with the STB under 49 U.S.C. § 10903 or seek an exemption from the ordinary abandonment procedures under 49 U.S.C. § 10502.  Under either procedure, abandonment of the rail line and right-of-way will not be approved

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

by the STB if a qualified trail provider submits to the STB a request to use the right-of-way as a recreational trail.

104.   If the trail provider submits a statement of willingness to assume financial and legal responsibility to the STB and the railroad, the STB will issue a Notice of Interim Trail Use or Abandonment (hereinafter "NITU") which preserves the STB's jurisdiction over the rail corridor while the parties negotiate an Interim Trail Use Agreement.  49 C.F.R. § 1152.29(c).

105.   The NITU preserves the STB's jurisdiction over the rail corridor, allows the railroad to discontinue operations and remove track and equipment, and affords the railroad and the trail provider 180 days to negotiate a railbanking and Trails Use Agreement.   During this period, the railroad will negotiate an agreement for the transfer of the corridor to the trail operator.

106.   If an agreement is ultimately reached, the NITU automatically authorizes the interim trail use.  If the STB takes no further action, the trail sponsor then may assume management of the right-of-way, subject only to the right of the railroad to reassert control of the property for restoration of rail service.  If an agreement is not reached, the railroad will be allowed to abandon the line, at which time the STB's jurisdiction over the right-of-way terminates and the fee ownership in the rail corridor returns to the adjacent landowners.

107.   On August 11, 2008, BNSF filed a Petition for Exemption to abandon the line with the STB.  On September 18, 2008, King County filed a request for Issuance of Notice of Interim Trail Use/Railbanking.  The request for

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

a NITU from the STB was filed pursuant to the Trails Act and is attached as Exhibit A.

108.    The STB issued three NITUs for the abandoned railroad corridor on October 27, 2008 and November 28, 2008 pursuant to the Trails Act.  The NITU issued by the STB applicable to Plaintiffs' land is attached as Exhibit B.

109.    On May 12, 2008, BNSF and the Port, along with King County, entered into a Purchase and Sale Agreement, whereby BNSF sold the "North Rail Line," defined as that portion of the abandoned right-of-way north of milepost 28.8 in Woodinville to milepost 38.4 in Snohomish County, to the Port for $106,903,000.  BNSF made no representations or warranties concerning title to the North Rail Line and specifically stated that the "Port and County acknowledge and affirm that BNSF may not hold fee simple title to the Property, that BNSF's interest in all or part of the Property, if any, may rise only to the level of an easement for railroad purposes" and that the "Port and County are willing to accept the Property on that basis."  The "South Rail Line," which is at issue in this case, was the subject of a separate agreement entered into on the same day.   The Purchase and Sale Agreement for the North Rail Line is attached as Exhibit C.

110.    On the same day as the Purchase and Sale Agreement, May 12, 2008, BNSF, the Port, and King County entered into a Donation Agreement whereby BNSF "donated" the "South Rail Line" portion of the right-of-way to the Port and King County.   The South Rail Line was defined as the "real and

SECOND AMENDED COMPLAINT TO QUIET TITLE
AND FOR DECLARATORY RELIEF- PAGE 45

1
2
3
4
5
6
7
8
9

personal property comprising the Woodinville Subdivision from milepost 23.45 in Woodinville south to milepost 5.0 in Renton," which encompasses Plaintiffs' property at issue in this case.  BNSF made no representations or warranties concerning title and specifically stated that the "Port and County acknowledge and affirm that BNSF may not hold fee simple title to the Property, that BNSF's interest in all or part of the Property, if any, may rise only to the level of an easement for railroad purposes" and that "Port and County are willing to accept the Property on this basis."  The Donation Agreement is attached as Exhibit D.

10
11
12
13
14
15

111.   In November of 2009, the Port, King County, and PSE, along with Sound Transit, the City of Redmond and the Cascade Water Alliance, entered into a Memorandum of Understanding to work together to obtain and secure property rights in the abandoned railroad corridor in support of transportation, recreation, and utility uses.  The Memorandum is attached as Exhibit E.

16
17
18
19
20

112.   The Memorandum of Understanding provides that it was the express purpose of Sound Transit, King County, and Redmond, that the abandoned railroad corridor be "developed and operated to ensure that it is available for the dual purpose of recreational trail and public transportation use."

21
22
23
24
25

113.   On December 18, 2009, pursuant to the Purchase and Sale Agreement for the North Rail Line and the Donation Agreement for the South Rail Line, BNSF executed two Quit Claim Deeds to the Port.  BNSF, as grantor, in consideration of ten dollars, quit claimed their interest in the South Rail Line,

SECOND AMENDED COMPLAINT TO QUIET TITLE
AND FOR DECLARATORY RELIEF- PAGE 46

which was an easement for railroad purposes on the surface of Plaintiffs' property, to the Port, as grantee.  The Quit Claim Deed from BNSF to the Port for the South Rail Line is attached as Exhibit F.

114.    Pursuant to the Trails Act and its implementing regulations, King County entered into an interim Trail Use Agreement with BNSF on February 5, 2010 to railbank the railroad corridor from Woodinville to Renton as well as the Redmond Spur from Woodinville to Redmond, subject to reactivation for the resumption of interstate freight service.   The interim Trail Use Agreement designated King County as the interim trail user for railbanking purposes.  The Trail Use Agreement is attached as Exhibit G.

115.    The Port, through the Quit Claim Deed from BNSF, and pursuant to the Trails Act, acquired BNSF's easement for railroad purposes over the surface of the right-of-way, which pursuant to the Trails Act, is now an easement for a hiking and biking trail with the possible reactivation of a railroad. The Port, then, pursuant to agreements with King County and other city entities, assigned some of the surface rights in the railroad corridor to King County or other city entities and then improperly and illegally attempted to usurp the landowners' fee interests in the aerial rights and improperly and illegally retained all rights to negotiate agreements with other utilities for the use of the right-of-way, including subsurface and aerial rights, which the Port had no rights to, and claimed all revenues derived from any such agreements.

SECOND AMENDED COMPLAINT TO QUIET TITLE
AND FOR DECLARATORY RELIEF- PAGE 47

116.   After purportedly acquiring BNSF's right, title and interest in the railroad corridor, the Port granted nonexclusive perpetual easements to PSE over, under, along, across and through the former railroad right-of-way.   The purported easement includes aerial and subsurface rights and PSE intends to utilize the Plaintiffs' subsurface rights and aerial rights in the right-of-way pursuant to PSE's "Easement Agreements" to place and maintain overhead and underground facilities and equipment.   The Port purportedly reserved the right to sell Plaintiffs' aerial or subsurface rights to other utilities.   The easement between the Port and PSE is attached as Exhibit H.   In pertinent part, the Easement Agreement provides:

1.   **Purpose.**   Grantee shall have the right to use and enjoy the Easement Area for the following purposes:

a) To construct, operate, maintain, repair, replace, improve, remove, enlarge, and use the Easement Area for one or more utility systems for purposes of transmission, distribution and sale of electricity.   Such systems may include, but are not limited to:

i.   **Overhead facilities.**  Poles, towers and other support structures with crossarms, braces, guys and anchors; electric transmission and distribution lines; fiber optic cable and other lines, cables and facilities for communications; transformers, street lights, meters, fixtures, attachments and any and all other facilities or appurtenances necessary or convenient to any or all of the foregoing; and

ii.   **Underground facilities.**   Conduits, lines, cables, vaults, switches and transformers for electricity; fiber optic cable and other lines, cables and facilities for communications; semi-buried or ground-mounted facilities and pads, manholes, meters, fixtures, attachments and any and all other facilities or appurtenances necessary or convenient to any or all of the foregoing.

SECOND AMENDED COMPLAINT TO QUIET TITLE
AND FOR DECLARATORY RELIEF- PAGE 48

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

b) To construct, operate, maintain, repair, replace, improve, remove, enlarge, and use the Easement Area for Grantee's utility systems for purposes of transmission, distribution and sale of gas ("Gas Facilities").  Such Gas Facilities may include, but are not limited to underground facilities such as pipes, pipelines, mains, laterals, conduits, regulators and feeders for gas; semi-buried or ground-mounted facilities and pads, manholes, meters, fixtures, attachments and any and all other facilities or appurtenances necessary or convenient to any or all of Grantee's Gas Facilities.

117.  After purportedly acquiring BNSF's right, title and interest in the railroad corridor, the Port also granted a purported perpetual High Capacity Transportation Easement to Sound Transit on April 11, 2012.  The purported High Capacity Transportation Easement includes "the right to own or operate a High Capacity Transit System…, a perpetual non-exclusive easement…, in, on, under, over, along, across and through the Property for high capacity transportation purposes, including the installation, construction, use, operation, inspection, maintenance, repair, replacement, enhancement, expansion, improvement or removal of one or more High Capacity Transit Facilities… and for all purposes necessary, desirable or reasonably related to the development, construction or operation of a High Capacity Transit System, including placement of utilities…"  The Port made no warranty of title as to the Property or Easement Agreement and specifically advised Sound Transit that the Port "may not hold fee simple title to the Property and that the Port's interest in all or part of the Property, if any, may rise only to the level of an easement for

SECOND AMENDED COMPLAINT TO QUIET TITLE AND FOR DECLARATORY RELIEF- PAGE 49

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

railroad purposes."  The High Capacity Transportation Easement Agreement is attached as Exhibit L.

118.   On December 11, 2012, King County adopted Ordinance No. 17503, which purportedly authorized the purchase of approximately 15 miles of the railroad corridor from the Port.  Ordinance No. 17503 sets forth the series of transactions whereby the right-of-way was acquired pursuant to the Trails Act, references the Memorandum of Understanding executed in 2009, mentions its cooperation with Sound Transit, states that King County will explore a variety of options to fund the acquisition and development of portions of the right-of-way to advance its trail, transportation, and utility system objectives, and authorizes the King County executive to execute a purchase and sale agreement with a purchase price of up to $15,800,000.  Ordinance No. 17503 is attached as Exhibit I.

119.   Pursuant to Ordinance No. 17503, the Port and King County executed a Real Estate Purchase and Sale Agreement.   King County purportedly "acquired" portions of the abandoned railroad corridor between Woodinville and Renton for $15,000,000.  The property purportedly acquired by King County pursuant to the Real Estate Purchase and Sale Agreement was conveyed by the Port to King County with no representations or warranties of title of any kind or character and King County specifically "acknowledges and affirms that the Port may not hold fee simple title to the Property, that the Port's interest in all or part of the Property, if any, may rise only to the level of an

SECOND AMENDED COMPLAINT TO QUIET TITLE
AND FOR DECLARATORY RELIEF- PAGE 50

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

easement for railroad purposes" and that "the County is willing to accept the Property on this basis."   The Real Estate Purchase and Sale Agreement is attached as Exhibit J.

120.   Pursuant to Ordinance No. 17503, Exhibit I, and the Real Estate Purchase and Sale Agreement, Exhibit J, the Port issued a Quit Claim Deed to King County on February 11, 2013.  The Quit Claim Deed from the Port to King County is attached as Exhibit K.

121.   The Port only acquired a surface easement for railroad purposes from BNSF pursuant to the Trails Act.  King County could only and did only receive a surface easement by and through the Real Estate Purchase and Sale Agreement and Quit Claim Deed with and from the Port, but has repeatedly made false claims and representations of fee ownership.  PSE's easement from the Port, to the extent it purportedly grants any rights beyond the surface of Plaintiffs' land, is invalid and unenforceable.  Sound Transit's easement from the Port is also invalid and unenforceable.

## COUNT I - QUIET TITLE

122.   Plaintiffs incorporate by reference paragraphs 1-121 as though fully set forth herein.

123.   After the STB issued the NITU applicable to Plaintiffs' land, the Port acquired the right-of-way from BNSF through a quit claim deed on December 18, 2009, filed with the original complaint as Exhibit F.  By and through operation of the NITU, the Trails Act, and the quit claim deed, the Port

SECOND AMENDED COMPLAINT TO QUIET TITLE
AND FOR DECLARATORY RELIEF- PAGE 51

acquired BNSF's easement for railroad operations on the surface of Plaintiffs' land and Plaintiffs' land was then encumbered with a surface easement for a hiking and biking trail with the possible reactivation of a railroad.

124.   Although the Port acquired an easement on the surface of Plaintiffs' land, the Port has asserted that it acquired Plaintiffs' fee ownership in the railroad corridor, including Plaintiffs' subsurface and aerial rights, in addition to Plaintiffs' surface rights.

125.   King County, by and through the Quit Claim deed from the Port, acquired the Port's easement for a hiking and biking trail with the possible reactivation of a railroad, which are the specific legal rights that King County assumed as the Trail User under the Trails Act.

126.   Even though King County only obtained an easement for a hiking and biking trail with the possible reactivation of a railroad over and upon the surface of Plaintiffs' land, King County has asserted fee ownership in the former railroad corridor, including Plaintiffs' subsurface and aerial rights.

127.   The Port also granted an easement to PSE that purportedly included Plaintiffs' subsurface and aerial rights and PSE purportedly intends to utilize Plaintiffs' subsurface and/or aerial rights to place and maintain high voltage overhead and underground facilities and equipment.

128.   The purported easement agreement between the Port and PSE, to the extent it attempts to grant rights to PSE beyond a hiking and biking trail with the possible reactivation of a railroad on the surface of Plaintiffs' land,

SECOND AMENDED COMPLAINT TO QUIET TITLE AND FOR DECLARATORY RELIEF- PAGE 52

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

including any subsurface or aerial rights on Plaintiffs' land, amounts to an illegal cloud on Plaintiffs' fee ownership.

129.    In addition, Sound Transit may improperly claim an interest in the right-of-way, as indicated in the Memorandum of Understanding, filed with the original complaint as Exhibit E, which referred to "the alignments under consideration for Sound Transit's Eastlink light rail project require property rights within" [the right-of-way], and the High Capacity Transportation Agreement, attached hereto as Exhibit L, and also amounts to a cloud on Plaintiffs' fee ownership.

130.    The conduct of the Port, King County, PSE, and Sound Transit, in claiming to be able to utilize Plaintiffs' subsurface and aerial rights for their own purposes, and in selling Plaintiffs' subsurface and aerial rights to other utilities, amounts to a cloud on Plaintiffs' fee ownership in their subsurface and aerial rights.

131.    Pursuant to § 7.28.010 of the Revised Code of Washington, and because the Plaintiffs own the fee interest in the right-of-way, the actions and conduct of the Port, King County, PSE, and Sound Transit, in claiming fee ownership of the right-of-way and an interest in Plaintiffs' subsurface and aerial rights has improperly placed a cloud on Plaintiffs' title.

132.    As a direct and proximate result of the cloud on Plaintiffs' title created by the unlawful acts and conduct of the Port, King County, PSE, and Sound Transit in claiming rights to Plaintiffs' subsurface and aerial rights,

SECOND AMENDED COMPLAINT TO QUIET TITLE
AND FOR DECLARATORY RELIEF- PAGE 53

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

Plaintiffs are entitled to an order quieting any claim of any interest in the subsurface and aerial rights by the Port, King County, PSE, and Sound Transit.

### COUNT II - DECLARATORY JUDGMENT

133.    Plaintiffs hereby incorporate by reference paragraphs 1-132 as though fully set forth herein.

134.    Plaintiffs own the underlying fee in the railroad right-of-way adjacent to their property, including subsurface and aerial rights.

135.    BNSF, prior to implementation of the Trails Act and the granting of a quit claim deed to the Port, possessed an easement for railroad purposes on the surface of Plaintiffs' fee ownership in the railroad's right-of-way.

136.    The Port, by and through a Quit Claim Deed from BNSF, on December 18, 2009, filed with the original complaint as Exhibit F, acquired BNSF's easement for railroad purposes, which is now an easement for a hiking and biking trail with the potential reactivation of a railroad pursuant to the Trails Act, on the surface of Plaintiffs' fee ownership.

137.    Pursuant to the Trails Act, BNSF abandoned their easement for railroad purposes on the surface of Plaintiffs' fee ownership and King County, as trail operator under the Trails Act, acquired a surface easement for a hiking and biking trail with the possible reactivation of a railroad.

138.    Although the Port and King County merely acquired a surface easement for a hiking and biking trail on Plaintiffs' property with the possible reactivation of a railroad, the Port granted an easement to PSE beyond the

SECOND AMENDED COMPLAINT TO QUIET TITLE
AND FOR DECLARATORY RELIEF- PAGE 54

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

surface easement which they lawfully obtained pursuant to the Trails Act by purportedly granting subsurface and aerial rights to PSE for underground or aerial infrastructure on Plaintiffs' property.

139.   In addition, the Port also granted an easement to Sound Transit and Sound Transit may improperly claim an interest in the right-of-way as indicated in the Memorandum of Understanding, filed with the original complaint as Exhibit E, and the High Capacity Transportation Easement, attached hereto as Exhibit L, which referred to considerations for Sound Transit's Eastlink light rail project.

140.   Under the Uniform Declaratory Judgments Act, Chapter 7.24 of the Revised Code of Washington, the Court has jurisdiction to declare the rights of the parties with respect to the railroad right-of-way at issue.   Specifically, under Section 7.24.020 of the Revised Code of Washington, any person claiming an interest under a deed, written contract, or statute is entitled to a determination of rights arising under the deed, written contract, or statute.

141.   Plaintiffs are entitled to a declaration of rights that they are the fee owners of the railroad right-of-way at issue, that the Port and King County only acquired a surface easement for a hiking and biking trail with the possible reactivation of a railroad pursuant to the Trails Act, that PSE has obtained no interest in the subsurface or aerial rights on the railroad right-of-way pursuant to the purported easement granted by the Port to PSE, and that Sound Transit did

SECOND AMENDED COMPLAINT TO QUIET TITLE
AND FOR DECLARATORY RELIEF- PAGE 55

not acquire an interest in the right-of-way pursuant to the Memorandum of Understanding and/or the High Capacity Transportation Easement.

142.   WHEREFORE, Plaintiffs respectfully request that judgment be entered for Plaintiffs and against the Port, King County, PSE, and Sound Transit quieting title in Plaintiffs' favor and for a declaratory judgment declaring that the Port and King County only obtained a surface easement for a hiking and biking trail with the possible reactivation of a railroad by and through the Trails Act and the Quit Claim Deed with BNSF and declaring that PSE obtained no interest whatsoever in Plaintiffs' subsurface and aerial rights by and through the Trails Act and their purported Easement Agreement with the Port, and declaring that Sound Transit did not acquire an interest in the right-of-way pursuant to the Memorandum of Understanding, for such further monetary and equitable relief and for allowable costs and attorney fees as the Court may deem just and proper.

Date: October 1, 2014.                    BAKER STERCHI COWDEN & RICE, L.L.C.


By  /s/ Thomas S. Stewart
    Thomas S. Stewart
    Elizabeth McCulley
    Laura J. Bettenhausen
    2400 Pershing Road, Suite 500
    Kansas City, MO 64108
    Telephone:   (816) 471-2121
    Facsimile:    (816) 472-0288
    stewart@bscr-law.com
    mcculley@bscr-law.com
    Bettenhausen@bscr-law.com

    AND

SECOND AMENDED COMPLAINT TO QUIET TITLE
AND FOR DECLARATORY RELIEF- PAGE 56

1
2
3
4
5

RODGERS DEUTSCH & TURNER, P.L.L.C.
Daryl A. Deutsch, WSBA No. 11003
Rodgers Deutsch & Turner, P.L.L.C.
3 Lake Bellevue Dr. Suite 100
Bellevue, WA  98005
Telephone     (425) 455-1110
Facsimile      (425) 455-1626
daryl@rdtlaw.com

6
7

**ATTORNEYS FOR PLAINTIFFS**

**<u>CERTIFICATE OF SERVICE</u>**

8
9
10

I hereby certify that on the 1st day of October 2014, the foregoing was filed electronically with the Clerk of the Court to be served by the operation of the Court's electronic filing system upon all parties of record.

11
12
13
14
15
16

Timothy G. Leyh
Randall Thomsen
Kristin Ballinger
CALFO, HARRIGAN, LEYH & EAKES, LLP
999 Third Avenue, Ste. 4400
Seattle, WA  98104
timl@calfoharrigan.com
randallt@calfoharrigan.com
kristinb@calfoharrigan.com
*Attorneys for Defendant Port of Seattle*

17
18
19
20
21
22
23
24

Gavin W. Skok
Bryan J. Case
Courtney L. Seim
James E. Breitenbucher
RIDDELL WILLIAMS PS
1001 – 4th Avenue, Ste. 4500
Seattle, WA  98154-1065
gskok@riddellwilliams.com
bcase@riddellwilliams.com
cseim@riddellwilliams.com
jbreitenbucher@riddelwilliams.com
*Attorneys for Defendant Puget Sound Energy*

25

Andrew W Marcuse
David J. Hackett

SECOND AMENDED COMPLAINT TO QUIET TITLE
AND FOR DECLARATORY RELIEF- PAGE 57

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

King County Prosecuting Attorney, Civil Division
500 4th Avenue, Suite 900
Seattle, WA 98104-5039
andrew.marcuse@kingcounty.gov
david.hackett@kingcounty.gov
*Attorneys for Defendant King County*

_____/s/ Thomas S. Stewart_____

_____

*4833-7359-5934, v.  1*

SECOND AMENDED COMPLAINT TO QUIET TITLE
AND FOR DECLARATORY RELIEF- PAGE 58