THE HONORABLE JOHN C. COUGHENOUR

1

2

3

4

5

6

7

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT AND KATHRYN KASEBURG, ET AL, | NO. 2:14-CV-000784-JCC |
| Plaintiffs, | PLAINTIFFS' MOTION FOR DECLARATORY JUDGMENT THAT THE |
| vs. | RAILROAD ORIGINALLY ACQUIRED AN EASEMENT, THAT THE EASEMENT |
| PORT OF SEATTLE, a municipal corporation; PUGET SOUND ENERGY, INC., a Washington for profit corporation, KING COUNTY, a home rule charter county, and CENTRAL PUGET SOUND REGIONAL TRANSIT AUTHORITY, a municipal corporation, | WAS LIMITED TO RAILROAD PURPOSES ONLY, AND THAT THE RAILROAD'S EASEMENT HAS BEEN CONVERTED TO AN EASEMENT FOR A RECREATIONAL TRAIL WITH THE POTENTIAL REACTIVATION OF A RAILROAD BY AND THROUGH THE TRAILS ACT |
| Defendants. | |

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Plaintiffs' Motion for Declaratory Judgment that the Railroad Originally Acquired an Easement, that the Easement was Limited to Railroad Purposes Only, and that the Railroad's Easement has been Converted to an Easement for a Recreational Trail with the Potential Reactivation of a Railroad by and Through the Trails Act
2:14-cv-000784-JCC

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110  Fax (425)455-1626

i

# TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................1

II.  BACKGROUND CONCERNING THE PLAINTIFFS' LAND IN RELATION TO THE
     SOURCE CONVEYANCES TO THE RAILROAD .........................................................2

III. THE RAILROAD ACQUIRED AN EASEMENT ONLY FOR EACH OF THE THREE
     ORIGINAL SOURCE CONVEYANCES AT ISSUE ......................................................3

     A. The History of Railroad Rights of Way, Easement or Fee, Before the Washington
        Supreme Court ........................................................................................4

        1. Every Case Decided by the Washington Supreme Court for Over 100
           Years, from 1893 to 1996, Found that the Railroad Acquired an Easement
           Only....................................................................................................4

        2. The Factors to Utilize when Analyzing and Differentiating Between
           Easement Interests and Fee Simple Interest in Railroad Source Deeds as
           Set Forth in *Brown v. State* .........................................................................6

        3. The Most Recent Pronouncement by the Washington Supreme Court in
           2006 in *Kershaw Sunnyside Ranches* Establishes a Presumption that an
           Easement is Created ..................................................................................8

     B. The Railroad Acquired an Easement Only for Each of the Three Original Source
        Conveyances at Issue in this Case and the Easements are Clearly Limited to
        Railroad Purposes Only Under Washington Law...................................................10

     C. All Three Original Source Conveyances to the Railroad were Thoroughly
        Analyzed and Discussed by Judge Lettow in *Haggart*.........................................14

IV.  THE ORIGINAL RAILROAD PURPOSES EASEMENTS INVOLVED IN THIS CASE
     HAVE BEEN CONVERTED TO A RECREATIONAL TRAIL EASEMENT WITH
     THE POTENTIAL REACTIVATION OF A RAILROAD AS A MATTER OF LAW BY
     AND THROUGH THE TRAILS ACT.......................................................................15

     A. Railbanking is Not a "Railroad Purpose" ..........................................................16

     B. The Railroad Purposes Easement Extinguishes Because of the Change in Use
        From Railroad Purposes...............................................................................19

Plaintiffs' Motion for Declaratory Judgment that the Railroad Originally
Acquired an Easement, that the Easement was Limited to Railroad Purposes
Only, and that the Railroad's Easement has been Converted to an Easement
for a Recreational Trail with the Potential Reactivation of a Railroad by and
Through the Trails Act
2:14-cv-000784-JCC

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110  Fax (425)455-1626

ii

C.   Under Washington Supreme Court Precedent, the Change in Use from Rails to Trails Constitutes Abandonment of an Easement Which was Granted for Railroad Purposes Only ........................................................................................................21

V.  CONCLUSION...................................................................................................24

Plaintiffs' Motion for Declaratory Judgment that the Railroad Originally
Acquired an Easement, that the Easement was Limited to Railroad Purposes
Only, and that the Railroad's Easement has been Converted to an Easement
for a Recreational Trail with the Potential Reactivation of a Railroad by and
Through the Trails Act
2:14-cv-000784-JCC

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

**TABLE OF AUTHORITIES**

*Adkins v. United States*, 2012 US Claims Lexis 1975 (2012) .......................................21

*Anna F. Nordhus Family Trust v. United States,* 98 Fed. Cl. 331 (2011) .....................20

*Biery v. United States*, 99 Fed. Cl. 565 (2011) ...........................................................20

*Biles v. Tacoma*, 32 P. 211 (Wash. 1893) ..............................................................4, 11

*Blendu v. United States*, 75 Fed. Cl. 543 (2007) .........................................................21

*Brown v. State*, 924 P.2d 908 (Wash. 1996) ........................................................ 4, 6-9

*Burgess v. United States*, 109 Fed. Cl. 223 (2013) .....................................................21

*Capreal v. United States,* 99 Fed. Cl. 133 (2011) ......................................................20

*Dana R. Hodges Trust v. United States*, 101 Fed. Cl. 549 (2011) .............................21

*Ellamae Phillips Co. v. United States*, 99 Fed. Cl. 483 (2011) ................................20

*Farmers Cooperative v. United States*, 98 Fed. Cl. 797 (2011) ...........................17, 20

*Gregory v. United States,* 101 Fed. Cl. 203 (2011) ....................................................21

*Haggart v. United States*, 108 Fed. Cl. 70 (2012) ...........................................3, 14, 20

*Hanson Industries, Inc. v. County of Spokane*, 58 P.3d 910 (Wash. App. 2002) ...................10, 14

*Hash v. United States*, 403 F.3d 1308 (Fed. Cir. 2005) .............................................20

*Jenkins v. United States*, 102 Fed. Cl. 598 (2011) .....................................................21

*Kershaw Sunnyside Ranches Inc. v. Yakima Interurban Lines Ass'n.*,
    126 P.3d 16 (Wash. 2006) ...................................................................... 4, 8-12

*King Cty. v. Squire Inv. Co.*, 801 P.2d 1022 (Wash. App. 1990) ...............................23

*Ladd v. United States*, 630 F.3d 1015 (Fed. Cir. 2010) .............................................17

*Lawson v. State*, 730 P.2d 1308 (Wash. 1986) .....................................................21-23

Plaintiffs' Motion for Declaratory Judgment that the Railroad Originally
Acquired an Easement, that the Easement was Limited to Railroad Purposes
Only, and that the Railroad's Easement has been Converted to an Easement
for a Recreational Trail with the Potential Reactivation of a Railroad by and
Through the Trails Act
2:14-cv-000784-JCC

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

iv

*Macy Elevator v. United States,* 97 Fed. Cl. 708 (2011) ................................................20

*Macy Elevator v. United States,* 105 Fed. Cl. 195 (2012) ........................................ 19-20

*McClurg Family Farm LLC v. United States,* 115 Fed. Cl. 1 (2014) ...........................21

*Morsbach v. Thurston County,* 278 P. 686 (Wash. 1929)........................... 5, 8-9, 12, 14

*Neitzel v. Spokane Int.'l Ry.,* 117 P. 864 (Wash. 1911) ......................................... 13-14

*Pacific Iron Works v. Bryant Lumber & Shingle Mill Co.,* 111 P. 578 (Wash. 1910)..............5, 12

*Preseault v. Interstate Commerce Comm'n,* 494 U.S. 1(1990) ("*Preseault I*") ..................... 17-18

*Preseault v. United States,* 100 F.3d 1525 (Fed. Cir. 1996) ("*Preseault II*")................... 20, 22-23

*Raulerson v. United States,* 99 Fed. Cl. 9 (2011) ........................................................21

*Reichenbach v. Washington Short Line Ry. Co.,* 38 P. 1126 (Wash. 1894) ....................... 5, 12-13

*Rhutasel v. United States,* 105 Fed. Cl. 220 (2012) ......................................................21

*Roeder Co. v. Burlington Northern, Inc.,* 716 P. 2d 855 (Wash. 1986) .............................6

*Rogers v. United States,* 101 Fed. Cl. 287 (2011) ........................................................21

*Swan v. O'Leary,* 225 P.2d 199 (Wash. 1950)........................................................5, 14

*Thomas v. United States,* 106 Fed. Cl. 467 (2012) ......................................................21

*Thompson v. United States,* 101 Fed. Cl. 416 (2011) ...................................................21

*Toscano v. United States,* 107 Fed. Cl. 179 (2012) ......................................................21

*Veach v. Culp,* 599 P.2d 526 (Wash. 1979) ...................................................................6

*Whispell Foreign Cars v. United States,* 100 Fed. Cl. 529 (2011) .................................21

*Ybanez v. United States,* 98 Fed. Cl. 659 (2011) .........................................................20

Plaintiffs' Motion for Declaratory Judgment that the Railroad Originally Acquired an Easement, that the Easement was Limited to Railroad Purposes Only, and that the Railroad's Easement has been Converted to an Easement for a Recreational Trail with the Potential Reactivation of a Railroad by and Through the Trails Act
2:14-cv-000784-JCC

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

v

## I.   INTRODUCTION

All Plaintiffs in this lawsuit own fee title to land adjacent to the former railroad corridor that runs along Lake Washington.  The railroad's original right-of-way was established during the 1890's and early 1900's by obtaining easements from fee owners across the property that is now owned by these Plaintiffs.  Because the railroad only possessed an easement for the railroad corridor across the land owned by these Plaintiffs, all of these Plaintiffs continue to own the underlying fee in the railroad corridor pursuant to longstanding authority from the Washington Supreme Court.[1]

The railroad originally acquired the railroad corridor adjacent to all Plaintiffs' land in this case through two deeds and one condemnation.  Even though the Department of Justice stipulated that two of the three original source conveyances to the railroad were easements, Judge Charles Lettow of the United States Court of Federal Claims concluded that all three original source conveyances conveyed easements to the railroad, and documents obtained from title research performed by the Port and King County conclude that all three source conveyances conveyed easements to the railroad, the Defendants herein have refused to admit that the railroad only possessed an easement for railroad purposes across these Plaintiffs' land.[2]  As a result of the

---

[1]   The issue of fee ownership of the adjacent land, and the related issue of fee ownership in the railroad corridor, will be the subject of later briefing in conjunction with Plaintiffs' motion to quiet title in the corridor.  For purposes of this motion, Plaintiffs' fee ownership in the adjacent land and fee ownership in the corridor pursuant to the centerline presumption should be assumed.

[2]   Requests for admissions were served on all of the Defendants and all of them refused to admit that the original source conveyances to the railroad conveyed easements.  The response by Defendant King County is typical:
   King County cannot truthfully admit or deny.  King County admits that at least one court has found that this conveyance conveyed only an easement but King County was not a party to that case.  Whether the conveyance was in fee or an easement is a mixed question of fact and law and King County does not have sufficient factual information to make this determination at this point, especially when the attached exhibit is largely illegible and the transcription is not authenticated.  King County thus has made a

Plaintiffs' Motion for Declaratory Judgment that the Railroad Originally Acquired an Easement, that the Easement was Limited to Railroad Purposes Only, and that the Railroad's Easement has been Converted to an Easement for a Recreational Trail with the Potential Reactivation of a Railroad by and Through the Trails Act
2:14-cv-000784-JCC

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

Defendants' failure to admit these basic points of law, all Plaintiffs herein respectfully move this Court to declare:[3]

> (1) The railroad originally acquired an easement for the railroad corridor;
>
> (2) The railroad's easement was limited to use for railroad purposes; and
>
> (3) The railroad's easement for railroad purposes has been extinguished and has been converted to an easement for a recreational trail with the potential reactivation of a railroad by and through the Trails Act.

## II.   BACKGROUND CONCERNING THE PLAINTIFFS' LAND IN RELATION TO THE SOURCE CONVEYANCES TO THE RAILRAOD

The Port performed title work concerning the railroad's original acquisition of land for the railroad's right-of-way in conjunction with the Port's utilization of the Trails Act.  The Port determined that the original right-of-way was obtained through Plaintiffs' land by the use of two deeds and one condemnation:  (1) the Lake Washington Belt Line Co. deed, recording instrument No. 102518; (2) the Kittinger deed, recording instrument No. 269500; and/or (3) the State of Washington Condemnation, recording instrument No. 40536.

All Plaintiffs are separately listed in a chart attached hereto as Exhibit A.  Exhibit A contains Plaintiffs' names and corresponding assigned claim number from south to north along Lake Washington.  Exhibit A also contains the address for each Plaintiff, the parcel number, and the identification of the original railroad conveyance instrument applicable to that parcel.  As shown in Exhibit A, 38 Plaintiffs own land adjacent to the corridor acquired through the Lake Washington Belt Line Co. deed, 27 Plaintiffs own land adjacent to the corridor acquired through

---

reasonable inquiry and the information it knows or can readily obtain is insufficient to enable it to admit or deny this request.

[3] Count II of Plaintiffs' Second Amended Complaint to Quiet Title and for Declaratory Relief seeks declaratory relief and Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 provide authority for a declaration.

Plaintiffs' Motion for Declaratory Judgment that the Railroad Originally Acquired an Easement, that the Easement was Limited to Railroad Purposes Only, and that the Railroad's Easement has been Converted to an Easement for a Recreational Trail with the Potential Reactivation of a Railroad by and Through the Trails Act
2:14-cv-000784-JCC

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

2

the Kittinger deed, and 20 Plaintiffs own land adjacent to the corridor acquired through the State of Washington condemnation.

All parcels listed in Exhibit A have then been separately mapped on parcel maps collectively marked as Exhibit B.  Exhibit B visually shows the boundaries of the source deeds to the railroad and the parcels of all Plaintiffs in relation to the source deeds—in essence, the maps in Exhibit B depict the location of the Plaintiffs' land vis-a-vis the location of each railroad source conveyance as depicted in Exhibit A (green coloring denotes easement areas).

## III.   THE RAILROAD ACQUIRED AN EASEMENT ONLY FOR EACH OF THE THREE ORIGINAL SOURCE CONVEYANCES AT ISSUE

The Port actually commissioned title work for the entire rail line prior to the acquisition of the corridor, including maps identifying source conveyances, their location, and opinion as to fee, easement or questionable title.  The original title work performed by the Port concluded that the Lake Washington Belt Line Co. deed and the State of Washington condemnation conveyed easements to the railroad.  The title work performed by the Port in relation to the Kittinger deed was not conclusive.  But, all three original conveyances to the railroad have already been analyzed and determined to convey mere easements for railroad purposes by Judge Charles F. Lettow of the United States Court of Federal Claims in *Haggart v. United States*, 108 F. Cl. 70 (Fed. Cl. 2012).  Judge Lettow's Opinion and Order, rendered on December 18, 2012, attached hereto as Exhibit C, concluded that all three conveyances were conveyances of easements to the railroad for their railroad purposes only and that the easement currently on Plaintiffs' land is a surface easement for recreational trail use with the potential reactivation of a railroad.

Plaintiffs' Motion for Declaratory Judgment that the Railroad Originally Acquired an Easement, that the Easement was Limited to Railroad Purposes Only, and that the Railroad's Easement has been Converted to an Easement for a Recreational Trail with the Potential Reactivation of a Railroad by and Through the Trails Act
2:14-cv-000784-JCC

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

3

### A. The History of Railroad Rights of Way, Easement or Fee, Before the Washington Supreme Court

The Washington Supreme Court, on 9 different occasions since 1893, has considered whether a deed to a railroad conveys an easement for railroad purposes or fee simple title. In each and every case, the Court attempted to examine the grantors' intent at the time of the execution of the deed and unless the intention to convey a fee simple interest clearly appears, the Court decided that a presumption of an easement existed and the railroad acquired an easement only. In fact, in 7 cases decided by the Washington Supreme Court for over 100 years, from 1893 to 1996, the Court explicitly held that the railroad only acquired an easement for railroad purposes. Then, in 1996, in *Brown v. State*, 924 P.2d 908 (Wash. 1996), the Court attempted to enunciate 7 factors to be analyzed and considered when addressing the fee versus easement issue. Then, 10 years later, in 2006, in *Kershaw Sunnyside Ranches Inc. v. Yakima Interurban Lines Ass'n.*, 126 P.3d 16 (Wash. 2006), the last pronouncement by the Washington Supreme Court on the subject, the Court considered whether the railroad received an easement or a fee, analyzed the *Brown* decision, and reaffirmed the presumption and specifically held that the railroad received an easement only.

### 1. Every Case Decided by the Washington Supreme Court for Over 100 Years, from 1893 to 1996, Found that the Railroad Acquired an Easement Only

The 7 cases decided by the Washington Supreme Court on this issue from 1893 to 1996 are:

(1) *Biles v. Tacoma*, 32 P. 211 (Wash. 1893)—the Court considered a warranty deed to the railroad in 1876 and the description within the deed stated "a strip of land extending through the same… to be used for a right-of-way or other railroad purposes"—the Court determined that the intention of the parties could be evidenced

Plaintiffs' Motion for Declaratory Judgment that the Railroad Originally Acquired an Easement, that the Easement was Limited to Railroad Purposes Only, and that the Railroad's Easement has been Converted to an Easement for a Recreational Trail with the Potential Reactivation of a Railroad by and Through the Trails Act
2:14-cv-000784-JCC

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

4

by the wording of the deed and it was clear that the deed referred to a right-of-way over the land and was merely an easement for the railroad's purposes.

(2) One year later, in 1894, the Washington Supreme Court revisited the issue in *Reichenbach v. Washington Short Line Ry. Co.*, 38 P. 1126 (Wash. 1894) —the granting clause in the deed stated that the landowner "grants, bargains, sells, and conveys unto the said party of the second part,… a right-of-way for said railroad" — the Court held that the limitations in the habendum clause were inconsistent with the idea of an intention to grant a fee interest to the railroad and that, since the grant was for a particular purpose and could only be used for that purpose, the deed conveyed only an easement and not a fee interest.

(3) The Washington Supreme Court had occasion to revisit the issue again in 1910 in *Pacific Iron Works v. Bryant Lumber & Shingle Mill Co.*, 111 P. 578 (Wash. 1910)— the granting clause in the deed granted a 100 foot right-of-way to the railroad. The deed also contained an habendum clause which stated that the railroad was receiving the land "forever, for railway purposes, but if it should cease to be used for a railway the said premises shall revert to said grantors." The Court specifically held that "the grant of a right-of-way to a railroad company is the grant of an easement merely and the fee of the soil remains in the grantor."

(4) Nineteen years later, in 1929, the Washington Supreme Court again revisited the issue in *Morsbach v. Thurston County*, 278 P. 686 (Wash. 1929)—the granting clause in the deed at issue, executed in 1872, granted the "right-of-way for the construction of said company's railroad in and over" the land. The Court noted, and the Defendant conceded, that "it is elementary that, in cases where the granting clause of a deed declares the purpose of a grant to be a right-of-way for a railroad, the deed passes an easement only, not a fee, though it be in usual form of a full warranty deed."

(5) In 1950, in the leading case of *Swan v. O'Leary*, 225 P.2d 199 (Wash. 1950), the Washington Supreme Court again examined a railroad right-of-way deed from 1909 and determined that only an easement was conveyed. The deed was in the form of a quit claim deed that granted the "following described premises" forever "for the purpose of a railroad right-of-way." In examining how other Courts attempted to derive the intention of the parties to similar conveyances, the Court analyzed several factors.[4] After reviewing prior opinions from the Washington Supreme Court on the subject, most notably the *Morsbach* opinion, the Court ultimately determined that "it is clear that we adopted the rule that when the granting clause of a deed declares the

---

[4] The Court analyzed whether the consideration expressed was substantial or nominal, whether the deed conveyed a strip of land as opposed to a right-of-way, whether the use or purpose for the conveyance was expressed in the deed, and whether the deed granted only the privilege of constructing, operating, or maintaining a railroad over the land. These considerations and factors as discussed by the Court in *Swan* later became part of the Court's analysis in *Brown*.

Plaintiffs' Motion for Declaratory Judgment that the Railroad Originally Acquired an Easement, that the Easement was Limited to Railroad Purposes Only, and that the Railroad's Easement has been Converted to an Easement for a Recreational Trail with the Potential Reactivation of a Railroad by and Through the Trails Act
2:14-cv-000784-JCC

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

purpose of the grant to be a right-of-way for a railroad the deed passes an easement only, and not a fee with a restricted use, even though the deed is in the usual form to convey a fee title."

(6) The Washington Supreme Court again revisited the issue in 1979 when interpreting a 1901 quit claim deed in *Veach v. Culp*, 599 P.2d 526 (Wash. 1979). Again, the Court found that an easement for railroad purposes was granted, and not a fee interest, when the quit claim deed granted a "right-of-way." The Court quoted the opinion in *Swan* that "when the granting clause of a deed declares the purpose of the grant to be a right-of-way for a railroad the deed passes an easement only."

(7) The seventh case in the continuum is *Roeder Co. v. Burlington Northern, Inc.*, 716 P.2d 855 (Wash. 1986). The deed at issue conveyed "for all railroad and other right-of-way purposes, certain tracts and parcels of land situate in the City of Bellingham." The Court in *Roeder* concluded that "[s]ince the granting clause of the Improvement Company's deed declares the purpose of the grant to be a right-of-way for a railroad, the deed passes an easement, not a fee."

All 7 cases from the Washington Supreme Court from 1893 through 1986 found that the deed in question conveyed an easement only to the railroad. In each instance, the granting clause contained the descriptive phase "right-of-way" and did not contain any evidence that the grantor intended to retain the underlying fee. Ten years after the *Roeder* opinion, in 1996, the Washington Supreme Court again revisited the issue in *Brown*, which is a case where the Court found a conveyance of fee simple because the grant was of "a strip of land" and not a "right-of-way" and <u>specifically</u> granted "fee simple title."

### 2. The Factors to Utilize when Analyzing and Differentiating Between Easement Interests and Fee Simple Interests in Railroad Source Deeds as Set forth in *Brown v. State*

The Washington Supreme Court again addressed the issue of fee versus easement in railroad conveyances in 1996 in *Brown v. State*, 924 P.2d 908 (Wash. 1996). Unlike the 7 previous pronouncements from the Washington Supreme Court, the Court in *Brown* concluded that the language of the statutory warranty deeds at issue conveyed fee interests rather than

Plaintiffs' Motion for Declaratory Judgment that the Railroad Originally Acquired an Easement, that the Easement was Limited to Railroad Purposes Only, and that the Railroad's Easement has been Converted to an Easement for a Recreational Trail with the Potential Reactivation of a Railroad by and Through the Trails Act
2:14-cv-000784-JCC

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110 Fax (425)455-1626

6

easements.  Although the *Brown* Court did enunciate factors to be considered when determining whether an easement or fee was intended to be conveyed, the ultimate conclusion in *Brown* that the railroad received fee interests rather than easements was actually not unexpected at all because the deed under review never mentioned "right-of-way" anywhere in the deed, let alone in the granting clause, and specifically stated that the railroad received "fee simple title."

The *Brown* decision is always cited because the Washington Supreme Court established factors to use when analyzing and differentiating statutory warranty form deeds on the issue of whether fee or easement interests were being conveyed.  The Court noted 7 factors to be utilized to attempt to ascertain whether the original parties to the deed intended to adapt the statutory form deed that would ordinarily grant a fee simple interest to create an easement.  The Court in *Brown*, after weighing the factors, concluded that the deeds conveyed fee simple title because that conclusion more accurately reflected the intent of the parties "given the form of the deeds and the fact they convey 'fee simple title' to definite strips of land given without any limitation or qualification."  *Id*. at 915.

In reaching this result, the *Brown* Court concluded that "[i]n the absence of language in the deeds expressly and clearly limiting the estate conveyed, the deeds fall squarely within the rule that where there is no language in a deed relating to the purpose of the grant or limiting the estate conveyed, and it conveys a definite strip of land, it will be construed to convey fee simple title."  The *Brown* decision is inapplicable here because the deeds at issue in this case do contain right-of-way language, and do not use the words fee simple.

Plaintiffs' Motion for Declaratory Judgment that the Railroad Originally Acquired an Easement, that the Easement was Limited to Railroad Purposes Only, and that the Railroad's Easement has been Converted to an Easement for a Recreational Trail with the Potential Reactivation of a Railroad by and Through the Trails Act
2:14-cv-000784-JCC

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

### 3. The Most Recent Pronouncement by the Washington Supreme Court in 2006 in *Kershaw Sunnyside Ranches* Establishes a Presumption that an Easement is Created

In 2006, in *Kershaw Sunnyside Ranches*, the Washington Supreme Court again considered whether a railroad right-of-way conveyed an easement or a fee interest and, like all of the previous decisions except for *Brown*, concluded that an easement was conveyed to the railroad. *Kershaw Sunnyside Ranches*, 126 P.3d 25. The deed at issue in *Kershaw Sunnyside Ranches* was in the form of a statutory warranty deed, like the deed in *Brown*, and stated: do hereby give, grant, sell, confirm and convey to the said ... NORTH YAKIMA & VALLEY RAILWAY COMPANY, a Corporation, its successors or assigns, **a strip of land seventy five feet wide, in, along, over and through the hereinafter described land in Yakima County, Washington ... to be used by [the Railway] as a right of way for a railway forever, together with the perpetual right to construct, maintain and operate a railway or railways over and across the same.** *Kershaw Sunnyside Ranches*, 126 P.3d at 18-19 (emphasis added).

The Washington Supreme Court began its analysis by reviewing the historical precedent as set forth in *Morsbach*, *Swan*, *Veach*, *Roeder*, and *Brown*. The Court in *Kershaw Sunnyside Ranches* noted the *Brown* decision, that the statutory warranty deed in question conveyed a fee interest, but the Court stated that the *Brown* decision found a fee interest had been conveyed by "[a]ttempting to reconcile this presumption with the principle espoused in *Roeder*, *Swan*, and *Morsbach*,… where the deed uses the term 'right-of-way' as a limitation or to specify the purpose of the grant, such a grant generally conveys only an easement." *Id*. at 22. Most importantly, the Court in *Kershaw Sunnyside Ranches* specifically stated that the *Brown* decision had not overturned all of the established precedent on railroad rights-of-way established in

Plaintiffs' Motion for Declaratory Judgment that the Railroad Originally Acquired an Easement, that the Easement was Limited to Railroad Purposes Only, and that the Railroad's Easement has been Converted to an Easement for a Recreational Trail with the Potential Reactivation of a Railroad by and Through the Trails Act
2:14-cv-000784-JCC

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

8

*Morsbach*, *Swan*, *Veach*, and *Roeder* but, "rather it distinguished them on the limited basis that none of the deeds at issue in *Brown* possessed language relating to the purpose of the grant or limiting the estate conveyed." *Id*. at 22-23 (emphasis in original).

The Court in *Kershaw Sunnyside Ranches* determined that, "[l]ike the cases finding an easement, and unlike the deeds in *Brown*, the word [sic] 'right of way' is used to establish the purpose of the grant and thus presumptively conveys an easement interest." *Id* at 23. Specifically, the Court concluded:

> Here the deed appears to contain elements characteristic of both a fee and easement conveyance. In short, the deed is in statutory warranty form, which carries a presumption of conveying fee, but contains the words "right-of-way" in both the granting clause and the habendum clause, which we have stated presumptively evinces the parties' intent to convey only an easement.

*Kershaw Sunnyside Ranches*, 126 P.3d at 23 (emphasis added).

The Court then analyzed the 7 *Brown* factors. Most importantly, the Court concluded that the language in the deed that the railroad had "the perpetual right to construct, maintain and operate a railway or railways over and across the same" was "most indicative of an easement," because if the intention was a fee interest "there would have been no need to also grant any rights associated with the land." *Id*. at 24. The Court also stated that "[w]hile the use of the term 'right-of-way' in the granting clause is not solely determinative of the estate conveyed, it remains highly relevant, especially given the fact that it is used to define the purpose of the grant." *Id*. at 25 (emphasis in original). Ultimately, in analyzing the language of the deed at issue, the Court in *Kershaw Sunnyside Ranches* held that "there is insufficient evidence to overcome the presumption that an easement was created." *Id*. (emphasis added). Finally, like all of the cases over 100 plus years before the Washington Supreme Court, the Court concluded that

Plaintiffs' Motion for Declaratory Judgment that the Railroad Originally Acquired an Easement, that the Easement was Limited to Railroad Purposes Only, and that the Railroad's Easement has been Converted to an Easement for a Recreational Trail with the Potential Reactivation of a Railroad by and Through the Trails Act
2:14-cv-000784-JCC

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

9

the words "right-of-way" were used to establish the purpose of the grant and thus <u>presumptively</u>

conveys an easement interest. *Id*. at 23.

**B.  The Railroad Acquired an Easement Only for Each of the Three Original Source Conveyances at Issue in this Case and the Easements are Clearly Limited to Railroad Purposes Only Under Washington Law**

The 3 original source conveyances that apply to the Plaintiffs in this case, whether by

deed or condemnation, are easements limited to railroad purposes.  In fact, the deeds specifically

state that they are limited to railroad purposes and Washington law is clear on the subject.  The

Lake Washington Belt Line deed specifically states that it is "for the construction, operation and

maintenance" of the railroad, is limited to the railroad's right-of-way over, across and through

the grantor's land, and that the railroad can utilize the right-of-way only "so long as the same

shall be used for railroad purposes. *See* Lake Washington Belt Line deed attached hereto as

Exhibit D.

This easement conveyance is limited to railroad purposes pursuant to the language of the

deed <u>and</u> under Washington law.  In fact in *Kershaw Sunnyside Ranches,* the Washington

Supreme Court held that a deed conveyed an easement limited to railroad purposes by defining

"specific rights which attached to the land and the agreed-to, permissible use of the same,"

specifically the right to use the easement for a railway, with the right to construct, maintain and

operate a railway over and across the land.  126 P.3d at 23-25.  *See also Hanson Industries, Inc.*

*v. County of Spokane*, 58 P.3d 910, 915 (Wash. App. 2002), (the court stated the rule that "[t]he

manifest intended use, being within the contemplation of the parties, is to be considered as an

element in the contract, and limits the interest which the railroad acquired…It took the strip for a

specific purpose, and could hold it so long as it was devoted to that purpose.")

Plaintiffs' Motion for Declaratory Judgment that the Railroad Originally
Acquired an Easement, that the Easement was Limited to Railroad Purposes
Only, and that the Railroad's Easement has been Converted to an Easement
for a Recreational Trail with the Potential Reactivation of a Railroad by and
Through the Trails Act
2:14-cv-000784-JCC

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

10

The Kittinger deed, Recording No. 269500, applies to 27 parcels in this case. As demonstrated by the long history of cases decided by the Washington Supreme Court on the easement versus fee issue, determining the intentions of the parties is "paramount." *See Brown*, 924 P.2d at 911. Since there is a presumption in favor of an easement and since a review of the intent of the grantors in the Kittinger deed clearly demonstrates an intent to convey an easement, based on the particular language contained within the deed and the surrounding circumstances and subsequent conduct of the parties, this Court should conclude that an easement was granted. *See Kershaw Sunnyside Ranches*, 126 P.3d at 22.

The Kittinger deed actually has several grantors, Mary Kittinger, George Kittinger, the Puget Sound National Bank, and J.R. Lewis[5] and was executed on June 24, 1903. *See* Kittinger deed attached hereto as Exhibit E. The deed, in some detail, describes the status and the purpose of the railroad's acquisition of the land by stating that the railroad "wishes to construct its railroad over and across said lands," "has made a survey for said line of said road and staked the same out," and "wishes to secure for such purposes the right-of-way over and across said lands" (emphasis added). It is clear that the grantors intended to not only grant the right-of-way to the railroad, an easement, but that the grant was only for their railroad purposes under *Biles*,

---

[5] Mary Terry Kittinger was the daughter of Charles Terry, the early pioneer who owned most of downtown Seattle and almost half of King County. Her husband, George Kittinger, was a prominent real estate lawyer in Seattle. J.R. Lewis, a great nephew of George Washington, was appointed by President Grant to be Chief Justice of the Idaho Territorial Supreme Court in 1869 and was later appointed as Chief Justice of the Washington Territorial Supreme Bench in 1875. Judge Lewis' father had discovered extensive coal reserves on the lands adjacent to Lake Washington in 1863. After Judge Lewis moved to Seattle in 1875, and after the Northern Pacific slighted Seattle by choosing Tacoma as the western terminus for the railroad, the influential citizens of Seattle and the Northern Pacific became bitter enemies for almost 30 years. Judge Lewis openly and aggressively fought with the Northern Pacific as the leader for the Seattle citizenry and pushed hard for the provision in the Washington Constitution that made sure that the railroad could never obtain fee simple ownership through eminent domain proceedings. It is clear, based on the history and context of the times, that it was the grantors' intent to only convey an easement to the railroad. For a complete history, *see History of Seattle*, Frederick James Grant (1891); *see also* Seattle Daily Post-Intelligencer, March 23 and March 29, 1884.

Plaintiffs' Motion for Declaratory Judgment that the Railroad Originally Acquired an Easement, that the Easement was Limited to Railroad Purposes Only, and that the Railroad's Easement has been Converted to an Easement for a Recreational Trail with the Potential Reactivation of a Railroad by and Through the Trails Act
2:14-cv-000784-JCC

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110  Fax (425)455-1626

11

*Reichenbach*, *Pacific Iron Works*, *Morsbach*, *Swan*, *Veach*, *Roeder*, *Brown*, and *Kershaw Sunnyside Ranches*.[6]

After reciting that the grant was for the purposes of the construction of the railroad over and across the grantors' lands and that the purpose was for the right-of-way over and across said lands, the granting clause itself states that the grantors "hereby grant, bargain, sell and convey unto the said party of the second part the said strip, piece and parcel of land One Hundred Feet in width <u>as hereinbefore described</u>" (emphasis added). The granting clause does not specifically grant the "right-of-way" as other cases from the Washington Supreme Court have addressed, but it does refer back to the railroad's desire to acquire the "right-of-way over and across said lands" by stating that the grantors hereby grant the land "as hereinbefore described." It was clearly the intent of the grantors to convey the right-of-way as an easement and, in any event, the presumption of an easement is still mandated under *Kershaw Sunnyside Ranches*.

The presumption of an easement is further established because of the several reservations made by the grantors in the deed to the railroad. In fact, the grantors reserved "all littoral and riparian rights appurtenant to the lands," "the right of a highway crossing over and across the said lands," and "the right to mine coal, and reserving also the right to build an overhead crossing upon and over said property and tunnels under the same." The reservations made by the grantors had to be constructed and operated so "as <u>not to interfere with the possession or use of</u>

---

[6] Judge Lewis and his co-owners were well aware that the railroad was only obtaining an easement. They were well aware of the Washington Constitution and it was clearly their intent to grant only what was necessary to the railroad. *See* Washington Constitution Article I, section 16 (amend. IX) (1889); *see also Brown*, 924 P.2d at 460. The *Reichenbach* decision from the Washington Supreme Court in 1894 confirmed that a purpose of building a railroad "over, across and along" the land intended a grant of an easement only.

Plaintiffs' Motion for Declaratory Judgment that the Railroad Originally Acquired an Easement, that the Easement was Limited to Railroad Purposes Only, and that the Railroad's Easement has been Converted to an Easement for a Recreational Trail with the Potential Reactivation of a Railroad by and Through the Trails Act
2:14-cv-000784-JCC

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

the said granted lands," which is clearly inconsistent with the idea of an intention to grant a fee.[7] Controlling valuable rights to the land was critical for the grantors and had special significance for them so that they could control the economic potential of the land.  The grantors were very knowledgeable that retaining "all littoral and riparian rights" controlled lake access necessary for coal mining.  The conditions placed on the grant of a right-of-way to the railroad, just like in *Reichenbach* and *Roeder*, demonstrate that the grant was limited to a narrow and specific purpose, an easement for railroad purposes only.

The State of Washington Condemnation, Recording No. 40536, applies to 20 parcels in this case.  Specifically, just like the deeds that are limited to railroad purposes, the condemnation is for the purposes of a right-of-way for the railroad of said petitioner, and for all other of its corporate purposes."  *See State of Washington Condemnation* attached hereto as Exhibit F.

Under Washington law, the use of the appropriated land is limited to the purpose for which it was taken, in this case, a railroad purpose.  *See Neitzel v. Spokane Int.'l Ry.*, 117 P. 864 (Wash. 1911).  In *Neitzel*, a railroad originally acquired an easement for its "corporate purposes" because its purposes were deemed to be a "public use."  *Id.* at 865.  The railroad later allowed a private wholesale grocer to lease part of the land and conduct business on it.  The Court in *Neitzel* noted that the railroad had acquired an easement "only as it needed for its corporate purposes, constituting a public use" and the Court concluded that the plain language of the condemnation suggested that the railroad's easement allowed for common carrier activities undertaken for a railroad purpose.

---

[7] The grantors, specifically Judge Lewis, were well aware of the longstanding mistreatment by the Northern Pacific. As a result, it should be impossible to conclude that the grantors intended to give the Northern Pacific anything more than the barest minimum the railroad would have obtained through a long, arduous, and costly eminent domain proceeding.

Plaintiffs' Motion for Declaratory Judgment that the Railroad Originally Acquired an Easement, that the Easement was Limited to Railroad Purposes Only, and that the Railroad's Easement has been Converted to an Easement for a Recreational Trail with the Potential Reactivation of a Railroad by and Through the Trails Act
2:14-cv-000784-JCC

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

The language of the condemnation interpreted by the Washington Supreme Court in *Neitzel* is quite similar to that of the State of Washington condemnation issue here.   In both situations, the land was condemned for use as an easement for the railroad and its corporate purposes as a common carrier to serve the public.   It follows that the railroad acquired an easement for railroad purposes only as a result of the condemnation.   *See* Judge Lettow's Opinion and Order, Exhibit C, at p. 9.

**C. All Three Original Source Conveyances to the Railroad were Thoroughly Analyzed and Discussed by Judge Lettow in *Haggart*—After Interpreting and Analyzing Washington Law on the Subject, Judge Lettow Concluded That All Three Source Conveyances Contained Easements that Were Limited to Railroad Purposes Only**

After noting that the Lake Washington Belt Line Company deed stated that it was "for the construction, operation, and maintenance" of the railroad "on, over, across, and through" Plaintiffs' land "so long as the [strip of land] shall be used for railroad purposes," Judge Lettow concluded that:

The plain language of the deeds at issue limits the scope of the easements to "railroad purposes," noting that the railroad and its assigns are granted an easement to construct and operate a railroad, but must cede the easement when the land is no longer "used for railroad purposes."   Consistent with the plain language of the deeds, Washington courts have stated that deeds containing similar, or even less precise language, conveyed easements that were limited to railroad purposes. *See Swan v. O'Leary*, 225 P.2d 199, 199-201 (Wash. 1950) (en banc) (holding that a grant "for the purpose of a Railroad right-of-way" was an easement that was abandoned when a logging railroad terminated its operations); *Morsbach v. Thurston Cnty.*, 278 P. 686 (Wash. 1929) (holding that a grant of a right-of-way for the construction of a railroad was an easement for railroad purposes); *Hanson Indus., Inc. v. County of Spokane*, 58 P.3d 910, 914 (Wash. App. 2002) ("Washington decisions have consistently interpreted deeds granting a strip of land for a railroad right-of-way as conveying an easement, even in the face of traditional factors signifying a fee.").   Thus, the court holds that the source deeds at issue granted an easement for railroad purposes only.

Judge Lettow's Opinion and Order, Exhibit C, at p. 8

Plaintiffs' Motion for Declaratory Judgment that the Railroad Originally Acquired an Easement, that the Easement was Limited to Railroad Purposes Only, and that the Railroad's Easement has been Converted to an Easement for a Recreational Trail with the Potential Reactivation of a Railroad by and Through the Trails Act
2:14-cv-000784-JCC

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

14

Similarly, Judge Lettow noted that the Kittinger deed conveyed "an easement for railroad purposes by including a description that refers to a "right-of-way over and across said lands" which the railroad wishes to secure for such purposes" as the construction of its railroad. Exhibit C, at pgs. 26-27. Judge Lettow also concluded that the railroad "acquired an easement for railroad purposes only as a result of the [State of Washington] condemnation. *See* Exhibit C, at p. 9. Although Judge Lettow's Opinion is not binding on this Court or these Defendants, Judge Lettow's analysis and conclusions are soundly based on over 100 years of precedent from the Supreme Court of Washington.

## IV. THE ORIGINAL RAILROAD PURPOSES EASEMENTS INVOLVED IN THIS CASE HAVE BEEN CONVERTED TO A RECREATIONAL TRAIL EASEMENT WITH THE POTENTIAL REACTIVATION OF A RAILROAD AS A MATTER OF LAW BY AND THROUGH THE TRAILS ACT

Defendant King County filed a Motion to Dismiss in this case and basically claimed that the original railroad purposes easements were still in place and that all Defendants herein could therefore continue to use the railroad corridor for any purpose "incidental" to the railroad purposes easement. Plaintiffs responded by pointing out that the railroad purposes easements no longer existed by and through the Trails Act, that if the railroad purposes easements still existed as alleged by the Defendants then there never could be a taking of Plaintiffs' reversionary rights, and that the Defendants' purported "incidental" uses of subsurface and aerial rights are not incidental to a railroad purposes easement anyway.

The Defendants' Reply brazenly ignored 25 years of Trails Act jurisprudence by alleging (1) Plaintiffs "fail to cite a single case holding that railbanking relieves adjacent properties [sic] owners of the burden on their fee estate by extinguishing or abandoning the railroad easements

Plaintiffs' Motion for Declaratory Judgment that the Railroad Originally Acquired an Easement, that the Easement was Limited to Railroad Purposes Only, and that the Railroad's Easement has been Converted to an Easement for a Recreational Trail with the Potential Reactivation of a Railroad by and Through the Trails Act
2:14-cv-000784-JCC

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

15

that comprise the railbanked corridor;[8] (2) "Plaintiffs fail to make a cogent argument demonstrating how takings case law could justify abandoning, extinguishing or otherwise terminating the BNSF railroad easement through a quiet title/declaratory judgment action;[9] and (3) "a takings case is allowed, not because the Trails Act diminishes the easement rights held by the railroad prior to cessation of operations, but because it maintains those rights through railbanking *and* often expands those rights to include recreational trail use."[10]   The Defendants' argument is fundamentally and fatally flawed—they fail to recognize overwhelming authority on basic points of property law and they don't even cite binding precedent from the Supreme Court of Washington directly on point.

### A.  Railbanking is Not a "Railroad Purpose"

Defendant King County has once again argued that "railbanking" is a preservation of the railroad corridor under the Trails Act and is a railroad purpose that does not exceed the scope of an easement granted for railroad purposes.  This entire argument has repeatedly been rejected and is totally worn out.  It has clearly and specifically been held by the Federal Circuit on numerous occasions that "railbanking" under the Trails Act is **NOT** a railroad purpose and exceeds the scope of an easement granted for railroad purposes.  The fact that the scope of the easement changes from railroad purposes to hiking and biking purposes is exactly what causes the railroad purposes easement to extinguish.  Railbanking is not evidence of an intention to maintain a railroad purposes easement for the operation of trains, but is exactly the opposite—to relinquish all requirements, responsibility and liability for running trains over the right-of-way.

---

[8]  *See* King County's Reply at p. 1.
[9]  *Id*. at p. 2.
[10] *Id*. at p. 3.

Plaintiffs' Motion for Declaratory Judgment that the Railroad Originally
Acquired an Easement, that the Easement was Limited to Railroad Purposes
Only, and that the Railroad's Easement has been Converted to an Easement
for a Recreational Trail with the Potential Reactivation of a Railroad by and
Through the Trails Act
2:14-cv-000784-JCC

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

Regardless of how many times this argument has been rejected by the Federal Circuit and Federal Court of Claims, not to mention the ultimate rejection by the United States Supreme Court, and specific rejection by the Supreme Court of Washington, Defendants herein continue to boldly assert such a losing argument.[11]  Long ago, the Supreme Court rejected that railbanking is a railroad purpose, and further, Justice Scalia scolded the government for making such an assertion during oral argument stating:

> The ICC didn't order the railroad to keep running.  Saying the railroad could have continued using the land for rail purposes so you really haven't lost anything.  In fact, they didn't, but they might have.  Even though you have a deed that says if we stop using it for rail purposes its yours, you say, well you haven't lost anything because they have stopped using it for rail purposes, but they might not have. . . that is not very appealing to me.[12]

Moreover, the Federal Circuit recently rejected, once again, this worn-out railbanking is a railroad purposes argument.  In *Ladd v. United States*, 630 F.3d 1015, (Fed. Cir. 2010), Judge Moore responded to the government's argument that railbanking is a railroad purpose by stating:

> That is the argument you made unsuccessfully in the Supreme Court where Justice Scalia seemed to make fun of you.  I mean, I don't think that's going to work on us at this point.  You can't say, oh yea, well they didn't lose anything because they didn't have anything the day before.

*Ladd*, oral argument (http://www.cafc.uscourts.gov/oral-argument-recordings/all/ladd.html).

Although contrary to established law, the Defendant continues to attempt to distinguish trail use from railbanking under the Trails Act, but as the courts confirm, interim trail use and railbanking are one in the same, "go hand-in-hand under the Trails Act," part and parcel and are not separate.  *See*, *e.g.*, *Farmers Cooperative v. United States*, 98 Fed. Cl. 797 (2011).  Meaning,

---

[11] Apparently, Defendant King County must basically be arguing that every Federal Circuit opinion and every CFC judge simply got it wrong, and that the Washington Supreme Court is wrong too.

[12] Oral argument, *Preseault I*, 494 U.S. 1 (No. 88-1076) (statements of Justice Antonin Scalia), available at http://www.oyez.org/cases/1980-1989/1989/1989_88_1076/argument.

Plaintiffs' Motion for Declaratory Judgment that the Railroad Originally Acquired an Easement, that the Easement was Limited to Railroad Purposes Only, and that the Railroad's Easement has been Converted to an Easement for a Recreational Trail with the Potential Reactivation of a Railroad by and Through the Trails Act
2:14-cv-000784-JCC

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

if a railroad wants to reap the benefits of the Trails Act and decide to enter into a trail use agreement, it must also agree to railbanking—this is compulsory.  By entering into an agreement for trail use/railbanking under the Trails Act, the railroad does not show "intent" to preserve the right-of-way for railroad purposes but, rather, indicates or carries out its previously expressed intent to discontinue railroad operations (if railroad operations are not already ceased), and relinquish all interest, liability, and responsibility in the right-of-way.

In reality, railbanking is merely a provision allowing the maintaining of federal jurisdiction over a railroad right-of-way under the Trails Act upon issuance of a NITU, whereby the railroad discontinues service and relinquishes all interest and responsibility in the right-of-way to a public use entity and it is converted to a public recreational use with the agreement that the STB may at some time in the indefinite future authorize some non-specified railroad to build a new rail line over the right-of-way. *See*, *e.g*., *Preseault I*, 494 U.S. at 17-18.  The NITU allows the rail carrier to discontinue service (thereby extinguishing the railroad purposes easement, or in other words abandon the railroad purposes easement), cease railroad operations if not already ceased, and salvage track and other equipment.  At the same time, the NITU extends indefinitely to permit interim trail use once an agreement is reached between the railroad and the trail operator.

Here, the easements provided to the railroad through the Lake Washington Belt Line deed, the Kittinger deed, and the State of Washington condemnation specifically allowed the railroad an easement for railroad purposes.  By law, the easement was limited in scope to railroad purposes.  Railbanking does not become a railroad purpose just due to mere speculation and the remote possibility that a railroad will ever be reactivated.  The authorized use as a recreational

Plaintiffs' Motion for Declaratory Judgment that the Railroad Originally Acquired an Easement, that the Easement was Limited to Railroad Purposes Only, and that the Railroad's Easement has been Converted to an Easement for a Recreational Trail with the Potential Reactivation of a Railroad by and Through the Trails Act
2:14-cv-000784-JCC

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

trail evidences the railroad's intent to relinquish the easement for a use other than railroad use, which in turn, <u>extinguishes</u> the railroad purposes easement under Federal and Washington law.

## B. The Railroad Purposes Easement Extinguishes Because of the Change in Use From Railroad Purposes

In most states, including Washington, easements terminate and the property interest may revert to the underlying fee owner not only through abandonment, but also when the easement holder changes the use in a way that goes far beyond the purpose for which the easement was created. That is basic property law and that is what the Defendants herein fail to acknowledge. Not only do the Defendants herein fail to acknowledge basic property law, they go on to say that Plaintiffs have not cited any cases that support the proposition that the original railroad purposes easements are extinguished by and through the Trails Act.

The cases that defeat Defendants' argument herein are probably too numerous to actually cite. One of the leading cases, however, is *Macy Elevator v. United States,* 105 Fed. Cl. 195, (Fed. Cl. 2012). The government, in defending Trails Act takings cases, always attempted to argue that the railroad purposes easement remained in place and that a new easement for hiking and biking trail was merely added to the already existing railroad purposes easement. Although *Macy Elevator* involved an analysis of Indiana law, Judge Firestone of the Court of Federal Claims totally eviscerated the Defendant's attempted argument here:

> The Court agrees with Plaintiffs. In Indiana, easements may terminate and the property interests may revert to the underlying fee owner not only through abandonment, but also when reversion is expressly provided for in the granting deed,… or when the easement holder changes the use in a way that goes far beyond the purpose for which the easement was created,… applying these principles to the railroad purpose easements at issue in this case, the Court concludes that, under Indiana law, the railroad purpose easements terminated when the railroad stopped

Plaintiffs' Motion for Declaratory Judgment that the Railroad Originally Acquired an Easement, that the Easement was Limited to Railroad Purposes Only, and that the Railroad's Easement has been Converted to an Easement for a Recreational Trail with the Potential Reactivation of a Railroad by and Through the Trails Act
2:14-cv-000784-JCC

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

19

using the easements for railroad purposes and instead transferred the easements to a trail operator for use as a recreational trail.

*Macy Elevator*, 105 F. Cl. at 199 (attached hereto as Exhibit G).

This is where the Trails Act, and the standard enunciated by the Supreme Court of the United States and the Federal Circuit, overlap—if the proposed change in use from a railroad purposes easement to an easement for a hiking and biking trail exceeds the scope of the original railroad purposes easement, not only is there a takings under the Trails Act, but the original railroad purposes easement also extinguishes under state law.  The Federal Circuit specifically held that by allowing railbanking, the railroad easement is abandoned.  *See Hash v. United States*, 403 F.3d 1308, 1318 (Fed. Cir. 2005); *Preseault v. United States*, 100 F.3d 1525 (Fed. Cir. 1996).

Further, numerous other cases hold that the railroad easement is abandoned upon a change in use.  For a partial list of such cases, interpreting the state law of Washington, Indiana, Kansas, Texas, Massachusetts, Colorado, Mississippi, Michigan, South Carolina, Florida, Iowa, Tennessee, Utah and Idaho, *see* (1) *Haggart v. United States*, 108 Fed. Cl. 70 (2012) (Washington) (Judge Lettow); (2) *Macy Elevator v. United States,* 97 Fed. Cl. 708 (2011) (Indiana) (Judge Firestone); (3) *Anna F. Nordhus Family Trust v. United States,* 98 Fed. Cl. 331 (2011) (Kansas) (Judge Wheeler); (4) *Ybanez v. United States*, 98 Fed. Cl. 659 (2011) (Texas) (Judge Hodges); (5) *Farmers Cooperative v. United States*, 98 Fed. Cl. 797 (2011) (Kansas) (Judge Damich); (6) *Capreal v. United States,* 99 Fed. Cl. 133 (2011) (Massachusetts) (Judge Wheeler); (7) *Ellamae Phillips Co. v. United States*, 99 Fed. Cl. 483 (2011) (Colorado) (Judge Baskir); (8) *Biery v. United States*, 99 Fed. Cl. 565 (2011) (Kansas) (Judge Firestone); (9)

Plaintiffs' Motion for Declaratory Judgment that the Railroad Originally Acquired an Easement, that the Easement was Limited to Railroad Purposes Only, and that the Railroad's Easement has been Converted to an Easement for a Recreational Trail with the Potential Reactivation of a Railroad by and Through the Trails Act
2:14-cv-000784-JCC

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

20

*Gregory v. United States,* 101 Fed. Cl. 203 (2011) (Mississippi) (Judge Wheeler); (10) *Thompson v. United States*, 101 Fed. Cl. 416 (2011) (Michigan) (Judge Braden); (11) *Dana R. Hodges Trust v. United States*, 101 Fed. Cl. 549 (2011) (Michigan) (Judge Damich); (12) *Raulerson v. United States*, 99 Fed. Cl. 9, 11-12 (2011) (South Carolina) (Judge Margolis); (13) *Rogers v. United States*, 101 Fed. Cl. 287 (2011) (Florida) (Judge Williams); (14) *Whispell Foreign Cars v. United States*, 100 Fed. Cl. 529 (2011) (Florida) (Judge Hewitt); (15) *Jenkins v. United States*, 102 Fed. Cl. 598 (2011) (Iowa) (Judge Firestone); (16) *Adkins v. United States*, 2012 US Claims Lexis 1975 (2012) (Judge Baskir); (17) *Rhutasel v. United States*, 105 Fed. Cl. 220 (2012) (Iowa) (Judge Smith); (18) *McClurg Family Farm LLC v. United States*, 115 Fed. Cl. 1 (2014) (Iowa) (Judge Allegra); (19) *Burgess v. United States*, 109 Fed. Cl. 223 (2013) (Iowa) (Judge Allegra); (20) *Thomas v. United States*, 106 Fed. Cl. 467 (2012) (Tennessee) (Judge Firestone); (21) *Toscano v. United States*, 107 Fed. Cl. 179 (2012) (Utah) (Judge Bruggink); (22) *Blendu v. United States*, 75 Fed. Cl. 543 (2007) (Idaho) (Judge Hewitt).

### C. Under Washington Supreme Court Precedent, the Change in Use from Rails to Trails Constitutes Abandonment of an Easement Which was Granted for Railroad Purposes Only

The Supreme Court of Washington, in *Lawson v. State*, 730 P.2d 1308 (Wash. 1986) specifically ruled that trail use exceeds a railroad purposes easement under Washington law.  The Court, consistent with almost every other state in the nation, held that "We hold that a <u>change in use from 'rails-to-trails' constitutes abandonment of an easement which was granted for railroad purposes only</u>.  At common law, therefore, the right-of-way would automatically revert to the reversionary interest holders."  *Lawson*, 730 P.2d at 1312-13 (emphasis added).  The *Lawson* opinion is totally dispositive that trail use/railbanking under the Trails Act exceeds the scope of

Plaintiffs' Motion for Declaratory Judgment that the Railroad Originally Acquired an Easement, that the Easement was Limited to Railroad Purposes Only, and that the Railroad's Easement has been Converted to an Easement for a Recreational Trail with the Potential Reactivation of a Railroad by and Through the Trails Act
2:14-cv-000784-JCC

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

21

the original railroad purposes easements under Washington law and that the change from railroad purposes to trail purposes extinguishes the original railroad purposes only easements.

While the Defendants herein will likely attempt to claim that *Lawson* is distinguishable because it did not involve possible reactivation of rail service (i.e., railbanking), such distinction fails because *Preseault II* itself involved railbanking and the Federal Circuit concluded that *Lawson* was "on all fours." *Preseault II* discussed (and approved) *Lawson* at length, as follows:

> The property owners who owned the underlying fee estates sued in Washington State court for a declaratory judgment that this was an unlawful taking without just compensation. The trial court held for the County. The Washington Supreme Court, *en banc*, reversed. The Court stated the common law rule to be that when a deed conveys a right-of-way for railroad purposes only, upon abandonment by the railroad of the right-of-way the land over which the right-of-way passes "reverts" to the reversionary interest holder (the owner of the fee estate) **free of the easement**…

> In addition to outright abandonment of a right of way, there may be a change in use of the right of way which is inconsistent with the purpose for which the right of way was granted. Where the particular use of an easement for the purpose for which it was established ceases, the land **is discharged of the burden of the easement** and right to possession reverts to the original land owner or to that landowner's successor in interest.

*Id*. at 1543-1544 (emphasis added) (citations omitted).

The court went on to hold that **a hiking and biking trail is not encompassed within a grant of easement for railroad purposes**, citing cases from Illinois and Wisconsin, and concluded that "applying common law principles, we hold that a change in use from 'rails to trails' constitutes abandonment of an easement which was granted for railroad purposes only… At common law, therefore, the right of way would automatically revert to the reversionary interest holders." *Id.* The court went on to hold that a state statute which purported to prevent the ripening of the reversionary interest upon abandonment was unconstitutional as applied to the

Plaintiffs' Motion for Declaratory Judgment that the Railroad Originally
Acquired an Easement, that the Easement was Limited to Railroad Purposes
Only, and that the Railroad's Easement has been Converted to an Easement
for a Recreational Trail with the Potential Reactivation of a Railroad by and
Through the Trails Act
2:14-cv-000784-JCC

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110  Fax (425)455-1626

22

vested property rights of the plaintiffs "insofar as it purports to authorize King County to acquire without payment of just compensation existing reversionary interests which follow easements for railroad purposes only." *Id.*  The Court thus concluded that "King County cannot acquire the right of way from Burlington Northern without payment of just compensation to the reversionary interest holders.  If the County takes this right of way and commences to build a recreation trail, it does so in violation of the constitution." *Id.*, (emphasis added) (citations omitted).

The *Squire Investment* case followed *Lawson* and is also on point.  *King Cty. v. Squire Inv. Co.*, 801 P.2d 1022 (Wash. App. 1990).  In *Squire Investment*, the ICC had issued a Certificate of Abandonment allowing the BNSF to abandon railroad service over the right-way. *Id.* at 1023.  The BNSF subsequently quitclaimed any interest it had in the property.  *Id.*  King County then filed a quiet title action to assert an ownership in the right-of-way, with its goal being to begin using the right-of-way as a recreational trail.  *Id.*  The court first held that the deed, which was for a right-of-way for a railroad, conveyed merely an easement.  *Id.* at 1024. King County contended that its use of the right-of-way as a recreational trail was within the scope of the interest conveyed to the railroad.  *Id.* at 1025.  The court stated that, even if the county <u>had</u> <u>not</u> already "formally abandoned" the line (it had because of the ICC's formal Certificate of Abandonment in that case), "***Lawson v. State* defeats the County's argument**." *Id.* (emphasis added).

In order for the Defendants herein to successfully argue that the railroad purposes easements remain in place, they would effectively have to persuade this Court that the Supreme Court of Washington got it wrong in *Lawson* and that the Federal Circuit misinterpreted *Lawson* in *Preseault II*.  Plaintiffs submit, however, that the Federal Circuit's interpretation of *Lawson* is

Plaintiffs' Motion for Declaratory Judgment that the Railroad Originally Acquired an Easement, that the Easement was Limited to Railroad Purposes Only, and that the Railroad's Easement has been Converted to an Easement for a Recreational Trail with the Potential Reactivation of a Railroad by and Through the Trails Act
2:14-cv-000784-JCC

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

23

correct and the Supreme Court of Washington's clear statement that a change in use from railroad purposes to trail purposes constitutes an abandonment of an easement which was granted for railroad purposes only is actually nothing more than a clear statement of binding precedent on the Defendants herein.   Despite the Defendants' disagreements with the numerous and consistent holdings from the Supreme Court of Washington, the Federal Circuit and the Court of Federal Claims, it is the law and binding precedent that the railroad purpose easements were extinguished by the Trails Act and no longer exist.

## V.    CONCLUSION

The railroad originally acquired the railroad corridor adjacent to all Plaintiffs' land in this case through two deeds and one condemnation.   Those original source conveyances granted easements to the railroad for railroad purposes only.   Now, by and through the Trails Act, and pursuant to specific authority from the Supreme Court of Washington, the railroad's original easements for railroad purposes have now been converted to an easement for recreational trail use with the possible reactivation of a railroad and the railroad purposes easements no longer exist.   As a result, Plaintiffs are entitled to a declaration of law from the Court that:

(1) The railroad originally acquired an easement for the railroad corridor;

(2) The railroad's easement was limited to use for railroad purposes; and

(3) The railroad's easement for railroad purposes no longer exists and has been converted to an easement for recreational trail with the potential reactivation of the railroad by and through the Trails Act.

Date: December 2, 2014.                              BAKER STERCHI COWDEN & RICE, L.L.C.

By: /s/ Thomas S. Stewart
Thomas S. Stewart
Elizabeth McCulley

---

Plaintiffs' Motion for Declaratory Judgment that the Railroad Originally Acquired an Easement, that the Easement was Limited to Railroad Purposes Only, and that the Railroad's Easement has been Converted to an Easement for a Recreational Trail with the Potential Reactivation of a Railroad by and Through the Trails Act
2:14-cv-000784-JCC

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

24

Laura J. Bettenhausen
2400 Pershing Road, Suite 500
Kansas City, MO 64108
Telephone:  (816) 471-2121
Facsimile:  (816) 472-0288
stewart@bscr-law.com
mcculley@bscr-law.com
bettenhausen@bscr-law.com

and

RODGERS DEUTSCH & TURNER, P.L.L.C
Daryl A. Deutsch, WSBA No. 11003
Rodgers Deutsch & Turner, P.L.L.C.
3 Lake Bellevue Dr. Suite 100
Bellevue, WA  98005
Telephone:  (425) 455-1110
Facsimile:  (425) 455-1626
daryl@rdtlaw.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of December, 2014, a copy of the above and foregoing was filed with the Clerk of the Court, with a copy of the same being served via U.S. mail on this 2nd day of December, 2014, to:

Timothy G. Leyh
Randall Thomsen
Kristin Ballinger
CALFO, HARRIGAN, LEYH & EAKES, LLP
999 Third Avenue, Ste. 4400
Seattle, WA  98104
timl@calfoharrigan.com
randallt@calfoharrigan.com
kristinb@calfoharrigan.com
*Attorneys for Defendant Port of Seattle*

Gavin W. Skok
Bryan J. Case
Courtney L. Seim
James E. Breitenbucher

Plaintiffs' Motion for Declaratory Judgment that the Railroad Originally Acquired an Easement, that the Easement was Limited to Railroad Purposes Only, and that the Railroad's Easement has been Converted to an Easement for a Recreational Trail with the Potential Reactivation of a Railroad by and Through the Trails Act
2:14-cv-000784-JCC

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

RIDDELL WILLIAMS PS
1001 – 4th Avenue, Ste. 4500
Seattle, WA  98154-1065
gskok@riddellwilliams.com
bcase@riddellwilliams.com
cseim@riddellwilliams.com
jbreitenbucher@riddelwilliams.com
*Attorneys for Defendant Puget Sound Energy*

Andrew W Marcuse
David J. Hackett
King County Prosecuting Attorney, Civil Division
500 4th Avenue, Suite 900
Seattle, WA 98104-5039
andrew.marcuse@kingcounty.gov
david.hackett@kingcounty.gov
*Attorneys for Defendant King County*

Desmond L. Brown
Loren Armstrong
General Counsel
Central Puget Sound Regional Transit Authority (Sound Transit)
401 S. Jackson Street
Seattle, WA  98104-2826
Desmond.brown@soundtransit.org
Loren.armstrong@soundtransit.org
*Attorneys for Defendant*
*Central Puget Sound Regional Transit Authority*

/s/ Thomas S. Stewart_____
Attorney for Plaintiff

4823-1625-6288, v.  1

Plaintiffs' Motion for Declaratory Judgment that the Railroad Originally
Acquired an Easement, that the Easement was Limited to Railroad Purposes
Only, and that the Railroad's Easement has been Converted to an Easement
for a Recreational Trail with the Potential Reactivation of a Railroad by and
Through the Trails Act
2:14-cv-000784-JCC

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

26