1

2

3

4                                              The Honorable John C. Coughenour

5

6                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
7                                    AT SEATTLE

8    SCOTT AND KATHRYN KASEBURG, et al.,        )
                                                )   No. 14-cv-00784-JCC
9                              Plaintiffs,       )
                                                )
10                    vs.                        )   DECLARATION OF CHRISTIE TRUE
                                                )
11   PORT OF SEATTLE,  a municipal corporation;  )
     PUGET SOUND ENERGY, INC., a Washington      )
12   for profit corporation and KING COUNTY, a   )   NOTE ON MOTION CALENDAR:
     home rule charter county, and CENTRAL PUGET )   February 20, 2015
13   SOUND REGIONAL TRANSIT AUTHORITY, a         )
     municipal corporation,                      )
14                                                )
                               Defendants.        )
15   _____ )

16        I, Christie True, declare and state the following:

17        1.      I am over eighteen years of age.  I have personal knowledge of the facts contained

18   in this declaration and am otherwise competent to testify to the matters in this declaration.

19        2.      I am the Director of King County Department of Natural Resources and Parks.

20        3.      King County is the current owner of all property rights formerly held by BNSF in

21   the South Rail Corridor (the "Corridor") segment of the Eastside Rail Corridor at issue in this

22   lawsuit, subject to certain encumbrances as described below.  The Eastside Rail Corridor (the

23   "ESRC") is sometimes referred to as the Woodinville Subdivision.  The County assumed

DECLARATION OF CHRISTIE TRUE
(14-cv-00784-JCC) - 1

**Daniel T. Satterberg,** Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-8820  Fax (206) 296-8819

1   responsibility to manage the railbanked portion of the ESRC through Notices of Interim Trail

2   Use issued by the Surface Transportation Board ("STB") and a Trail Use Agreement executed by

3   the BNSF Railway Company ("BNSF") and King County.

4       4.      True and correct copies of the three Notices of Interim Trail Use ("NITU") for the

5   ESRC, two dated October 27, 2008, and one dated November 25, 2008,are attached here to as

6   Exhibits A, B, and C.  Exhibit A is the NITU that applies to the Corridor.

7       5.      A true and correct copy of the Trail Use Agreement for the ESRC is attached

8   hereto as Exhibit D.

9       6.      True and correct copies of the February 4, 2010 letters from BNSF to the STB

10  providing notice that the County and BNSF has entered into a Trail Use Agreement are attached

11  hereto as Exhibits E, F, and G, respectively.  Exhibit E is the letter that relates to the Corridor.

12      7.      A true and correct copy of a map showing the areas of the Eastside Rail Corridor

13  that are in active freight service and in railbanked status is attached hereto as Exhibit H.  The

14  geographic boundaries of the entire ESRC stretch from Renton north to the City of Snohomish,

15  and from Woodinville to the City of Redmond.  As depicted on Exhibit H, approximately 14.5

16  miles of the ESRC are in active freight service status (mileposts 23.8 to 38.25 on the main line)

17  and approximately 26 miles of the ESRC are in railbanked status (mileposts 5.0 to 23.8 on the

18  main line and mileposts 0.0 to 7.3 on the Redmond Spur).

19      8.      The Parks and Recreation Division of the King County Department of Natural

20  Resources and Parks is presently undertaking trail master-planning for the railbanked portion of

21  the ESRC outside of Kirkland and Redmond.  Kirkland and Redmond are undertaking their own

22  trail plans.  King County's trail master-plan is expected to be complete in 2016.  A true and

23

DECLARATION OF CHRISTIE TRUE
(14-cv-00784-JCC) - 2

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

1   correct copy of a document illustrating the scope and timing of the County's trail master-

2   planning work is attached hereto as Exhibit I.

3         9.      Preservation of the ESRC is a major public project in which several "Regional

4   Partners" have participated, including the Port of Seattle ("Port"), Central Puget Sound Regional

5   Transit Authority ("Sound Transit"), Puget Sound Energy ("PSE") and the Cities of Kirkland and

6   Redmond.  A true and correct copy of the Memorandum of Understanding outlining the initial

7   understanding of the roles of these parties is attached hereto as Exhibit J.  In Section 3 of the

8   Memorandum of Understanding the parties express their intent to carry out trail, public

9   transportation and utility uses subject to reactivation of the right-of-way for freight rail service.

10        10.     In the railbanked portion of the Eastside Rail Corridor the primary goals of King

11   County are to preserve the ESRC from being lost to abandonment so that it may be available if

12   freight service is needed in the future, and to develop a world class trail and provide other

13   substantial and beneficial public transportation and utility services.  A true and correct copy of

14   Ordinance 15233, dated July 12, 2005, is attached as Exhibit K.  Recital C of Ordinance 15233

15   states that acquiring the ESRC through the federal railbanking program offers the County "a

16   unique opportunity to retain the corridor's continuous, unbroken ownership for potential

17   recreation and transportation use before it is . . . lost forever." A true and correct copy of

18   Ordinance 17503 without attachments, dated December 11, 2012, is attached hereto as Exhibit L.

19   Ordinance 17503 and its attachments may be easily retrieved online through the Legislation

20   search page of the Metropolitan King County Council at

21   http://www.kingcounty.gov/council/legislation.aspx.  In Exhibit L attached hereto, Recital C of

22   Ordinance 17503 states that the ESRC is comprised of "a contiguous set of parcels that together

23   offer unique and significant opportunities that would be impossible to recreate if the parcels were

DECLARATION OF CHRISTIE TRUE
(14-cv-00784-JCC) - 3

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

1  disaggregated and sold off to private interests." Recital S of Ordinance 17503 states in part that

2  maintaining the ESRC in contiguous public ownership offers a "once-in-a-lifetime" opportunity

3  to expand the County's regional trail system, to encourage vibrant, prosperous and sustainable

4  communities, and to safeguard and enhance King County's natural resources and environment.

5      11.    The County and the other Regional Partners have relied on the legal effect of

6  railbanking under 16 U.S.C. 1247(d) and its implementing regulations at 49 C.F.R. Part 1152 to

7  protect and preserve the railroad easements that BNSF owned in the ESRC and which, but for

8  railbanking, would have been lost through reversion when BNSF ended freight service.

9  Moreover, the continuation of the railroad easements conveyed by BNSF to the Port and then

10  from the Port to the County, is necessary in order to allow the County to develop a trail and

11  manage the ESRC as required by the National Trails System Act Amendments of 1983, and to

12  allow the other public transportation and utility uses envisioned by the Regional Partners.   By

13  way of example, Section 8.1(c) of the Donation Agreement for the Woodinville Subdivision

14  (South Rail Line) between BNSF Railway Company, the Port of Seattle and King County, dated

15  May 12, 2008 and the Purchase and Sale Agreement for the Woodinville Subdivision (North Rail

16  Line) between BNSF Railway Company, the Port of Seattle and King County, dated May 12,

17  2008, true and correct copies of which are attached as Exhibits M and N, state that BNSF's sale

18  of the North Rail Line and its donation of the South Rail Line to the Port were contingent on

19  STB approval of railbanking for a portion of the North Rail Line and all of the South Rail Line

20  portion of the ESRC.   Similarly, sections 3.2 to 3.4 of the 2009 Memorandum of Understanding

21  attached as Exhibit J state that railbanking will be established on the Southern Portion of the

22  Woodinville Subdivision and the Redmond Spur, and that, consistent with railbanking, those

23

DECLARATION OF CHRISTIE TRUE
(14-cv-00784-JCC) - 4

Daniel T. Satterberg, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-8820  Fax (206) 296-8819

1  portions will be available for public transportation use and utility use in addition to public trail

2  use.

3       12.    In the active freight section of the Woodinville Subdivision, the primary goal has

4  been to maintain existing interstate freight service from the Woodinville area in King County

5  north through unincorporated King County and Snohomish County to the BNSF main line in the

6  City of Snohomish.  A true and correct copy of the "Quit Claim Deed Woodinville North Freight

7  Portion" from BNSF to the Port dated December 18, 2009 is attached hereto as Exhibit O.  In the

8  second paragraph on page 1 of that Exhibit O, BNSF excepted and reserved to itself and its

9  successors and assigns an exclusive easement for freight rail purposes.  Likewise, section 3.1 of

10  the 2009 Memorandum of Understanding attached as Exhibit J states that freight rail service

11  subject to the jurisdiction of the STB will continue on the Freight Portion.

12       13.    In Exhibit N, attached hereto, Section 1 of the Purchase and Sale Agreement

13  defines the Property subject to that agreement as the North Rail Line, which includes a Freight

14  Portion and a Railbanked Portion.  Section 1 of the Purchase and Sale Agreement also defines

15  the "South Rail Line," which is the subject of the also defined Donation Agreement, or South

16  Agreement.  Section 2 of the Purchase and Sale Agreement requires the County to pay the Port

17  $1,903,000 at closing, and for the Port to pay BNSF $106,903,000 at closing.  Section 8.2(b) of

18  the Purchase and Sale Agreement conditions the closing of the sale of the North Rail Line on a

19  simultaneous closing of the conveyance of the South Rail Line under the South Agreement.

20  Section 4.4 of the Purchase and Sale Agreement includes a title warranty from BNSF: "BNSF

21  does represent and warrant that BNSF's ownership interest in and to the Property, even subject to

22  the Third Party Leases/Licenses, is sufficient to permit railroad operations on the Property,

23  including passenger railroad operations; and to permit BNSF to convey the Property as

DECLARATION OF CHRISTIE TRUE
(14-cv-00784-JCC) - 5

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

1  contemplated in this Agreement and the Other Agreements." Section 4.4 of the Purchase and

2  Sale Agreement also says that the Property will be conveyed subject to all matters affecting the

3  property whether of record or not.  Section 9.2 of the Purchase and Sale Agreement requires

4  execution of an Assignment at closing.  The Assignment is attached as Exhibit E to the Purchase

5  and Sale Agreement and calls for the assignment to and assumption by the Port of the leases and

6  licenses that had previously been granted by BNSF for use of the Property, except for certain

7  Fiber Optic Agreements.  These leases and licenses are included in Exhibit F to the Purchase and

8  Sale Agreement.  Section 9.2 of the Purchase and Sale Agreement also requires the execution of

9  a Public Multipurpose Easement between the Port and the County at closing.

10        14.      In Exhibit M, attached hereto, Section 1 of the Donation Agreement defines the

11  Property subject to that agreement as the South Rail Line.  Under Section 1 of the Donation

12  Agreement, and except for one small segment not at issue in this lawsuit, the South Rail Line is

13  comprised of the Railbanked Portion.  Plaintiffs in this lawsuit reside along a segment of the

14  South Rail Line.  Section 1 also defines the North Rail Line, which is the subject of the Purchase

15  and Sale Agreement or North Agreement.  Section 2 of the Donation Agreement requires BNSF

16  to donate the Property to the Port at closing.  Section 8.2(b) of the Donation Agreement

17  conditions the closing of the donation on a simultaneous closing of the conveyance of the North

18  Rail Line under the North Agreement.  Section 4.4 of the Donation Agreement includes a title

19  warranty from BNSF: "BNSF does represent and warrant that BNSF's ownership interest in and

20  to the Property, even subject to the Third Party Leases/Licenses, is sufficient to permit railroad

21  operations on the Property, including passenger railroad operations; and to permit BNSF to

22  convey the Property as contemplated in this Agreement and the Other Agreements." Section 4.4

23  of the Donation Agreement also says that the Property will be conveyed subject to all matters

DECLARATION OF CHRISTIE TRUE
(14-cv-00784-JCC) - 6

Daniel T. Satterberg, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

1    affecting the property whether of record or not. Section 9.2 of the Donation Agreement requires

2    execution of the Assignment at closing. The Assignment is attached as Exhibit E to the

3    Donation Agreement and calls for the assignment to and assumption by the Port of the leases and

4    licenses that had previously been granted by BNSF for use of the Property, except for certain

5    Fiber Optic Agreements. These leases and licenses are included in Exhibit F to the Donation

6    Agreement. Section 9.2 of the Donation Agreement also requires the execution of a Public

7    Multipurpose Easement between the Port and the County at closing.

8         15.     True and correct copies of the 7th Amendment to the Purchase and Sale

9    Agreement and the Donation Agreement, each dated December 17, 2009, are attached hereto as

10   Exhibits P and Q, wherein the purchase price in the Purchase and Sale Agreement was adjusted

11   to $81,449,000.

12        16.     A true and correct copy of the "Quit Claim Deed Woodinville North Railbanked

13   Portion" from BNSF to the Port dated December 18, 2009 is attached hereto as Exhibit R.

14        17.     A true and correct copy of the "Quit Claim Deed Woodinville South" from BNSF

15   to the Port dated December 18, 2009 is attached hereto as Exhibit S.

16        18.     A true and correct copy of the Assignment of Third Party Leases/Licenses and

17   other Contracts from BNSF to the Port dated December 18, 2009 is attached hereto as Exhibit T.

18        19.     A true and correct copy of the Public Multipurpose Easement from the Port to

19   King County dated December 18, 2009 (the "Multipurpose Easement") is attached hereto as

20   Exhibit U. Recitals 4 and 6 of the Multipurpose Easement say that the Parties intend to use the

21   ESRC for regional recreational trail and other transportation purposes, and that if interstate

22   freight service is reactivated it should be integrated with the intended regional trail and

23   transportation uses. Section 1 of the Multipurpose Easement grants the County the right to use

DECLARATION OF CHRISTIE TRUE
(14-cv-00784-JCC) - 7

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-8820 Fax (206) 296-8819

1  the ESRC for a regional trail and to carry out its railbanking obligations.  Section 4 of the

2  Multipurpose Easement requires that the ESRC be made available for reactivated interstate

3  freight service if required by the STB, and that the parties to cooperate to be fully compensated

4  for the rights and interests in the ESRC and any improvements of the ESRC.

5      20.    A true and correct copy of pages 1, 13, and 20-23 of "Defendant BNSF's

6  Responses to Plaintiffs' First Set of Interrogatories and Requests for Documents" in Lane, et. al.

7  v. Port of Seattle, et al., King County Superior Court No. 10-2-25591-5 SEA, are attached here to

8  as Exhibit V.  On page 13 of this document BNSF states that it claimed a deduction of

9  $326,161,990 on its federal income tax return for the tax year ending December 31, 2009 with

10  respect to the disposition of the Southern Portion of the ESRC.

11      21.    A true and correct copy of the Purchase and Sale Agreement between the Port and

12  King County dated February 18, 2013 (the "2013 P&SA") is attached hereto as Exhibit W.

13  Section 1.1 of the 2013 PS&A defines the "Property" that is the subject of the 2013 P&SA.

14  Section 2 of the 2013 P&SA states that the purchase price for the Property is $15,800,000.

15  Section 9 of the 2013 P&SA says that the County's Public Multipurpose Easement will terminate

16  through the doctrine of merger as to any land conveyed by the Port to the County under the 2013

17  P&SA.  Section 11.2.4 of the 2013 P&SA requires execution of an assignment of all the "Port's

18  right, title and interest in and to the Third Party Leases, Licenses or Contracts listed in Schedule

19  1 to the 2013 P&SA.  The form of the assignment is attached as Exhibit E to the 2013 P&SA.

20  Schedule 1 is also attached to the 2013 P&SA.

21      22.    A true and correct copies of the quit claim deed from the Port to King County

22  dated February 13, 2013 along the contemporaneously executed Assignment of Third Party

23

DECLARATION OF CHRISTIE TRUE
(14-cv-00784-JCC) - 8

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-8820  Fax (206) 296-8819

1  Leases, Licenses and Contracts (without the Schedule 1 list of agreements), are attached hereto

2  as Exhibit X.

3      23.    In order to carry out the shared public goals for the railbanked portion of the

4  ESRC, the County joined with other Regional Partners to form the Eastside Rail Corridor

5  Regional Advisory Council ("Advisory Council").  A true and correct copy of the King County

6  Motion establishing the Advisory Council is attached hereto as Exhibit Y.

7      24.    The Advisory Council has been meeting regularly over the last two-plus years to

8  coordinate ESRC planning and development, and has issued a document entitled "*Creating*

9  *Connections Recommendations on the Eastside Rail Corridor from the Regional Advisory*

10 *Council*."  A true and correct copy of this document (the "RAC Report") is attached hereto as

11 Exhibit Z.  On page 7 of the RAC Report, it states that the ESRC provides a rare and unique

12 opportunity to develop a major north-south corridor for multiple, important purposes: mobility,

13 utility infrastructure, and recreation.  On that same page, the RAC Report further states that

14 development of the ESRC will help shape our region for decades.  On page 11, the RAC Report

15 states that preservation of the ESRC in public ownership offers an unparalleled opportunity,

16 consistent with the federal Rails-to-Trails Act, to serve this quickly growing region with trail,

17 high-capacity transit, and utility connections.  On page 12, the RAC Report states that planning

18 will be carried out carefully to allow for multiple uses and so as not to preclude future

19 opportunities.  On page 18, the RAC Report states that the goal for the ESRC is that it will be a

20 multiuse corridor that would be able to accommodate trail, high-capacity transit, and utility use,

21 as well as freight use if the railbanked portion is ever reactivated for freight.  Appendix 5 to the

22 RAC Report (page 85 of Exhibit Z) states that railbanking under 16 U.S.C. §1247(d) preserves

23 disused portions of interstate rail lines by allowing them to be used for trails and other

DECLARATION OF CHRISTIE TRUE
(14-cv-00784-JCC) - 9

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-8820  Fax (206) 296-8819

1   compatible uses for an indefinite but interim period, and that railbanked property may be

2   restored to active service in appropriate circumstances by a bona fide interstate freight rail

3   operator. On that same page, Appendix 5 to the RAC Report further states that a core duty of an

4   interim trail user is to ensure that sufficient real property interest remain in a railbanked corridor

5   to allow the restoration of freight rail service, and that the various additional uses contemplated

6   for the railbanked segments of the Woodinville Subdivision are compatible with preserving the

7   ESRC for future freight use.

8           25.     The County manages the railbanked portion of the ESRC in part by issuing

9   special use permits and other rights to allow third-party uses under King County Code Chapter

10  4.56, Chapter 14.30, and other authorities. King County also regularly inspects, maintains and

11  repairs the full length and width of the ESRC and works with adjacent landowners to remove

12  encroachments. Encroachments are a concern throughout the railbanked portion of the ESRC.

13          26.     On or about December 15, 2014, a property owner in the vicinity of the properties

14  owned by the Plaintiffs in this lawsuit used a backhoe, without the permission of the County or

15  regulatory permits, to remove a bulkhead and dig into the Corridor, disturbing the rail bed and

16  potentially undermining the stability of it. Representatives of the King County Parks Division

17  and the King County Department of Permitting and Environmental Review directed the property

18  owner to stop. True and correct copies of photographs of this work are attached hereto as

19  Exhibit AA. This incident demonstrates the importance of the County being able to control all

20  interim uses of and alterations to the railbanked portion of the ESRC, including the Corridor at

21  issue in this lawsuit.

22          27. The County owns a major wastewater sewer trunk line, known as the Eastside

23  Interceptor, that serves the greater east side, including Kirkland, Redmond, Issaquah, Lake Hills,

DECLARATION OF CHRISTIE TRUE
(14-cv-00784-JCC) - 10

Daniel T. Satterberg, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-8820 Fax (206) 296-8819

1    Bellevue, and Newcastle.  It carries sewage from these communities south to King County's

2    treatment plant in Renton.  The Eastside Interceptor extends in a linear fashion through portions

3    of the ESRC.  The Interceptor was initially installed between 1961 and 1964, and the County

4    obtained easements and permits from BNSF for the Interceptor in that same time frame.

5

6        I declare under penalty of perjury of the laws of the United States and the State of

7    Washington that, to the best of my knowledge, the foregoing is true and correct.

8        Signed this 2nd day of February, 2015 at Seattle, Washington.

9

10

11   Christie True

12

13

14

15

16

17

18

19

20

21

22

23

DECLARATION OF CHRISTIE TRUE
(14-cv-00784-JCC) - 11

Daniel T. Satterberg, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-8820  Fax (206) 296-8819