UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT AND KATHRYN KASEBURG, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PORT OF SEATTLE, et al., <br><br> Defendants. | No. 2:14-cv-000784 <br><br> **PUGET SOUND ENERGY, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO PLAINTIFFS' THIRD AMENDED COMPLAINT** |

Defendant Puget Sound Energy, Inc. ("PSE"), by and through its attorneys of record, answers the allegations in Plaintiffs' Third Amended Complaint as set forth below. Each allegation not specifically admitted is denied. The paragraph numbers correspond to those in Plaintiffs' Third Amended Complaint.

**I.   ANSWER**

**Nature of Action**

1.   PSE admits that there is a railroad right-of-way in King County that runs along the east side of Lake Washington from milepost 5.0 near Kennydale to milepost 10.60 at Wilburton, but denies that the right-of-way is "abandoned." PSE lacks knowledge or

PSE'S ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIM - (No. 2:14-cv-00784) - 1
4838-3954-5890.01

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

1　information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and therefore denies the same.

2.　Admit.

3.　The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, PSE denies the same.

4.　Deny to the extent the allegations contained in this paragraph are directed toward PSE.  To the extent the allegations contained in this paragraph are directed toward the Port of Seattle (the "Port") King County (the "County"), Central Puget Sound Regional Transit Authority ("Sound Transit"), and/or Cascade Water Alliance ("Cascade") no response is required from PSE and PSE makes no response.

5.　Deny that Plaintiffs are entitled to any relief against PSE.

**The Parties**

6.　The allegations contained in this paragraph are directed toward the Port and therefore no response is required from PSE.  Insofar as a response is required, PSE lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies the same.

7.　Admit.

8.　The allegations contained in this paragraph are directed toward the County and therefore no response is required from PSE.  Insofar as a response is required, PSE lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies the same.

9.　The allegations contained in this paragraph are directed toward Sound Transit and therefore no response is required from PSE.  Insofar as a response is required, PSE lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies the same.

PSE'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM - (No. 2:14-cv-00784) - 2
4838-3954-5890.01

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

10. The allegations contained in this paragraph are directed toward Cascade and therefore no response is required from PSE. Insofar as a response is required, PSE lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies the same.

11-95. PSE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in these paragraphs and therefore denies the same. The various "current deed[s] evidencing ownership" that are referenced in these paragraphs and attached as Exhibits 1-85 to Plaintiffs' Third Amended Complaint speak for themselves as to their contents and legal significance, if any.

### Jurisdiction and Venue

96. Denied.

97. Admit Defendants reside in King County, that a substantial part of the events or omissions giving rise to the claims occurred in King County and that all of the property that is the subject of this action is situated in King County.

### Facts Pertinent to All Causes for Relief

98. PSE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore denies the same.

99. The allegations contained in this paragraph are directed toward the Port, and therefore no response is required from PSE. Insofar as a response from PSE is required, PSE makes no response other than that the three recorded documents referenced in this paragraph speak for themselves as to their contents and legal significance, if any.

100. Judge Charles F. Lettow's decision in *Haggart v. United States*, 108 Fed. Cl. 70 (Fed. Cl. 2012), speaks for itself as to its contents and legal significance, if any. PSE denies that the *Haggart* decision is binding on this Court.

101. PSE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore denies the same.

PSE'S ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIM - (No. 2:14-cv-00784) - 3
4838-3954-5890.01

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

102-107. The allegations in these paragraphs are either not directed toward PSE and/or state legal conclusions and/or characterize statutes. Thus, no response is required. To the extent a response is required, the National Trails System Act, including the Rails-to-Trails Act amendments of 1983, as well as the other federal statutes and regulations cited in these paragraphs, speak for themselves as to their contents and legal significance, if any.

108. PSE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation regarding BNSF's Petition for Exemption and therefore denies the same. King County's request for Interim Trial Use pursuant to 49 C.F.R. 1152.29, which is attached as Exhibit A to Plaintiffs' Third Amended Complaint, speaks for itself as to its contents and legal significance, if any.

109. PSE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore denies the same. PSE does however specifically that the railroad corridor is abandoned. The Notice of Interim Trial Use, which is attached as Exhibit B to Plaintiffs' Third Amended Complaint, speaks for itself as to its contents and legal significance, if any.

110. The Purchase and Sale Agreement between the Port, the County, and BNSF, which is attached as Exhibit C to Plaintiffs' Third Amended Complaint, speaks for itself as to its contents and legal significance, if any.

111. The Donation Agreement between the Port, the County, and BNSF, which is attached as Exhibit D to Plaintiffs' Third Amended Complaint, speaks for itself as to its contents and legal significance, if any.

112-113. PSE admits that it is a party to a document dated November 5, 2009, and titled "Memorandum of Understanding Regarding Acquisition of the Woodinville Subdivision." This document, which is attached as Exhibit E to Plaintiffs' Third Amended Complaint, speaks for itself as to its contents and legal significance, if any.

PSE'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM - (No. 2:14-cv-00784) - 4
4838-3954-5890.01

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

114. PSE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of this paragraph and therefore denies the same. With respect to the remaining allegations in this paragraph, the Quit Claim Deed, which is attached as Exhibit F to Plaintiffs' Third Amended Complaint, speaks for itself as to its contents and legal significance, if any.

115. PSE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of this paragraph and therefore denies the same. PSE further responds that insofar as this paragraph concerns an Interim Trail Use Agreement between King County and BNSF, that agreement speaks for itself as to its contents and legal significance, if any. Regarding the allegations contained in the third sentence of this paragraph, Exhibit G attached to Plaintiffs' Third Amended Complaint does not appear to be the Interim Trail Use Agreement between King County and BNSF.

116. The allegations in this paragraph state legal conclusions and are not directed toward PSE and therefore no response is required from PSE. Insofar as a response from PSE is required, PSE denies the same.

117. PSE admits that the Port granted easement rights to PSE, as set forth in a document recorded under King County Recording No. 20101221000998, and titled "South Rail Line Easement." This document, which is attached as Exhibit H to Plaintiffs' Third Amended Complaint, speaks for itself as to its contents and legal significance, if any.

118. PSE lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of this paragraph and therefore denies the same. With respect to the remaining allegations in this paragraph, the "High Capacity Transportation Easement," which is attached as Exhibit L to Plaintiffs' Third Amended Complaint, speaks for itself as to its contents and legal significance, if any.

119. Ordinance 17503, which is attached as Exhibit I to Plaintiffs' Third Amended Complaint, speaks for itself as to its contents and legal significance, if any.

PSE'S ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIM - (No. 2:14-cv-00784) - 5
4838-3954-5890.01

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

120. The allegations in this paragraph are not directed toward PSE and therefore no response is required from PSE. Insofar as a response from PSE is required, the Real Estate Purchase and Sale Agreement, which is attached as Exhibit J to Plaintiffs' Third Amended Complaint, speaks for itself as to its contents and legal significance, if any.

121. The allegations in this paragraph are not directed toward PSE and therefore no response is required from PSE. Insofar as a response from PSE is required, the Quit Claim Deed, which is attached as Exhibit K to Plaintiffs' Third Amended Complaint, speaks for itself as to its contents and legal significance, if any.

122. The allegations in the first two sentences of this paragraph and the last two sentences of this paragraph are not directed toward PSE and therefore no response is required from PSE. Insofar as a response from PSE is required, PSE denies the same. PSE specifically denies the allegations in the third sentence of this paragraph.

## COUNT I – QUIET TITLE

123. PSE incorporates by reference its responses to paragraphs 1-122.

124-127. The allegations in this paragraph are not directed toward PSE and/or state legal conclusions and therefore no response is required from PSE. Insofar as a response from PSE is required, PSE denies the same, except that PSE admits that the Quit Claim Deed referenced in paragraph 124 was attached to the original Complaint as Exhibit F.

128. PSE admits only that it is a party to a document recorded under King County Recording No. 20101221000998, and titled "South Rail Line Easement." This document speaks for itself as to its contents and legal significance, if any.

129. Denied.

130. The allegations in this paragraph are not directed toward PSE and/or state legal conclusions and therefore no response is required from PSE. Insofar as a response from PSE is required, PSE denies the same. PSE admits that the Memorandum of Understanding was Exhibit E to Plaintiffs' original Complaint and the High Capacity Transportation Agreement is Exhibit L

PSE'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM - (No. 2:14-cv-00784) - 6
4838-3954-5890.01

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

to Plaintiffs' Third Amended Complaint.

131.    The allegations in this paragraph are not directed toward PSE and/or state legal conclusions and therefore no response is required from PSE.  Insofar as a response from PSE is required, PSE denies the same.

132-134.    To the extent the allegations contained in paragraphs 132-134 state legal conclusions and/or are directed toward the Port, County, Sound Transit, and/or Cascade no response is required from PSE.  Insofar as the allegations contained in paragraphs 132-134 are directed toward PSE and a response is required, PSE denies the same.

## COUNT II – DECLARATORY JUDGMENT

135.    PSE incorporates by reference its responses to paragraphs 1-134.

136.    This paragraph states a legal conclusion and therefore no response is required from PSE.  Insofar as a response is required, PSE lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies the same.

137.    This paragraph states a legal conclusion and/or the allegations in this paragraph are not directed toward PSE and therefore no response is required from PSE.  Insofar as a response is required, PSE lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies the same.

138.    This paragraph states a legal conclusion and/or the allegations in this paragraph are not directed toward PSE and therefore no response is required from PSE.  Insofar as a response from PSE is required, the Quit Claim Deed, which was attached as Exhibit F to Plaintiffs' original Complaint, speaks for itself as to its contents and legal significance, if any. PSE otherwise denies the remaining allegations in this paragraph, if any.

139.    This paragraph states a legal conclusion and/or the allegations in this paragraph are not directed toward PSE and therefore no response is required from PSE.  Insofar as a response from PSE is required, PSE denies the same.

140.    To the extent this paragraph states a legal conclusion and/or the allegations

PSE'S ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIM - (No. 2:14-cv-00784) - 7
4838-3954-5890.01

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

contained in this paragraph are directed solely toward the Port, no response is required from PSE. With respect to any allegations against PSE, PSE admits that the Port granted PSE an easement, which speaks for itself as to its contents and legal significance, if any. All other allegations against PSE in this paragraph are denied.

141. This paragraph states a legal conclusion and/or the allegations in this paragraph are not directed toward PSE and therefore no response is required from PSE. Insofar as a response from PSE is required, PSE denies the same. PSE admits that the Memorandum of Understanding was Exhibit E to Plaintiffs' original Complaint and the High Capacity Transportation Agreement is Exhibit L to Plaintiffs' Third Amended Complaint.

142. This paragraph is a legal conclusion to which no response is required. Insofar as a response is required, deny that Plaintiffs are entitled to the relief requested.

143. Insofar as the allegations in this paragraph are not directed toward PSE and/or state legal conclusions, no response is required. To the extent the allegations contained in this paragraph are directed toward PSE and/or a response is required, PSE denies the same.

PSE denies that Plaintiffs are entitled to the judgment and relief they request.

## II.   AFFIRMATIVE DEFENSES

For its affirmative defenses to Plaintiffs' Third Amended Complaint, PSE alleges as follows:

1. Plaintiffs fail to state a claim against PSE upon which relief can be granted.

2. Plaintiffs have failed to join an indispensable party or parties under Federal Rule of Civil Procedure 19.

3. Insofar as any relief sought could have the effect of preventing or interfering with rail transportation or would amount to a regulation of rail transportation, the claims are preempted pursuant to federal law.

4. Insofar as Plaintiffs seek to directly or indirectly enjoin or suspend a rule, regulation, or order of the Surface Transportation Board, or to the extent their requested relief

PSE'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM - (No. 2:14-cv-00784) - 8
4838-3954-5890.01

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

1  would have the effect of doing so, this Court lacks subject matter jurisdiction over this matter.

2      5.    Plaintiffs, in whole or in part, are not real parties in interest.

3      6.    To the extent applicable, PSE asserts and incorporates by reference any additional affirmative defenses that co-defendants the Port of Seattle, King County, Sound Transit, and Cascade asserted in their respective answers.

    7.    PSE reserves the right to amend its Answer and assert additional affirmative defenses as additional facts are obtained through further investigation and discovery.

### III.   COUNTERCLAIM

For its counterclaim against Plaintiffs, PSE alleges as follows:

*Parties*

1. PSE is a Washington corporation doing business and owning real property in the State of Washington, including King County.  PSE is a regulated utility, providing electrical power to customers throughout western Washington.

2. On information and belief, with respect to the parties, PSE incorporates by reference the allegations contained in paragraphs 11-95 in Plaintiffs' Third Amended Complaint.

*Jurisdiction and Venue*

3. Insofar as this Court has jurisdiction over the parties and Plaintiffs' claims, this Court also has jurisdiction over PSE's counterclaim and the parties thereto.  Insofar as venue is proper in this Court for Plaintiffs' claims, it is also proper for PSE's counterclaim.

*Facts*

4. Pursuant to a document titled the "South Rail Line Easement," recorded on December 21, 2010, under King County Recording No. 20101221000998, the Port of Seattle granted PSE an easement over, along, above, and below the BNSF rail corridor beginning in Woodinville and running south until the southern end of Lake Washington.

5. The South Rail Line Easement provided that PSE shall have the right to use and

PSE'S ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIM - (No. 2:14-cv-00784) - 9
4838-3954-5890.01

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

enjoy the Easement Area for the following purposes:

    a)    To construct, operate, maintain, repair, replace, improve, remove, enlarge, and use the Easement Area for one or more utility systems for purposes of transmission, distribution and sale of electricity. Such systems may include, but are not limited to:

        i.    **Overhead facilities**. Poles, towers and other support structures with crossarms, braces, guys and anchors; electric transmission and distribution lines; fiber optic cable and other lines, cables and facilities for communications; transformers, street lights, meters, fixtures, attachments and any and all other facilities or appurtenances necessary or convenient to any or all of the foregoing; and

        ii.    **Underground facilities**. Conduits, lines, cables, vaults, switches and transformers for electricity; fiber optic cable and other lines, cables and facilities for communications; semi-buried or ground-mounted facilities and pads, manholes, meters, fixtures, attachments and any and all other facilities or appurtenances necessary or convenient to any or all of the foregoing.

    b)    To construct, operate, maintain, repair, replace, improve, remove, enlarge, and use the Easement Area for Grantee's utility systems for purposes of transmission, distribution and sale of gas ("Gas Facilities"). Such Gas Facilities may include, but are not limited to underground facilities such as pipes, pipelines, mains, laterals, conduits, regulators and feeders for gas; semi-buried or ground-mounted facilities and pads, manholes, meters, fixtures, attachments and any and all other facilities or appurtenances necessary or convenient to any or all of Grantee's Gas Facilities.

### *Cause of Action – Quiet Title*

6.    Pursuant to the South Rail Line Easement, PSE holds a valid and enforceable easement over, along, above, and below the BNSF rail corridor.

### IV.    REQUEST FOR RELIEF

PSE requests the following relief:

1.    An order dismissing Plaintiffs' Third Amended Complaint with prejudice;

2.    Insofar as this Court has jurisdiction and the parties' claims are not preempted by 49 U.S.C. §10501(b), an order quieting title in favor of PSE's easement rights in the BNSF rail corridor;

3.    An award of costs, disbursements, and reasonable attorneys' fees to the extent

PSE'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM - (No. 2:14-cv-00784) - 10
4838-3954-5890.01

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

1  permitted by law; and

2      4.    Such other and further relief as this Court may deem just and equitable.

4  DATED this 30th day of March, 2015.

5                      RIDDELL WILLIAMS P.S.

By  /s/ *James E. Breitenbucher*
      Gavin W. Skok, WSBA #29766
      James E. Breitenbucher, WSBA #27670
      Courtney Seim, WSBA #35352
      Bryan J. Case, WSBA #41781
      Attorneys for Puget Sound Energy, Inc.

PSE'S ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIM - (No. 2:14-cv-00784) - 11
4838-3954-5890.01

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

## CERTIFICATE OF SERVICE

The undersigned hereby certifies on the 30th day of March, 2015, the foregoing was filed electronically with the Clerk of the Court to be served via the Court's electronic filing system upon all parties of record.

| | |
|---|---|
| Thomas S. Stewart<br>Elizabeth G. McCulley<br>Baker Sterchi Cowden & Rice, LLC<br>2400 Pershing Road, Suite 500<br>Kansas City, MO 64108<br><br>Email:  stewart@bscr-law.com<br>           mcculley@bscr-law.com | Loren G Armstrong<br>Desmond L. Brown<br>Sound Transit<br>401 South Jackson Street<br>Seattle, WA  98104<br><br>Email:  loren.armstrong@soundtransit.org;<br>           desmond.brown@soundtransit.org |
| Daryl A. Deutsch<br>Rodgers Deutsch & Turner, PLLC<br>3 Lake Bellevue Drive, Suite 100<br>Bellevue, WA 98005<br><br>Email:  daryl@rdtlaw.com | David JW Hackett<br>Andrew W. Marcuse<br>Pete Ramels<br>King County Prosecuting Attorney's Office<br>500 Fourth Avenue, Suite 900<br>Seattle, WA  98104<br><br>Email:  david.hackett@kingcounty.gov<br>           Pete.ramels@kingcounty.gov<br>           andrew.marcuse@kingcounty.gov |
| Timothy G. Leyh<br>Randall Thomsen<br>Kristin Ballinger<br>Calfo Harrigan Leyh & Eakes LLP<br>999 Third Avenue, Suite 4400<br>Seattle, WA 98104<br><br>Email:  timl@calfoharrigan.com<br>           randallt@calfoharrigan.com<br>           kristinb@calfoharrigan.com | |

DATED this 30th day of March, 2015.

                ___s/ James Breitenbucher_____
                James Breitenbucher

PSE'S ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIM - (No. 2:14-cv-00784) - 12
4838-3954-5890.01

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington  98154-1192
206.624.3600