The Honorable John C. Coughenour

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT AND KATHRYN KASEBURG, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>PORT OF SEATTLE, a municipal corporation; PUGET SOUND ENERGY, INC., a Washington for profit corporation and KING COUNTY, a home rule charter county, and CENTRAL PUGET SOUND REGIONAL TRANSIT AUTHORITY, a municipal corporation,<br><br>Defendants. | NO. 2:14-CV-00784-JCC<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' DECLARATORY JUDGMENT CLAIM**<br><br>**NOTED FOR:<br>FRIDAY, JUNE 19, 2015** |

Defendants ask this Court to affirmatively rule as a matter of law that railbanking "preserved"[1] existing railroad easements in the corridor and allowed for interim trail use under 16 U.S.C. 1247(d) "Trails Act." Def.s' Br., Doc. 95, at p. 1. This Court should deny Defendants' motion because under the Trails Act, the existing railroad easement is not

---

[1] The Defendants repeatedly say that the railroad easement has been "preserved" without actually defining exactly what that means. In any event, the Defendants are careful to say that they are not asking the Court "to decide the entirety of plaintiffs' declaratory judgment claim by determining the precise scope of the property interest obtained from BNSF, but only that all railroad easements obtained from BNSF were 'preserved,' through railbanking. *See* Def.'s Br., Doc. 95, at p. 1, fn. 1.

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' DECLARATORY JUDGMENT CLAIM
Case No. 2:14-cv-00784-JCC - Page 1

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110  Fax (425)455-1626

preserved, but rather, the easement is converted to a trail easement with the potential reactivation of a railroad—an easement for future use, not current use.

What the Defendants are really saying is that railbanking is a railroad purpose. No court has ever held that railbanking is a railroad purpose. The federal government, to no avail, made that argument for decades in an attempt to avoid liability in Rails-to-Trails cases. Railbanking is not a railroad purpose. Railbanking has nothing to do with constructing, operating or maintaining the movement of trains over the rails. Railbanking is not "maintaining" a railroad, but rather, involves the discontinuance of railroad operations, removal of tracks and rails and use for a non-train public purpose perpetually. Thus, railbanking is not "maintenance" of the railroad and is not a railroad purpose. *See*, e.g., *Glosemeyer v. United States*, 45 Fed. Cl. 771, 781 (Fed. Cl. 2000); *Schmitt v. United States*, 2003 WL 21057368, at *8 (S.D. Ind. 2003); *Blendu v. United States*, 75 Fed. Cl. 543 (Fed. Cl. 2007). Railbanking is Congress' method to retain federal jurisdiction over the former railroad right-of-way and allow for interim trail use with the potential reactivation of a railroad. If railbanking were a railroad purpose, there could never be any trails act takings cases, period.

Although the Defendants will readily admit that railbanking is not a railroad purpose, they continue to argue that the railroad purposes easement still exists, which is wrong legally under both federal and state law and ignores the obvious fact that a taking could not occur if the railroad purposes easement still existed. For instance, the federal government has repeatedly argued that the railroad purposes easement has not been extinguished or abandoned upon issuance of a Notice of Interim Trail Use ("NITU") such that a takings did not occur upon issuance of a NITU, an argument routinely rejected by the Courts. Here, the Defendants are

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' DECLARATORY JUDGMENT CLAIM
Case No. 2:14-cv-00784-JCC - Page 2

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

making this same argument using different words. Just as the Court of Federal Claims and the Federal Circuit routinely reject that argument, this Court should reject Defendants' argument as well. The important point, which the Defendants collectively miss, is that the railroad purposes easement was extinguished but the physical characteristics of its existence remain for railbanking purposes if ever reactivated. Finally, the ultimate point is that state law defines the present existing property rights after the taking and state law is clear that the trail operator acquired what the railroad originally owned, a surface easement for a hiking and biking trail. *See Lawson v. State*, 138 P.2d 1308 (Wash. 1986).

Further, in Trails Act takings cases, the land is valued in the before and after conditions—the before value of the land is unencumbered by a railroad easement—not valued with a railroad purposes easement. If the Defendants were correct that the railroad purposes easement currently exists, the before value would be encumbered by a railroad purposes easement. This notion has been routinely and flatly rejected by the courts. *See Haggart v. United States*, 108 Fed. Cl. 70, 96 (Fed. Cl. 2012); *Macy Elevator*, 105 Fed.Cl. 195 (Fed. Cl. 2102).

### A. PLAINTIFFS DO NOT DISPUTE THAT THE FORMER RAILROAD CORRIDOR IS RAILBANKED

The Defendant asserts that the Trails Act emphasizes that it "preserves railroad easements… First, the Trails Act does not create a contingent future interest that springs back into existence upon reactivation as plaintiffs argued… Congress enacted 16 U.S.C. § 1247(d) 'to preserve established railroad rights-of-way for future reactivation.'" Def.'s Br., Doc. 95 at p. 7. As Congress stated, the right-of-way is preserved—jurisdiction maintained—for <u>future</u>

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' DECLARATORY JUDGMENT CLAIM
Case No. 2:14-cv-00784-JCC - Page 3

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

reactivation—not current use. The railroad purposes easement <u>is converted</u> to an easement for recreational trail use with the potential reactivation of a railroad—that is how Congress preserved the railroad purposes easement—not current preservation, but rather, future reactivation.

### B. RAILBANKING IS NOT A RAILROAD PURPOSE AND RAILBANKING DOES NOT ALLOW THE RAILROAD EASEMENT TO BE HELD BY THE EASEMENT HOLDER

The Surface and Transportation Board ("STB) cannot issue a NITU, which blocks reversion of the line to the adjacent landowners, until all of the conditions of the railroad's abandonment have been met. *See Caldwell v. United States*, 391 F.3d 1226 (Fed. Cl. 2004); *see also Rogers v. United States*, 101 Fed. Cl. 287, 293 (Fed. Cl. 2011). It is that plain and simple — the STB cannot issue a NITU if the railroad has not met all the criteria for abandonment and the STB cannot issue a NITU unless all the conditions for the railroad's abandonment have been met. *Id.*

Defendants assert that "a railroad could retain ownership of its railroad easements in a corridor, but then lease those interests to a trail sponsor… This is only possible, however, if the underlying railroad easement is preserved… Absent the railroad easement, there would be no property rights to grant to the trail sponsor." *See* Def.'s Br., Doc. 95, at p. 8. What? Not so. Congress enacted the Trails Act in order to allow railroads who want to abandon their railroad line to, instead of abandonment, enter into an agreement with a third party and transfer the surface easement—which is then converted into a trail easement with the potential reactivation of a railroad. The Defendants attempt to misconstrue the law to hold that the railroad purposes easements currently exist (no doubt to further argue that the railroad

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' DECLARATORY JUDGMENT CLAIM
Case No. 2:14-cv-00784-JCC - Page 4

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110  Fax (425)455-1626

purposes easement can be used, including incidental uses),[2] however, as the STB and secondary sources state, the Trails Act blocks reversionary interests (which is why the Trails Act states that abandonment is blocked) and trail use can occur while the right-of-way remains intact. Exactly, the physical characteristics of the right-of-way remain intact so that if the line can be reactivated in the future if necessary. *See Rail Abandonments—Use of Rights-of-Way as Trails* (49 CFR Parts 1105 & 1152), 21 C.C.2d 591, 597 1986 WL 68617 (Apr. 16, 1986).

Defendants assert that "[a]s a result, absent abandonment, the railroad easement rights do not revert to the owner of the underlying fee, but instead remain in effect and are held by the easement holder." Not so. In the railbanking process, the federal government maintains jurisdiction and a railroad only has the right to petition the STB for reactivation of the railroad, not the trail user—the trail user cannot use the recreational trail easement for railroad purposes or any other purposes. The Defendants cite and attempt to rely on "advisory" opinions from the STB at length as to what a trail user can ultimately use the right-of-way for while it is railbanked, but the STB's conclusions are incorrect procedurally and are incorrect legally under the Trails Act if the trail user purports or attempts to be able to use the right-of-way for any purpose other than a recreational trail.

Under Washington law and federal law, by pursuing and entering into a trail use/railbanking agreement, the easement is extinguished and abandoned. *See Lawson*, 730 P.2d 1308; *Preseault II*, 100 F.3d at 1543. *Lawson* controls. The Federal Circuit was clear that

---

[2] The Defendants attempted to argue their ability to use the former railroad corridor for uses other than trail uses in their first motion to dismiss — arguments that this Court rejected. *See* D.E. 59.

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' DECLARATORY JUDGMENT CLAIM
Case No. 2:14-cv-00784-JCC - Page 5

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110 Fax (425)455-1626

*Lawson* "is an example of a case practically on all fours with" *Preseault v. United States*, 100 F.3d at 1525, 1543 (Fed. Cir. 1996).  There are and never have been any plans to reactivate this railroad corridor even prior to the issuance of the NITU.  The petition for exemption to abandon the corridor and request for and the issuance of the NITU was to convert the corridor to interim trail use.  A use inconsistent with railroad purposes constitutes abandonment of the easement under Washington Law.  *See Lawson*, 730 P.2d 1308.  As stated by the Federal Circuit, "possible resumption of railroad operations at some undefined time in the future [is] of course self-serving and not indicative of the facts and circumstances" at the time of the taking, and does not defeat abandonment.  *See Preseault II*, 100 F.3d at 1548.

The Courts have also always rejected the argument that railbanking preserves the railroad purposes easement: "There is no question that this potentiality, insofar as these particular easements are concerned, exists purely in the realm of the hypothetical.  No evidence was offered of a present intent to reinstate rail service in the future. Cases discussed in connection with abandonment seem to make it clear that such contingent possibilities do not forestall abandonment."   *Glosemeyer*, 45 Fed. Cl. at 780 (holding "[i]n sum, neither component of railbanking the preservation of the rail line for future use nor the 'interim' use of the easement as a recreation trail-constitutes a railroad purpose under Missouri law.").

Courts have always declined to find railbanking a railroad purpose. *See, e.g.*, *Preseault II*, 100 F.3d at 1554 (Rader, J., concurring) (rejecting the railbanking argument as a "vague notion," incapable of overriding the present use of the property as a recreational trail.); *Capreal, Inc. v. United States*, 99 Fed. Cl. 133, 146 (Fed. Cl. 2011) (interpreting Massachusetts law in which the court stated, "that railbanking is too hypothetical and unlikely to serve as a railroad purpose.");

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' DECLARATORY JUDGMENT CLAIM
Case No. 2:14-cv-00784-JCC - Page 6

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

*Nordhus Family Trust v. United States*, 98 Fed. Cl. 331, 339 (Fed. Cl. 2011) (interpreting Kansas law, the court stated, "[i]n the present case, there is no evidence of any plan to reactivate the rail service simply a speculative assertion by Defendant that some resumed rail service could occur in the future. The transfer of the easement to entities completely unconnected with rail service, and the removal of all rail tracks on the corridor, lead the Court to conclude that any future rail use simply is unrealistic."); *Macy Elevator,* 97 Fed. Cl. at 730 (interpreting Indiana law and relying on *Preseault II* to deem railbanking "irrelevant to the question of whether a taking has occurred."); *Rogers v. United States*, 90 Fed. Cl. 418, 432 (Fed. Cl. 2009) (interpreting Florida law and indicating, "[h]ere, as in *Preseault II*, the use of the right-of-way as a public trail while preserving the right-of-way for future railroad activity was not something contemplated by the original parties to the Honore conveyance back in 1910"). Defendant's relentless argument that railbanking provides evidence of intent to preserve a railroad right-of-way instead of abandonment while allowing the right-of-way to be used for interim trail use fails as a matter of law**.**

The Defendants' schizophrenic response first admits that railbanking is not a railroad purpose, but then says that the railroad easement still exists, when the railroad easement has clearly extinguished under both federal and state law. The original railroad purposes easements involved in this case were converted to a recreational trail easement with the potential reactivation of a railroad as a matter of law by and through the Trails Act. The Defendants' Motion to Dismiss argued that railbanking was a preservation of the railroad easement under the Trails Act and was a railroad purpose that did not exceed the scope of an easement granted for railroad purposes. *See* D.E. 36 at 9. Now. Defendants argue that railbanking preserves the

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' DECLARATORY JUDGMENT CLAIM
Case No. 2:14-cv-00784-JCC - Page 7

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

railroad purposes easement. *See* D.E. 95 at 1. This entire argument has repeatedly been rejected and is totally worn out.

The Defendants' attempted arguments that the railroad purposes easement still exists are incredible. In fact, the Defendants not only misinterpret numerous Trails Act cases but remarkably state that all of the binding authority to the effect that the railroad purposes easement is extinguished do not actually say that. These arguments are nothing more than a refrain of prior arguments made by the Defendants to the effect that the railroad purposes easement was not abandoned through the railbanking process, an argument already specifically rejected by this Court. *See* D.E. 59, p. 4. Contrary to all of the Defendants' lame arguments, the railroad's easement extinguishes because of the change in use from railroad purposes under extensive and numerous authority in a myriad of federal cases and from the Supreme Court of Washington too. The reason that railway purposes easements terminate is because the easement holder changes the use in a way that goes far beyond the purpose for which the easement was created — this is basic property law that the Defendants herein simply fail to acknowledge.[3]

More importantly, however, the Supreme Court of Washington, in *Lawson*; specifically ruled that trail use exceeds a railroad purpose under Washington law and specifically held that "<u>We hold that a change in use from 'rails-to-trails' constitutes abandoned of an easement which was granted for railroad purposes only</u>." *Lawson*, 730 P.2d at 1312-13 (emphasis added). The overwhelming federal authority on this topic and the *Lawson* opinion from the Supreme Court of

---

[3] The Federal cases citing and relying on this basic principal of property law are too numerous to even cite. Plaintiffs cited and relied on *Macy Elevator v. United States*, 105 Fed. Cl. 195 (Fed. Cl. 2012) as support of this basic property law proposition and the Defendants made an ill-fated attempt to distinguish the reasoning behind the conclusion. For a more thorough list of the 22 Federal cases so holding, *see* Plaintiffs' Motion for Declaratory Judgment, Doc. 55, at pgs. 20-21.

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' DECLARATORY JUDGMENT CLAIM
Case No. 2:14-cv-00784-JCC - Page 8

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

Washington is totally dispositive that trail use/railbanking under the Trails Act exceeds the scope of the original railroad purposes easement under Washington law and that the change from railroad purposes to trails purposes extinguishes the original railroad purposes only easements.

### C.  *LAWSON* IS CONTROLLING AND BINDING PRECEDENT

*Lawson* applies and is binding precedent.  Defendants' rely heavily on the case of *Good v. Skagit County*, 17 P.3d 1216 (Wash. App. 2001), where the Washington Court of Appeals pointed out that *Lawson* "did not involve an alleged taking under Section 1247(d) of the Trails Act." 17 P.3d at 1219.  The holding in *Good* was that the Trails Act preempts state law, and that the action had to be brought under the Tucker Act in the Federal Court of Claims.  *Id.* at 1221. Plaintiffs agree that *Good* was correct in the context of whether federal law preempts state law, but it in no way, shape, or form, provides guidance about whether recreational trail use is beyond the scope of railroad purposes easements.  The scope of the easement issue was decided squarely in the affirmative by the Washington Supreme Court in *Lawson* (as recognized at length in *Preseault II*), and again in *Squire Investment*, but simply was not before the Washington Court of Appeals in *Good*.

In order for the Defendant to prevail on an argument that *Lawson* does not apply because it did not involve railbanking, it would effectively have to persuade this Court that the Federal Circuit misinterpreted *Lawson* in *Preseault II*.  Plaintiffs submit, however, that the Federal Circuit's interpretation of *Lawson* is extremely relevant and persuasive authority for this Court. The Federal Circuit was clear that *Lawson* "is an example of a case practically on all fours with" *Preseault II*.  100 F.3d at 1543.  Even the dissent in *Preseault II* recognized that *Lawson* is a "leading case" and "is virtually on all fours with the facts of this case (except that the plaintiff

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' DECLARATORY JUDGMENT CLAIM
Case No. 2:14-cv-00784-JCC - Page 9

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

sued the state, not the United States): a state with a railbanking policy which used state government agencies to convert an old railroad easement to a recreational trail …." *Id.* at 1574. ***Preseault II*, itself a railbanking case, relied on *Lawson* as a leading case that was "on all fours"; thus, the Defendant's attempt to distinguish *Lawson* on the basis that it did not involve railbanking defies logic and has no merit**. Despite the Defendants' disagreement with the consistent holdings of the Federal Circuit and the Supreme Court of Washington, it is the law and the Defendant is bound by binding precedent.

Besides the United States Supreme Court, other courts have likewise cited *Lawson* for the proposition that authorization for trail use/railbanking exceeds a railroad purpose easement. *See Preseault I*, 494 U.S. at 926 (stating that "reference to state law has guided other courts seeking to determine whether a railway right of way lapsed upon conversion to trail use" and then citing *Lawson* for the proposition that "change in use would give effect to reversionary interest"); *National Wildlife Federation v. Interstate Commerce Comm'n,* 850 F.2d 694, 704-708 (D.C. Cir. 1988); *Glosemeyer v. United States*, 45 Fed. Cl. 771, 780 (Fed. Cl. 2000); *Eldridge v. City of Greenwood*, 503 S.E.d 191, 202 (S.C. Ct. App. 1998). The fact of the matter is that *Lawson* and *Squire Investment* are indeed directly on point. Under Washington law, the Railroad acquired an easement limited to railroad purposes and railbanking and public recreational trail is not a railroad purpose, and the railroad purpose easement does not currently exist, period.

### D.  CONCLUSION

In sum, Defendant's request that this Court affirm that the railroad purposes easement that currently exists must be rejected. Under binding precedent, the change in use from a

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' DECLARATORY JUDGMENT CLAIM
Case No. 2:14-cv-00784-JCC - Page 10

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

railroad purpose to a trail extinguishes the railroad purposes easement, which has now been converted to an easement for recreational trail use with the potential reactivation of a railroad.

Date: June 15, 2015.                        STEWART, WALD & McCULLEY, L.L.C.

                                            By  /s/ *Thomas S. Stewart*
                                               Thomas S. Stewart
                                               Elizabeth McCulley
                                               9200 Ward Parkway, Suite 550
                                               Kansas City, MO 64114
                                               Telephone:    (816) 303-1500
                                               Facsimile:    (816) 527-8068
                                               stewart@swm.legal
                                               mcculley@swm.legal

                                            AND

                                            RODGERS DEUTSCH & TURNER, P.L.L.C.
                                            Daryl A. Deutsch, WSBA No. 11003
                                            Rodgers Deutsch & Turner, P.L.L.C.
                                            3 Lake Bellevue Dr. Suite 100
                                            Bellevue, WA  98005
                                            Telephone    (425) 455-1110
                                            Facsimile    (425) 455-1626
                                            daryl@rdtlaw.com
                                            **ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of June 2015, the foregoing was served via electronic mail, postage prepaid upon all parties of record.

Daryl Allan Deutsch
daryl@rdtlaw.com

Timothy G Leyh
timl@calfoharrigan.com,
Randall Thor Thomsen
randallt@calfoharrigan.com,
Kristin Elizabeth Ballinger

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' DECLARATORY JUDGMENT CLAIM
Case No. 2:14-cv-00784-JCC - Page 11

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

1  kristinb@calfoharrigan.com

2  Desmond L Brown
   desmond.brown@soundtransit.org

3  Loren G Armstrong
   loren.armstrong@soundtransit.org

4

5  David JW Hackett
   david.hackett@kingcounty.gov,

6  Peter George Ramels
   Pete.ramels@kingcounty.gov

7  Andrew W Marcuse
   andrew.marcuse@kingcounty.gov

8

9  James Erik Breitenbucher
   jbreitenbucher@riddellwilliams.com

10 Gavin Williams Skok
   gskok@riddellwilliams.com

11 Courtney L Seim
   cseim@riddellwilliams.com

12 Bryan J. Case
   bcase@riddellwilliams.com

13

14 Dale Noel Johnson
   dnj@vnf.com

15

16

17                                         /s/ *Thomas S. Stewart*

18

19

20

21

22

23

24

25

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' DECLARATORY JUDGMENT CLAIM
Case No. 2:14-cv-00784-JCC - Page 12

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626