The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT AND KATHRYN KASEBURG, et al.,<br><br>                              Plaintiffs,<br><br>    vs.<br><br>PORT OF SEATTLE, a municipal corporation; PUGET SOUND ENERGY, INC., a Washington for profit corporation and KING COUNTY, a home rule charter county, and CENTRAL PUGET SOUND REGIONAL TRANSIT AUTHORITY, a municipal corporation<br><br>                              Defendants. | No. 14-cv-00784-JCC<br><br>DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S DECLARATORY JUDGMENT CLAIM<br><br>NOTE ON MOTION CALENDAR:<br>June 19, 2015<br><br>ORAL ARGUMENT REQUESTED |

By its express terms, the Trails Act operates "to preserve established railroad right[s]-of-way" and allow for interim trail use. 16 U.S.C. §1247(d). Although Plaintiffs claim ignorance as to what "preserve" might mean, *see* Resp. at 1 (Dkt. 98), the plain language of the statute, its legislative history, STB decisions, and relevant court decisions all compel the conclusion that

DEFENDANTS' REPLY IN SUPPORT OF MOTION
FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S
DECLARATORY JUDGMENT CLAIM
(14-cv-00784-JCC) - 1

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-8820 Fax (206) 296-8819

1  railbanking operates to maintain the railroad easement while adding trail use.[1]  Because no

2  disputed issue of material fact exists, this Court should grant Defendants' motion for partial

3  summary judgment.

### A.  No Material Issues of Fact Preclude Summary Judgment

Under Fed. R. Civ. P. 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  *See also Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013).  Here, the question raised in Defendants' Motion for Partial Summary Judgment—Did railbanking under the Trails Act preserve the railroad easements in the corridor and allow for interim use of the corridor as a trail?—is properly answered as a matter of law because Defendants' declarations are unrefuted.  Plaintiffs do not contest that this issue is resolvable as a matter of law.

Defendants filed and cited to numerous declarations establishing the factual framework supporting their partial summary judgment motion.  As a result, under Rule 56, Plaintiffs had the burden to come forward with sufficient evidence establishing the existence of a disputed issue of material fact.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)).

Because Plaintiffs did not submit any counter-evidence, the record is amenable to a decision as a matter of law.  There are no disputed facts when the party opposing judgment does not proffer any declarations.  *Watts v. United States*, 703 F.2d 346, 348 (9th Cir. 1983).  By failing to submit *any* declarations, Plaintiffs have created a record that "is so one-sided that one party must prevail as a matter of law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106

---

[1] The dictionary establishes that "preserve" means "to keep safe from injury, harm, or destruction," "protect," "to keep alive, intact, in existence, or from decay," "to remain fresh or in its original state."  Webster's Third New Int'l Dictionary at 1794 (2002).

DEFENDANTS' REPLY IN SUPPORT OF MOTION
FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S
DECLARATORY JUDGMENT CLAIM
(14-cv-00784-JCC) - 2

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986). In short, Defendants' motion for partial summary judgment should be decided and granted based on the undisputed record submitted by Defendants.

**B.    The Court Should Reject Plaintiffs' Effort to Re-Argue Points That Were Already Rejected**

Without acknowledging this Court's April 23, 2015 Order ("Order") denying Plaintiffs motion for declaratory judgment (Dkt. 91), Plaintiffs continue to put forward the same arguments that this Court already rejected. For example, Plaintiffs spend the bulk of their twelve-page brief trying to incorrectly recharacterize Defendants' position by arguing that "railbanking is not a railroad purpose," and that under state law, railroad easements are generally abandoned with the cessation of rail operations. But this Court already has recognized that "Defendants do not appear to dispute these points . . . and such points do not go to the heart of the issue, which is whether a discontinuance in use, *when accompanied by operation of the Trails Act*, triggers an *extinguishment* of railway easements." Order at 12 (emphasis in original).

It is immaterial whether railbanking is a "railroad purpose," because the Trails Act preserves a railroad easement and preempts state reversion law through the mechanism of railbanking regardless of the easement's original purpose. Indeed, Plaintiffs and their current counsel received nearly $140 million in compensation for the associated taking in this railroad corridor because the Trails Act *prevented* the abandonment and extinguishment of the railroad easement while imposing the additional burden of trail use.

Plaintiffs again claim the support of cases "too numerous to cite," but do not refer to *any* cases in their response brief apart from those that this Court already has considered in denying Plaintiffs' original motion. Resp. at 8 n.3. They cite *Macy Elevator v. United States*, 105 Fed.

DEFENDANTS' REPLY IN SUPPORT OF MOTION
FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S
DECLARATORY JUDGMENT CLAIM
(14-cv-00784-JCC) - 3

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

Cl. 195 (Fed. Cl. 2012) and the "22 cases" previously cited in their prior Motion for Declaratory Judgment (Resp. at 8 n.3), but this Court already found that:

> Plaintiff's leading case, *Macy Elevator*, 105 Fed. Cl. 195, does not sufficiently address the precise nature of the remaining burdens on that railbanked land, as *Macy Elevator* pertained to takings and compensation valuation issues.  The other takings cases cited by Plaintiff likewise fail to establish that a change in use from railroad purposes will *extinguish* the rail easement when the Trails Act is invoked.  The Port of Seattle presents ample support for their contention that "[n]one of these cases held that the original railroad easement no longer existed." . . . Thus, Plaintiffs have failed to establish that, as a matter of law, a change in use from railroad purposes extinguishes the easement, even in situations in which the Trails Act has wrought its preemptive powers.

Order at 15.  Plaintiffs' make no effort to explain any flaw in this Court's reasoning, which was firmly rooted in the statutory language and cases applying it.

Plaintiffs similarly assert—without any authority—that railbanking is merely effective in preserving the "physical dimensions" of a rail corridor "for future reactivation, not current use." Resp. at 3-4.  But the Court previously addressed and rejected this contention as well: "Plaintiffs fail to establish as a matter of law their contention that 'the rail banking statue merely prevents the land from reverting back to landowners and preserves the physical characteristics of the corridor [but not the easement itself] in case reactivation ever occurs,' at which time the easement presumably springs back into existence."  Order at 15 n.6.  Plaintiffs again make no effort to improve on a theory that was previously rejected by this Court and at odds with the statute.

Finally, Plaintiffs again argue that *Lawson v. State*, 107 Wn.2d 444, 730 P.2d 1308 (1986) supports their theory, but fail to address this Court's previous determination that "*Lawson* and *Squire Investment* do not establish, as a matter of law, that Plaintiffs' position is correct." Order at 16.  As Defendants pointed out in their motion for partial summary judgment, the

DEFENDANTS' REPLY IN SUPPORT OF MOTION
FOR PARTIAL SUMMARY JUDGENT ON PLAINTIFF'S
DECLARATORY JUDGMENT CLAIM
(14-cv-00784-JCC) - 4

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

*Lawson* decision could not address the effect of railbanking on a Washington railroad easement because it did not involve an application of the Trails Act. The case may be on "all fours" in showing what happens in the *absence* of the Trails Act, but that is not the issue in the current case. Here, operation of the Trails Act through the railbanking process has preserved BNSF's railroad easements and added the additional burden of a trail.

Plaintiffs do not offer any bases for the Court to retreat from its prior reasoning. In the absence of any material issues of fact, the Court should grant Defendants' motion for partial summary judgment and hold that railbanking preserved the railroad easements and added the additional burden of a trail.

C.    **Plaintiffs Fail to Overcome the Substantial Legal Authorities Cited by Defendants**

In all of their filings with this Court, Plaintiffs have attempted to shoe-horn the resolution of this lawsuit into the takings case law, even though this is *not* a takings case. Plaintiffs have made little or no effort to refute the myriad of legal sources that directly oppose their position.

1.    **Plaintiffs Have Not And Cannot Refute The Federal Preemptive Effect Of The Trails Act And The ICC Termination Act**

Plaintiffs do not acknowledge or attempt to argue against the federal preemptive effect of the ICC Termination Act (and its supporting cases) and the import of *City of Ford v. United States*, 106 Fed. Cl. 136 (2012). *See* Defendants' Motion for Partial Summary Judgment (Dkt. 95 at 21-22 and n.19). The unambiguous holding of *City of Ford* guides this Court's analysis:

> …it is immaterial whether [BNSF] abandoned the right-of-way for purposes of [Washington] law. As the Federal Circuit explained in *Barclay v. United States*, 443 F.3d 1368 (Fed. Cir. 2006), while state law generally creates property interests, the STB has "exclusive and plenary jurisdiction" to regulate railroad abandonments and the disposition of reversionary interests. 443 F.3d at 1374 (quoting *Preseault v. Interstate Commerce Comm'n*, 494 U.S. 1, 8, 110 S.Ct. 914, 108 L.Ed.2d 1 (1990)). Accordingly, federal, not state, law controls when abandonment occurs. *See id.* ("Abandonment cannot occur until authorized by federal law."); *Nat'l Wildlife Fed'n v. Interstate Commerce*

DEFENDANTS' REPLY IN SUPPORT OF MOTION
FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S
DECLARATORY JUDGMENT CLAIM
(14-cv-00784-JCC) - 5

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

*Comm'n*, 850 F.2d 694, 704 (D.C.Cir.1988) ("Nor may state law cause a reverter of a right-of-way prior to an [STB]-approved abandonment.").

*City of Ford,* 106 Fed. Cl. at 140 ("BNSF" and "Washington" substituted in brackets). Accordingly, Washington abandonment law is irrelevant to the specific issue raised by this motion because federal law and the Trails Act preempt any operation of state abandonment law.

### 2. Plaintiffs Have Not Acknowledged -- And In Fact Misrepresent – the *Haggart* Case

In their briefing on this motion and their prior motion for declaratory judgment, Plaintiffs fail to address or acknowledge Judge Lettow's unambiguous articulation of the "before" and "after" condition on which he based the measure of Plaintiffs' takings compensation in *Haggart v. United States*, 108 Fed. Cl. 70 (2012). In *Haggart*, the "after" condition of the Plaintiffs' property was "uncontested"—it was "property burdened by a general easement permitting recreational trail use with the potential for future railway use by way of rail-banking or possible future development of a commuter rail line." *Id.* at 96.

Similarly, Plaintiffs have never tried to refute Judge Lettow's unambiguous holding that "Rail-banking under the Trails Act preserves railroad-purpose easements which otherwise would terminate by operation of law, thus retaining the easements for potential later reactivation of railroad use." *Id.* at 76 n.3. In fact, Plaintiffs' only citation to *Haggart* is in support of the nonsensical statement that "If the Defendants were correct that the railroad purposes easement currently exists, the before value would be encumbered by a railroad purposes easement." Dkt. 98 at 3:12-16 (*citing Haggart* at 96). That statement is nonsensical because (1) *Haggart* simply doesn't support what Plaintiffs suggest, and (2) on page 97, *Haggart* explains the exact opposite. *Haggart* at 97-98 ("The [railroad] easements *would have* terminated through abandonment, leaving Plaintiffs with unencumbered property, *but for the Trails Act, the NITU, and the rail-*

DEFENDANTS' REPLY IN SUPPORT OF MOTION
FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S
DECLARATORY JUDGMENT CLAIM
(14-cv-00784-JCC) - 6

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

*banking provision*. The true 'before' state of the Plaintiffs' property, *absent federal intervention through the action of the STB, would have been* a fee unencumbered by easements. Damages should therefore be calculated using the value of Plaintiffs' property in unencumbered condition.") (emphasis added).

### 3. Plaintiffs Ignore All of the Cases and STB Decisions That Squarely Address the Issue of What Property Rights Remain After Railbanking

As pointed out in Defendants' partial summary judgment motion, the case law is uniform that the Trails Act preserves the railroad easement rights while adding trail use. *See State v. Preseault*, 163 Vt. 38, 652 A.2d 1001, 1003 (1994); *Illig v. U.S.*, 58 Fed. Cl. 619 (2003); *Grantwood Village v. Missouri Pac. R.R. Co.*, 95 F.3d 654 (8th Cir. 1996); *Palmetto Conservation Found. v. Smith*, 642 F. Supp. 2d 518 (D.S.C. 2009). Plaintiffs fail to mention—much less discuss or distinguish—these cases in their responsive briefing. These cases directly answer the question currently before the Court and support entry of partial summary judgment for Defendants.

Plaintiffs similarly do not address the numerous Surface Transportation Board ("STB") decisions cited by Defendants, stating, "the STB's conclusions are incorrect procedurally and are incorrect legally under the Trails Act." Resp. at 5. What is missing from Plaintiffs' general criticism of the STB, however, is any reasoning as to why the STB's decisions are incorrect. The STB is the federal agency charged with regulating rail corridors, including the corridor that is at issue in this case. In addressing the STB's predecessor agency, the Interstate Commerce Commission ("ICC"), the Supreme Court noted, "judicial deference to reasonable interpretations by an agency of a statute that it administers is a dominant, well-settled principle of federal law." *Nat'l R.R. Passenger Corp. v. Boston & Maine Corp.*, 503 U.S. 407, 417, 112 S. Ct. 1394, 118 L.

DEFENDANTS' REPLY IN SUPPORT OF MOTION
FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S
DECLARATORY JUDGMENT CLAIM
(14-cv-00784-JCC) - 7

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

Ed. 2d 52 (1992).  Plaintiffs have "fail[ed] to establish that the ICC's interpretations of its own statutes and regulations are unworthy of deference from this court." *In re Transcon Lines*, 89 F.3d 559, 567 (9th Cir. 1996).

For the foregoing reasons, Defendants respectfully ask this Court to grant their partial motion for summary judgment.  As a result of railbanking under the Trails Act, the existing railroad easement was preserved and trail use was added to the rail corridor.

DATED this 19th day of June, 2015 at Seattle, Washington.

DANIEL T. SATTERBERG
King County Prosecuting Attorney

By: *s/ David J. Hackett*
David Hackett, WSBA #21236
By: *s/ Peter G. Ramels*
Peter G. Ramels, WSBA #21120
By: *s/ Andrew W. Marcuse*
Andrew W. Marcuse, WSBA #27552
Senior Deputy Prosecuting Attorneys
King County Prosecuting Attorney's Office
500 Fourth Ave., 9th Floor
Seattle, WA. 98104
Telephone: (206) 296-8820 / Fax: (206) 296-8819
david.hackett@kingcounty.gov

CALFO HARRIGAN LEYH & EAKES, LLP

By: *s/ Timothy Leyh*
Timothy G. Leyh, WSBA#14853
By: *s/ Randall Thomsen*
Randall Thomsen, WSBA#25310
By: *s/ Kristin Ballinger*
Kristin Ballinger, WSBA#28253
999 Third Avenue, Suite 4400
Seattle, WA 98104
Telephone: (206) 623-1700 / Fax: (206)

DEFENDANTS' REPLY IN SUPPORT OF MOTION
FOR PARTIAL SUMMARY JUDGENT ON PLAINTIFF'S
DECLARATORY JUDGMENT CLAIM
(14-cv-00784-JCC) - 8

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

623-8717
timl@calfoharrigan.com
randallt@calfoharrigan.com
kristinb@calfoharrigan.com
*Attorneys for Port of Seattle*

RIDDELL WILLIAMS P.S.

By: s/ *Gavin W. Skok*
Gavin W. Skok, WSBA #29766
By: *s/ James E. Breitenbucher*
James E. Breitenbucher, WSBA #27670
By: *s/ Courtney Seim*
Courtney Seim, WSBA #35352
By: *s/ Bryan J. Case*
Bryan J. Case, WSBA #41781
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
Telephone: (206) 624-3600 / Fax: (206) 389-1708
*Attorneys for Puget Sound Energy, Inc*.

SOUND TRANSIT

By: *s/ Desmond L. Brown*
Desmond L. Brown, WSBA # 16232
By: *s/ Loren Armstrong*
Loren Armstrong, WSBA #33068
401 S. Jackson Street
Seattle, WA. 98104
Telephone: (206) 398-5212 / Fax: (206) 398-5222
loren.armstrong@soundtransit.org

DEFENDANTS' REPLY IN SUPPORT OF MOTION
FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S
DECLARATORY JUDGMENT CLAIM
(14-cv-00784-JCC) - 9

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

# CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Daryl A. Deutsch WSBA#11003
daryl@rdtlaw.com

Thomas S. Stewart
Elizabeth McCulley
stewart@bscr-law.com
mcculley@bscr-law.com

Gavin W. Skok, WSBA#29766
James E. Brietenbucher, WSBA#27670
Courtney Seim, WSBA#35352
Bryan J. Case, WSBA#41781
gskok@riddellwilliams.com
jbreitenbucher@riddellwilliams.com
cseim@riddellwilliams.com
bcase@riddellwilliams.com

Timothy G. Leyh, WSBA#14853
Randall Thomsen, WSBA#25310
Kristin Ballinger, WSBA#28253
timl@calfoharrigan.com
randallt@calfoharrigan.com
kristinb@calfoharrigan.com

Desmond L. Brown, WSBA #16232
Loren G. Armstrong, WSBA #33068
desmond.brown@soundtransit.org
loren.armstrong@soundtransit.org

I declare under penalty of perjury under the laws of the United States and the State of Washington that the foregoing is true and correct.

DEFENDANTS' REPLY IN SUPPORT OF MOTION
FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S
DECLARATORY JUDGMENT CLAIM
(14-cv-00784-JCC) - 10

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-8820  Fax (206) 296-8819

1

DATED this 19th day of June, 2015 at Seattle, Washington.

2

3

4
*s/ Kris Bridgman*
Kris Bridgman, Legal Secretary
King County Prosecuting Attorney's Office

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

DEFENDANTS' REPLY IN SUPPORT OF MOTION
FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S
DECLARATORY JUDGMENT CLAIM
(14-cv-00784-JCC) - 11

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819