THE HONORABLE JOHN C. COUGHENOUR

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SCOTT AND KATHRYN KASEBURG, ET AL,

Plaintiffs,

vs.

PORT OF SEATTLE, a municipal corporation;
PUGET SOUND ENERGY, INC., a Washington
for profit corporation,
KING COUNTY, a home rule charter county,
and CENTRAL PUGET SOUND REGIONAL
TRANSIT AUTHORITY, a municipal
corporation,

Defendants.

NO. 2:14-CV-000784-JCC

PLAINTIFFS' RESPONSE TO KING
COUNTY'S MOTION TO COMPEL
RESPONSES TO INTERROGATORIES
AND REQUESTS FOR PRODUCTION

NOTE ON MOTION CALENDAR:
AUGUST 7, 2015

**ORAL ARGUMENT REQUESTED**

## I.    INTRODUCTION

Plaintiffs hereby provide their Response to Defendant King County's Motion to Compel Responses to its Interrogatories and Requests for Production.  Plaintiffs stand by each and every one of their objections, which properly characterize King County's discovery requests as irrelevant, duplicative of information that has already been provided to King County, publically available to King County, and submitted for purposes of harassment of Plaintiffs.  King County's discovery requests are particularly irrelevant given the procedural posture of this case.

Under the rules, the "party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements," *Nat'l Union Fire Ins. Co. of Pittsburgh, PA*

Plaintiffs' Response to King County's Motion to Compel Responses to
Interrogatories and Requests for Production — No. 2:14-cv-000784-JCC -
Page 1

*v. Coinstar, Inc.,* No. C13-1014-JCC, 2014 WL 3396124, at *2 (W.D. Wash. July 10, 2014) (J. Coughenour) (citing *La. Pacific Corp. v. Money Market 1 Institutional Inv. Dealer,* 285 F.R.D. 481, 485 (N.D.Cal.2012)).  King County fails to carry this burden and instead merely mistakenly relies on the same errors of law that are prevalent throughout its discovery requests.[1]

Even more problematic for King County, in addition to the obvious relevancy objection for 2/3rds of the Plaintiffs, is that King County has failed to even attempt to rebut the centerline presumption.  Since King County hasn't even attempted to rebut the centerline presumption that these Plaintiffs own the fee to at least the centerline of the corridor, all of King County's requests are directed towards documents that are outside of Plaintiffs' present burden to produce.

Under Washington law, the centerline presumption applies once Plaintiffs produce their property deeds, which they did early on in this case.  Since Plaintiffs' deeds conclusively show that Plaintiffs own property that abuts a public right-of-way, Washington's centerline presumption applies, meaning it is presumed that each Plaintiff owns the fee in the right-of-way at least to the centerline of the right-of-way.  *See Roeder Co. v. Burlington Northern, Inc.*, 105 Wash.2d 567, 576, 716 P.2d 855, 861 (1986) ("[T]he conveyance of land bounded by railroad right of way will give the grantee title to the center line of the right of way if the grantor owns so far, unless the grantor has expressly reserved the fee to the right of way, or the grantor's intention to not convey the fee is clear.").  Because King County's various requests assume that the centerline presumption has been rebutted when King County has not even attempted to do so, it is not Plaintiffs' burden to produce documents at this point, it is King County's burden to rebut

---

[1]  King County purportedly seeks discovery from these Plaintiffs under the guise of their cross-claim to quiet title when they have basically admitted that they do not and cannot own the fee for 2/3rds of the Plaintiffs as discussed herein.

Plaintiffs' Response to King County's Motion to Compel Responses to
Interrogatories and Requests for Production — No. 2:14-cv-000784-JCC -
Page 2

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

the centerline presumption and Plaintiffs should not be forced to endure the tremendous expense of acquiring objects such as chain of title information on their own property.

## II.   THE PROCEDURAL HISTORY AND THE PRESENT POSTURE OF THIS CASE

The court is very familiar with the factual allegations and the various legal issues in this case.  After the Defendants' motion to dismiss was denied, Plaintiffs filed a motion seeking a ruling that the original source conveyances to the railroad were easements, the easements were limited to railroad purposes, and the original railroad purposes easements had been extinguished and replaced by an easement for a hiking and biking trail on the surface of Plaintiffs' land.  Even though the Defendants admitted that 2 of the 3 original source conveyances to the railroad were easements, the Court denied Plaintiffs' motion because factual and legal issues were still disputed.  King County followed with a motion to establish that the railroad easement had been "preserved" by and through the Trails Act, which the Court granted, and King County was careful not to address, and specifically excluded, any discussion or analysis of what "uses" they could now apply on the corridor.[2]

The real issue to be litigated at this point is who owns the underlying fee in the corridor. Although the surface is burdened with an easement,[3] whoever owns the fee also owns the subsurface and aerial rights in the corridor.  King County wants to fight over whether Plaintiffs own the fee based on the centerline presumption, but what is readily apparent and evident is that King County doesn't own the fee.  Since Puget Sound Energy and Sound Transit don't own the

---

[2]  King County, and the other Defendants too, specifically avoided the key issues of the scope of their easement, the uses allowed by the trail operator pursuant to either a railroad purposes easement or a hiking and biking trail easement, or fee ownership of the corridor, including subsurface and aerial rights.

[3]  The railroad purposes easement is preserved on the surface pursuant to the court's ruling and the hiking and biking trail easement obviously exists on the surface too, but neither easement impacts the issue of fee ownership.

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

fee either, being the recipients of easements themselves,[4] they can't use the subsurface and aerial rights either.[5]  Plaintiffs are in the process of preparing and filing motions for summary judgment on these precise legal issues and those motions will be filed within the next two weeks.[6]

Although Plaintiffs are specifically responding herein to all of the points made by King County in its motion, Plaintiffs note that it would be far more practical at this juncture of the litigation for the Court to stay ruling on the motion to compel to allow the parties to fully brief the legal issues of whether King County or any of the other defendants own the fee simple interest in the railroad corridor, or own subsurface and aerial rights in the corridor, pursuant to the imminent summary judgment briefing.  This approach would serve the purpose of avoiding expending the Court's and the parties' time and resources on massive discovery fights, particularly since all discovery issues would be rendered moot by the Court's rulings.[7] Plaintiffs' counsel contacted counsel for King County to explore whether King County would support this approach.  Counsel for King County rejected Plaintiffs' proposal.

## III.   THE COURT SHOULD STAY RULING ON KING COUNTY'S MOTION TO COMPEL UNTIL AFTER IT DETERMINES WHETHER KING COUNTY ACQUIRED AN EASEMENT OR OWNS THE FEE IN THE CORRIDOR

Although these issues will be the subject of summary judgment briefing, if the Court concludes that King County only acquired an easement by and through the Trails Act, which King County has already admitted for two-thirds of the Plaintiffs, then there is no point in

---

[4]  This Court already pointed out this important detail in its previous orders.

[5]  "[A]n easement is an incorporeal, intangible and nonpossessory right to use the land of another, while the owner of the underlying fee retains the rights of possession, subject to the holder's use."  *Union Pac. R.R. Co. v. Santa Fe Pac. Pipelines, Inc.*, 231 Cal. App. 4th 134, 171-172, 180 Cal. Rptr. 3d 173, 203 (2014), *reh'g denied* (Dec. 5, 2014), *review denied* (Jan. 21, 2015) (citing *6 Miller & Starr, Cal. Real Estate (3d ed. 2006) Easements, § 15.4*, pp. 15–17 to 15–18.).

[6]  The timing of King County's motion to compel, months after Plaintiffs' responses and objections were filed, made it impossible to prepare the necessary pleadings and receive the necessary declarations to file the motions for summary judgment concurrently with this response.

Plaintiffs' Response to King County's Motion to Compel Responses to
Interrogatories and Requests for Production — No. 2:14-cv-000784-JCC -
Page 4

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

Plaintiffs responding to King County's discovery.  If King County only acquired an easement then they don't own the fee, including subsurface and aerial rights, and King County's discovery purportedly to establish that they do own the fee is a complete sham.[8]  This is because **none** of King County's discovery requests concern these issues.  Rather, all of King County's discovery is designed to attack Plaintiffs' claim of fee ownership when they themselves basically admit that they don't and can't possibly own the fee themselves.

Since it would be a waste of resources to enter into discovery on Plaintiffs' quiet title claim until after all other preliminary issues are resolved, Plaintiffs respectfully submit that the Court should stay any ruling on King County's motion to compel until it determines the following issues: 1) whether King County acquired an easement in the corridor by and through the Trails Act; 2) if King County only acquired an easement through the Trails Act, then whether the easement includes subsurface and aerial rights; and 3) whether Plaintiffs' just compensation in the *Haggart* case included payment for Plaintiffs' fee interest in the corridor as a matter of law.  Rulings on these basic property law issues will likely moot the entire case such that an actual quiet title trial should be unnecessary.

### A. The Court's Ruling on Whether King County Acquired an Easement By and Through the Trails Act Will Make All of King County's Discovery Moot

Plaintiffs' previously filed their motion for declaratory judgment on the issue of whether the original railroad acquired an easement for the railroad corridor.  *See* Pls.' Mot. For Decl. J, ECF No. 55.  In its briefing on Plaintiffs' motion, King County admitted that the original railroad

---

[7]  The Court, at the very first status conference, noted that this case will likely be resolved on the briefs and it is still Plaintiffs' intention to do so.

[8]  The companion argument from King County, that Plaintiffs no longer own the fee interest in the corridor as a result of the *Haggart* settlement, will also be briefed, which is incorrect as a matter of law, but unless the Court somehow concludes that Plaintiffs no longer own the fee, then there is no point in Plaintiffs' responding to King County's discovery either.

Plaintiffs' Response to King County's Motion to Compel Responses to
Interrogatories and Requests for Production — No. 2:14-cv-000784-JCC -
Page 5

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

only obtained an easement adjacent to two-thirds of the Plaintiffs' property.  As stated by King County in its response to Plaintiffs' motion, "King County agrees that the 'Lake Washington Belt Line Deed' and the 'Condemnation Deed' (King Cy. No. 40536) transferred only easement rights to BNSF's predecessor railroad…."  *See* King County's Resp. to Pls.' Mot. For Decl. J., ECF No. 67 at p. 16.  However, in its order on Plaintiffs' motion, the Court ruled that there were still several disputes of material fact and law concerning the Kittinger deed and therefore declined to grant Plaintiffs' motion that the Defendants could at the very most own an easement in the corridor. *See* Order Denying Pls.' Mot. For Decl. J., ECF No. 91.

Thus, there remains the issue of whether King County and the other defendants own fee simple or an easement for one-third of the Plaintiffs and consequently whether it is at all possible for approximately one-third of all the Plaintiffs to have any interest in the corridor.  If Plaintiffs are compelled to answer King County's discovery, and afterward this prevailing issue is resolved in favor of King County, then all of Plaintiffs' time and expenses spent responding to King County's discovery for this portion of the line would be utterly wasted, particularly given the fact that none of King County's discovery requests are related to the issue of whether the Kittinger deed conveyed fee or easement.

It further behooves the Court to withhold ruling on the Motion to Compel until after it is decided whether King County and the other defendants somehow acquired subsurface and aerial rights in the corridor even if their interest in the corridor is limited to an easement.  The same reasoning for postponing discovery until after the fee vs. easement issue is decided applies equally to this issue.  If the Defendants' easement from BNSF by and through the Trails Act was broad enough to encompass subsurface and aerial rights, then Plaintiffs would likely have no

Plaintiffs' Response to King County's Motion to Compel Responses to Interrogatories and Requests for Production — No. 2:14-cv-000784-JCC - Page 6

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

1    basis for quieting title in their favor.[9]  For these reasons, it is prudent for the Court to stay ruling

2    on King County's Motion to Compel until after the Court is able to issue a ruling on these

3    prevailing issues.

4        **B.    This Court Can Also Determine Whether Plaintiffs Were Already**
         **Compensated for the Fee in the *Haggart* Case Without the Need For Any**
5        **Discovery**

6           The issue of whether the Plaintiffs received compensation for the fee simple interest in

7    the railroad corridor in the *Haggart* case can be decided on a pure legal review of the liability

8    decision in *Haggart* and the various other Trails Act takings cases which ruled on the

9    methodology of just compensation.  Although Plaintiffs obviously disagree with King County's

10   unsupported statement that "the *Haggart* plaintiffs conceded they no longer own the property

11   that was taken," (*see* King County's Mot. To Compel, ECF No. 105 at p. 7), Plaintiffs do not

12   deny that a ruling by this Court adopting King County's analysis is very much related to the

13   claims at issue in this case.  Indeed, this issue is related to such an extent that resolution of the

14   issue would obviate the need for Plaintiffs to comply with many of King County's discovery

15

16

17

18   _____

[9]  Plaintiffs point out that with regard to this issue King County faces an uphill battle, as courts are nearly unanimous
19   in holding that railroad easements do not encompass subsurface and aerial rights.  See *Kershaw Sunnyside*
     *Ranches v. Yakima Interurban Lines Ass'n.*, 156 Wash.2d 253, 276-277, 126 P.3d 16, 28 (2006) (use of
20   subsurface of railroad easement to install fiber optic line was not an "incidental use" of the railroad and thus
     installation of fiber optic line was a trespass); *Great Northern Ry. Co. v. United States*, 315 U.S. 262, 279 (1942)
21   (since the 1875 act granted only and easement, but no title to the subsurface lying in the servient estate, the
     railroad "had no right to the underlying oil and minerals."); *Kansas City S. Ry. Co. v. Arkansas Louisiana Gas*
22   *Co.*, 476 F.2d 829, 835 (10th Cir. 1973) (use of the land for railroad purposes "cannot deprive the owner of the
     servient estate … from making use of the land in strata below the surface and below substrata … and which in
23   nowise, as in the instant cases, interferes with the construction, maintenance and operation of the railroad.");
     *Himonas v. Denver & R.G.W.R. Co.*, 179 F.2d 171, 172-173 (10th Cir. 1949) (any use of subsurface by railroad
24   must be for railroad purposes and railroad cannot grant "any part of their right of way for private use ….");
     *Energy Transportation Systems, Inc., v. Union Pacific Railroad Company*, 435 F. Supp. 313, 318 (D. Wyo. 1977)
25   *aff'd sub nom. Energy Transp. Sys., Inc. v. U. Pac. R. Co.*, 606 F.2d 934 (10th Cir. 1979) (the court separated the
     surface grant from the servient estate underlying it, opining that "the 'land forming the right of way' did not
     include the subsoil, servient estate.").

Plaintiffs' Response to King County's Motion to Compel Responses to
Interrogatories and Requests for Production — No. 2:14-cv-000784-JCC -
Page 7

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

requests, considering that a significant number of the requests are aimed towards obtaining appraisal information created during the course of the *Haggart* settlement.

To illustrate for the Court how resolution of this issue can be addressed via a thorough review of the prior Trails Act takings decisions, Plaintiffs note that the *Haggart* liability decision, as well as numerous other Federal Claims Court liability decisions, and decisions of the Federal Circuit, all speak at length regarding what property interests landowners are compensated for in cases involving federal takings of easement rights.   In Judge Lettow's liability decision in the *Haggart* case, Judge Lettow explained that the measure of those plaintiffs' just compensation is the fee interest encumbered by a hiking and nature trail easement minus unencumbered fee.  *Haggart v. United States*, 108 Fed. Cl. 70, 97-98 (2012) ("The true 'before' state of the plaintiffs' property, absent federal intervention through action of the STB, would have been a fee unencumbered by easements. Damages should therefore be calculated using the value of plaintiffs' property in unencumbered condition.").

Such authority concerning the computation of damages in Trails Act takings would be vital to this Court's decision as to whether the Plaintiffs were ever compensated for the value of the fee.  This issue is also addressed by a long line of Trails Act takings cases that address the computation of damages.  *See Howard v. United States*, 106 Fed. Cl. 343, 356 (Fed. Cl. 2012) (court granted plaintiffs' request that the measure of just compensation in a Rails-to-Trails case "must be the difference between an unencumbered fee and a fee encumbered with an easement for public trail use for the indefinite future."); *Raulerson v. United States*, 99 Fed. Cl. 9, 12 (Fed. Cl. 2011) ("the appropriate measure of damages is the difference between the value of plaintiffs' land unencumbered by a railroad easement and the value of plaintiffs' land encumbered by a perpetual trail use easement subject to possible reactivation as a railroad."); *Anna F. Nordus*

Plaintiffs' Response to King County's Motion to Compel Responses to Interrogatories and Requests for Production — No. 2:14-cv-000784-JCC - Page 8

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

*Family Trust v. United States*, 106 Fed. Cl. 289, 290 (Fed Cl. 2012) (court found that plaintiffs' proposed method of calculating damages as "the difference between the value of plaintiffs' land unencumbered by a railroad easement and the value of plaintiffs' land encumbered by a perpetual trail use easement subject to possible reactivation of a railroad.").

Indeed, there is and will be ample authority for the Court to consider in the upcoming summary judgment briefing outside of Trails Act takings cases, such as decisions which address just compensation under the Fifth Amendment for federal takings of easements.  In *Otay Mesa Prop., L.P. v. United States,* 670 F.3d 1358, 1364 (Fed. Cir. 2012), the Federal Circuit explained that "[w]here the property interest permanently taken is an easement, the 'conventional' method of valuation is the 'before-and-after' method."  Thus, it is clear that this issue can be resolved without engaging in litigation over whether Plaintiffs should be compelled to produce irrelevant appraisal documents from the *Haggart* settlement, since there is ample case law that is on point to allow this Court to decide the issue as a matter of law.

## IV.   KING COUNTY HAS NOT SATISIFIED ITS BURDEN TO ESTABLISH THAT THE DISCOVERY IT SEEKS IS RELEVANT

In order to have a discovery dispute resolved in its favor, the "party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements." *See Nat'l Union Fire*, 2014 WL 3396124, at *2 (W.D. Wash. July 10, 2014) (J. Coughenour).  As explained below, King County has failed to carry this burden.

### A.   King County Is Not Entitled to Plaintiffs' Chain of Title Information

#### i.   King County Has Not Rebutted Plaintiffs' Centerline Presumption

King County bases its request for the production of Plaintiffs' chains of title on Judge Pechman's recent ruling in a separate case involving a similarly-situated former railroad corridor

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

along Lake Sammamish. *See Sammamish Homeowners v. King County*, No. 15-CV-00284-MJP, 2015 WL 3561533 (W.D. Wash. June 5, 2015). In that case, Judge Pechman ruled that those plaintiffs had to produce their chain of title information to their properties because the defendants had rebutted Washington's centerline presumption. *Id*. at *3.

Under the centerline presumption, "conveyance of land bounded by or along a [railroad right of way] carries title to the center of the [railroad right of way] unless there is something in the deed or surrounding circumstances showing an intent to the contrary." *See Roeder*, 716 P.2d at 861. This presumption can be rebutted, but only upon a showing by the party seeking to rebut the presumption that the property owner's deed refers to the right of way as a boundary and also gives a metes and bounds description of the abutting property. *Id*. at 577.

In *Sammamish*, the defendants identified metes and bounds descriptions within **each of the deeds**, and the court agreed and so held that the presumption was rebutted. *Sammamish*, 2015 WL 3561533 at *3. In this case, even though King County has been in possession of Plaintiffs' property deeds for many months, King County has failed to identify which of the Plaintiffs' deeds, if any, contain language that might rebut the centerline presumption. In fact, King County has not even attempted to identify one such deed or Plaintiff for this Court in advance of filing their Motion to Compel. Plaintiffs therefore do not feel inclined to endure the cost and expense of hiring a title company to gather such information, considering that the only logical explanation for King County's failure to rebut the presumption is that Plaintiffs' centerline presumption cannot be rebutted. For this reason, King County's discovery request should be treated for what it is: an overly burdensome request submitted only for purposes of harassment — such is particularly evident considering that King County's requests are not "narrowly tailored," King County does not identify any individual Plaintiff or deeds, and King

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

1   County merely makes a blanket and overly broad request that all Plaintiffs should submit chain

2   of title information.

3       That a party should not be forced to produce documents until underlying burdens are met

4   by the opposing party is not a concept limited to the centerline presumption.  For instance, in

5   *Etherage v. West*, No. C11-5091-BHS, 2011 WL 1930644 (W.D. Wash. 2011), the district court

6   denied the plaintiff's motion to compel discovery on the grounds that the plaintiff had not met its

7   preliminary burden to indicate what relevant facts he hoped to discover that would answer the

8   preliminary issue in the case.  *Id*. at *3.  That is the same problem King County faces here.  King

9   County requests chain of title evidence, but fails to properly identify why the evidence is

10  necessary to its claim or defense, i.e. why Plaintiffs should not have the benefit of the centerline

11  presumption.

12      Accordingly, this Court should deny King County's motion to compel Plaintiffs to

13  produce additional title information until King County has rebutted Plaintiffs' centerline

14  presumption.  Plus, in the event that this Court determines that King County is entitled to such

15  information now, King County should be ordered to first identify in which of the 84 Plaintiffs'

16  deeds there is a legal description that purportedly rebuts the centerline presumption.

17          ii.   <u>It is not Plaintiffs' burden to gather and produce documents to establish King County's quiet title counterclaim</u>

18      In one breath, King County states the general rule that in a quiet title action a party

19  seeking to quiet title "must prevail on the strength of their own title, and not upon the weakness

20  of their adversaries'."  *Roherbach v. Sanstrom*, 172 Wash. 405, 406, 20 P.2d 28, 29 (1933).  Yet,

21  in another breath, King County demands that Plaintiffs endure the burden and expense of

22  obtaining documents to prove King County's claim.  *See* ECF No, 105 at p.5 (Plaintiffs should

23

24

25

Plaintiffs' Response to King County's Motion to Compel Responses to
Interrogatories and Requests for Production — No. 2:14-cv-000784-JCC -
Page 11

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

1
2
3
4

produce documents "proving that King County holds the corridor as fee simple rather than an easement."). A party is never required to obtain documents not in its possession to support the opposing party's claims, yet that is apparently what King County is demanding the Plaintiffs produce.

5
6
7
8
9
10
11
12
13

King County cites the *Kershaw* case in support, but that portion of the case made reference to the circumstances and conduct of the parties at the time the railroad acquired its interest in the land to determine whether the original railroad acquired a fee or easement. *Kershaw Sunnyside Ranches, Inc. v. Yakima Interurban Lines Ass'n,* 156 Wash. 2d 253, 265, 126 P.3d 16, 22 (2006). Thus, Plaintiffs' chain of title information, which includes Plaintiffs' real-estate records, purchase and sale agreements, and the like are not relevant to the "subsequent conduct" referred to in *Kershaw* since none of the Plaintiffs were the original grantors of the railroad easement.

14
15
16
17
18
19
20
21
22

Furthermore, Plaintiffs point out that to the extent the request asks for discovery regarding the fee or easement issue it is not "narrowly tailored" because it is directed at all Plaintiffs. As discussed *supra*, King County already admitted that Defendants only acquired an easement adjacent to two-thirds of the Plaintiffs' property. Thus, Plaintiffs' objection that such documents are irrelevant is certainly appropriate. Even so, should the Court order Plaintiffs to produce this information, it should limit its order only to those Plaintiffs whose claims relate to the area that applies to the Kittinger deed (the area corresponding to the unresolved portion for approximately one-third of the Plaintiffs).

23
24
25

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

iii.   Plaintiffs have already submitted their deeds which establishes their ownership in the corridor

King County boldly claims that chain of title information, which is information that **predates** Plaintiffs' ownership of their property, is necessary to establish where Plaintiffs' **present** property boundaries start and stop.  As King County was informed via Plaintiffs' objections, and then personally by Plaintiffs' counsel, King County is already in possession of all the information needed to understand where Plaintiffs' boundary lines start and stop because King County already has all of Plaintiffs deeds, all county assessor reports, and all parcel "fact sheets" prepared by an outside expert land use planning firm.  Each of the deeds naturally contains a property description so all of King County's questions are answered.

iv.   There is no basis for King County's request for Plaintiffs' bankruptcy information

There is no better example of a discovery request submitted purely for harassment purposes than King County's request for Plaintiffs' bankruptcy information.  As its sole support for its request, King County refers the Court to *Skinner v. Holgate*, 141 Wash. App. 840, 173 P.3d 300 (2007).  But, as explained by the Washington appellate court, that form of judicial estoppel is only applied in the context of bankruptcy proceedings where "debtors … fail to list a potential legal claim among their assets during the bankruptcy proceedings but then pursue the claim after the bankruptcy discharge."  *Id*. at 848.  Quiet title actions are not legal claims that must be disclosed in bankruptcy court.  This discovery request is completely irrelevant and submitted purely for purposes of harassment.

Plaintiffs' Response to King County's Motion to Compel Responses to Interrogatories and Requests for Production — No. 2:14-cv-000784-JCC - Page 13

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

### B.      The Scope of the Taking Issue From *Haggart* Can Be Resolved Without Any Discovery

Plaintiffs have already identified numerous decisions from the Federal Claims Court and other jurisdictions that can provide the answer to the question of whether Plaintiffs were compensated for the fee interest in the corridor in the *Haggart* case.  Thus, any discovery regarding the *Haggart* settlement appraisals would be completely unnecessary and an utter waste of time and resources until this Court can determine as a matter of law the property interest Plaintiffs were compensated for in *Haggart*.  Plaintiffs freely admit that if the just compensation issue is resolved in favor of King County, then Plaintiffs' quiet title action fails. King County states in its motion to compel that its sole basis for requesting the *Haggart* settlement documents is so that it can argue collateral and judicial estoppel.  Since Judge Lettow and many other judges have specifically ruled on the nature of the property interest taken, a thorough analysis of that issue is all King County needs to succeed on its defense.  Since this issue will be the subject of summary judgment briefing, and since the Court's ruling on the issue will make King County's discovery on the issue moot, the Court should stay any ruling on King County's motion to compel until that briefing is concluded.

Plaintiffs also point out that to the extent King County's request is directed to boundary information, such information only becomes relevant if the Court rules in favor of Plaintiffs on the *Haggart* scope of the taking tissue.  Only then would the Court be in a position to concern itself with precisely allocating the size of each Plaintiff's ownership in the corridor, which is all the boundary information from the appraisals can provide.

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

### C.    King County's Argument Regarding Discovery of Property Tax Assessments is Unavailing

King County argues the same basis for demanding Plaintiffs' property tax information as it does for Plaintiffs' chain of title information.  King County states that such information is relevant to whether Plaintiffs' predecessors in interest in the late 19th Century conveyed fee or easement to the original railroad.  That present property tax information would have any bearing on a real estate transaction that occurred over 100 years is an extraordinary argument.

King County cites *Scott v. Allitner*, 49 Wash.2d 161, 162, 299 P.2d 204, 204-205 (1956), but that case, just like the *Kershaw* case, concerned the "subsequent conduct of the parties" immediately following execution of the deed.  In addition, it is absurd to suggest that any Plaintiff would ever pay property taxes on their fee interest in the railroad corridor or "avoid a tax assessment" on land in the corridor.  *See* ECF No. 104 at p. 9.  This is because taxes on the operating property of railroads are not paid by the adjoining landowners who may own the fee, they are paid by the railroad.  *See Northern Pac. Ry. Co. v. State*, 84 Wash. 510, 531, 147 P. 45, 52 (1915) (explaining that railroad property may be taxed state-wide as a whole and then apportioned among various counties); *see also Puget Sound Power & Light Co. v. King County*, 264 U.S. 22, 27, 44 St.Ct. 261, 263 (1924) (noting that railroad street easements are realty of a much different character than land the railroad owns in fee so the two classes of railroads should be taxed differently).

Furthermore, Plaintiffs again point out that this request is not "narrowly tailored" because it is directed at all Plaintiffs, including two-thirds of the Plaintiffs where King County has already admitted that the Defendants only acquired an easement.  Thus, should the Court order

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

Plaintiffs to produce this information, it should limit its order only to those Plaintiffs whose claims relate to the area that applies to the Kittinger deed.

### D.    Whatever Public Uses the Plaintiffs "Believe" Are Permitted In the Corridor Is Irrelevant and a Pure Question of Law

King County fails to provide any legal support, let alone any sound reasoning, for how it would be possible for Plaintiffs to answer discovery concerning a pure question of law, let alone why Plaintiffs' "beliefs" regarding the corridor have any relevancy whatsoever to the litigation. King County has thus failed to carry its burden on this subject and the motion to compel discovery on the subject should be denied.

In any event, any and all questions about the "scope" of Plaintiffs' beliefs concerning legal uses are answerable by reference to Plaintiffs' responses to the Interrogatory at issue. Plaintiffs responded that Plaintiffs can use their underlying fee in the corridor "in [any] manner that does not interfere with the current easement for recreational trail."  *See* ECF No. 106, Pls.' Resp. to Interrog. 11, p. 29.  Thus, Plaintiffs fully answered the scope question by making clear that Plaintiffs can do whatever they wish with their fee provided that it does not interfere with trail use.

Should King County be in any further need of knowledge as to Plaintiffs' "beliefs," it need only refer to Plaintiffs' Third Amended Complaint, where Plaintiffs state they seek declaratory judgment that they are "**the fee owners** of the railroad right-of-way at issue, that the Port and **King County only acquired a surface easement** for a hiking and biking trail with the possible reactivation of a railroad pursuant to the Trails Act, that PSE has obtained **no interest in the subsurface or aerial rights on the railroad right-of-way** pursuant to the purported easement granted by the Port to PSE ...."  *See* ECF No. 83 at ¶143.  Thus, Plaintiffs' most recent

Plaintiffs' Response to King County's Motion to Compel Responses to Interrogatories and Requests for Production — No. 2:14-cv-000784-JCC - Page 16

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

1   Complaint sufficiently answers King County's answer regarding the scope of their declaratory

2   judgment claim.

### E.   Any "Unnamed Utility" Easement Holders Are Not Indispensable Parties To A Quiet Title Action Involving Subsurface Ownership

3
4
As made abundantly clear by the record thus far, Plaintiffs' quiet title claim concerns the

5   fee interest in the corridor pursuant to Washington's centerline presumption.  Any unnamed

6   utility easement holder would not be an indispensable party, because such easement holders

7   would have no claim to the fee interest in the right of way.  The easement holder would not be an

8   "[owner] of an interest in [the] property" for the purposes of the indispensable party rule because

9   this action concerns ownership of the fee, not an already established easement.  *Anderson &*

10  *Middleton Lumber Co. v. Quinault Indian Nation*, 79 Wash. App. 221, 228, 901 P.2d 1060, 1064

11
12  (1995) *aff'd,* 130 Wash. 2d 862, 929 P.2d 379 (1996).

13
For example, in *Magart v. Fierce*, 35 Wash. App. 264, 267, 666 P.2d 386, 389 (1983) the

14  indispensable party in the case was the actual **owner** of the property at issue.  *Id.* at 267.  Here,

15  the only parties that are indispensable are all those parties who allege **fee ownership** of the

16  corridor, and all those parties have already been joined to the lawsuit.  Because such parties have

17
18  already been joined to the case, King County's discovery request is irrelevant.

19  ### F.   All of Plaintiffs' Remaining Objections Are Valid Under the Rules And Entirely Appropriate Under the Circumstances
20

21  As a premise to its final argument regarding Plaintiffs' discovery objections, King

22  County deliberately miscasts as negligible the voluminous discovery that Plaintiffs have already

23  produced.  There are approximately 84 plaintiffs in this action, and all of their deeds have been

24  produced to King County.  Not only that, Plaintiffs have provided King County with maps,

25  railroad deeds, and assessor information relating to all of the parcels of property involved in this

Plaintiffs' Response to King County's Motion to Compel Responses to
Interrogatories and Requests for Production — No. 2:14-cv-000784-JCC -
Page 17

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

1   action.  King County's implication that Plaintiffs have not been forthcoming in their efforts to

2   participate in discover completely ignores the record in the case.

3       King County next cites this Court's prior discovery ruling in *Campbell v. Washington*,

4   No. C08-0983-JCC, 2009 WL 577599 (W.D. Wash. Mar. 5. 2009) (J. Coughenour), however

5   that case concerned a completely different discovery objection than the one Plaintiffs make here.

6   In *Campbell* the objection was based on the party's argument that the discovery request asked for

7   attorney work product.  *Id*. at *2-3.  That objection is completely different than those being made

8   by Plaintiffs — that King County's discovery requests either ask for a legal conclusion or are not

9   relevant to Plaintiffs' claims.

10

11      Turning to King County's comments and case citation regarding contention

12  interrogatories, it makes no sense why King County would choose to base its motion on such

13  argument, because the Interrogatories referred to in no way resemble contention interrogatories.

14  *See, e.g.*, ECF No. 106, Interrog. 11, p.11 ("Have you filed for bankruptcy during the period that

15  you have owned the parcel(s) identified in Interrogatory No. 1?").  King County's argument

16  regarding Plaintiffs' relevancy objections are simply not applicable.  King County has therefore

17  failed to carry its burden for its motion to compel by failing to identify how bankruptcy records,

18  foreclosure proceedings, or surface easement widths are relevant to a declaratory judgment and a

19  quiet title action concerning the fee interest below the surface of an abandoned railroad corridor.

20  *See id.* at Interrog. 10-12.

21      With regard to Plaintiffs' objections that the discovery sought is equally available to King

22  County, Plaintiffs first note that such is particularly true in the instant case, considering that

23  documents such as tax assessment information, deeds, ownership records, and the like are

24  immediately available from various public offices run by King County.  Plaintiffs further note

25

Plaintiffs' Response to King County's Motion to Compel Responses to
Interrogatories and Requests for Production — No. 2:14-cv-000784-JCC -
Page 18

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

that a court may limit discovery if it is "unreasonably cumulative or duplicative, **or can be obtained from some other source** that is more convenient, less burdensome, or less expensive," or if "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, **the parties' resources**, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(1)(C) (emphasis added). Thus, even if this Court determines that the discovery requests are relevant, given the resources at King County's disposal compared to Plaintiffs it is clear that it would be more efficient for King County to obtain the documents it seeks through its various office rather than force Plaintiffs to endure the expense.

## V.   CONCLUSION

In Plaintiffs' view, it would be far more practical at this juncture for the Court to decide the prevailing issues in the case before any further discovery takes place. For this reason, Plaintiffs respectfully recommend that the Court issue a stay on King County's motion until after the parties brief the issues of what portions of the corridor the Defendants acquired the fee, if an easement then whether the easement encompasses subsurface rights, and whether Plaintiffs were compensated for the fee in the *Haggart* settlement. Even if the Court decides that further discovery is worthwhile at this junction, Plaintiffs should not be compelled to answer the discovery propounded by King County, because King County has not met its burden to show that the discovery is relevant to Plaintiffs' claims or King County's defenses

Date: August 3, 2015.              **STEWART, WALD & MCCULLEY, LLC**


By _/s/ Thomas S. Stewart_____
   Thomas S. Stewart
   Elizabeth McCulley
   Michael J. Smith

Plaintiffs' Response to King County's Motion to Compel Responses to
Interrogatories and Requests for Production — No. 2:14-cv-000784-JCC -
Page 19

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110  Fax (425)455-1626

9200 Ward Parkway, Suite 550
Kansas City, MO 64114
Telephone:  (816) 303-1500
Facsimile:  (816) 527-8068
stewart@swm.legal
mcculley@swm.legal
smith@swm.legal

AND

RODGERS DEUTSCH & TURNER, P.L.L.C.
Daryl A. Deutsch, WSBA No. 11003
Rodgers Deutsch & Turner, P.L.L.C.
3 Lake Bellevue Dr. Suite 100
Bellevue, WA  98005
Telephone:  (425) 455-1110
Facsimile:  (425) 455-1626
daryl@rdtlaw.com
**ATTORNEYS FOR PLAINTIFFS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 3rd day of August 2015, the foregoing was filed electronically with the Clerk of the Court to be served by the operation of the Court's electronic filing system upon all parties of record.

Timothy G. Leyh
Randall Thomsen
Kristin Ballinger
CALFO, HARRIGAN, LEYH & EAKES, LLP
timl@calfoharrigan.com
randallt@calfoharrigan.com
kristinb@calfoharrigan.com
*Attorneys for Defendant Port of Seattle*

Gavin W. Skok
Bryan J. Case
Courtney L. Seim
James E. Breitenbucher
RIDDELL WILLIAMS PS
gskok@riddellwilliams.com
bcase@riddellwilliams.com
cseim@riddellwilliams.com
jbreitenbucher@riddelwilliams.com
*Attorneys for Defendant Puget Sound Energy*

Plaintiffs' Response to King County's Motion to Compel Responses to Interrogatories and Requests for Production — No. 2:14-cv-000784-JCC - Page 20

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

1  Andrew W Marcuse
   David J. Hackett
2  King County Prosecuting Attorney, Civil Division
   andrew.marcuse@kingcounty.gov
3  david.hackett@kingcounty.gov
   *Attorneys for Defendant King County*
4
   Desmond L. Brown
5  Loren Armstrong
   desmond.brown@soundtransit.org
6  lore.armstrong@soundtransit.org.
   *Attorneys for Central Puget Sound Regional Transit Authority*
7

8

9                              _/s/ *Thomas S. Stewart*_

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Plaintiffs' Response to King County's Motion to Compel Responses to
Interrogatories and Requests for Production — No. 2:14-cv-000784-JCC -
Page 21