The Honorable John C. Coughenour

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9  SCOTT KASEBURG *et al.*,

10                  Plaintiffs,

11      v.

12  PORT OF SEATTLE, a municipal corporation;
PUGET SOUND ENERGY, INC., a Washington
13  for profit corporation and KING COUNTY, a
home rule charter county, and CENTRAL
14  PUGET SOUND REGIONAL TRANSIT
AUTHORITY, a municipal corporation, and
15  CASCADE WATER ALLIANCE,

16

17                 Defendants.

No. 14-cv-00784-JCC

**DEFENDANT KING COUNTY'S
REPLY IN SUPPORT OF MOTION TO
COMPEL RESPONSES TO
INTERROGATORIES AND
REQUESTS FOR PRODUCTION**

**NOTE ON MOTION CALENDAR:
AUGUST 7, 2015**

18        Plaintiffs fail to offer any valid basis for denying King County's Motion to Compel.  The

19  discovery sought by King County is clearly relevant to many claims and issues in dispute in this

20  case.  Plaintiffs' attempt to avoid a ruling to this effect – by seeking a stay of the Motion to

21  Compel – is only further evidence of their true motivation that they simply "do not feel inclined to

22  endure the cost and expense" of cooperating in discovery.  Opp. at 10.  Plaintiffs' request for a stay

23  underscores the frivolous nature of their objections, as there would be no need for a stay if the

24  discovery were not relevant to the Parties' claims and defenses.  As such, King County's Motion to

25

DEFENDANT KING COUNTY'S REPLY IN SUPPORT OF
MOTION TO COMPEL RESPONSES TO INTERROGATORIES
AND REQUESTS FOR PRODUCTION – Page 1
(No. 14-cv-00784 JCC)

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819

1    Compel should be granted, Plaintiffs should be ordered to comply within 10 days of this Court's

2    order, and Plaintiffs should be ordered to pay King County's costs and fees.

3    I.    **KING COUNTY'S DISCOVERY REQUESTS ARE RELEVANT TO THE COMPETING QUIET TITLE AND DECLARATORY JUDGMENT CLAIMS.**

4

5    A.    **Discovery Regarding the Plaintiffs' Interests in the Corridor is Relevant.**

6    As King County showed in the Motion, documents such as appraisals, title reports, surveys,

7    and real estate records are plainly relevant to determining who owns the corridor in dispute.  *See*

8    Mot. at 3-10.  And a plaintiff who cannot "establish that she possesses an interest in the property at

9    issue" lacks standing to quiet title.  *Johnson v. U.S.,* 402 Fed. Appx. 298, 300 (9th Cir. 2010).  The

10   Plaintiffs argue that "all of King County's questions are answered" by the production of their

11   deeds, but despite their assertions, "[a] property owner receives no interest in a railroad right of

12   way simply through ownership of abutting land."  *Roeder Co. v. Burlington N., Inc.*, 105 Wash. 2d

13   567, 578 (1986).[1]  The Plaintiffs also argue in a circular fashion that King County should not be

14   entitled to discovery regarding the centerline presumption until after proving this doctrine does not

15   apply.[2]  But King County is entitled to discovery *before* summary judgment, not after.  Further, the

16   centerline presumption requires the Plaintiffs—not King County—to prove their chain of title.

17   *Sammamish Homeowners v. King County,* 2015 WL 3561533, at *6 (W.D. Wash. June 5, 2015).

18   The Plaintiffs also confuse their obligations in discovery with their burden of proof under

19   *Roeder.*  The Plaintiffs are correct that Rule 34 only requires the production of evidence in their

20   "custody, possession, or control."  *See* Opp. at 3, 11-12.  But, the Motion – and King County's

21   discovery requests – only asked the Plaintiffs to produce documents in their possession, and does

22

23   [1]  As just one example of Plaintiffs that cannot fulfill the requirements of the centerline presumption, Kim and Pamela Kaiser's Statutory Warranty Deed states that their property lies "Westerly of the Westerly line of the Northern Pacific Railway Company's Right-of-Way."  *See* Ex. 4 to Plfs. Sec. Am. Comp., Dkt. No. 46-4 (Oct. 1, 2014).  As such, it cannot run to the center of the railroad corridor.

24

25   [2]  The Plaintiffs' position is also nonsensical because King County will have no need for additional discovery *after* it proves the Plaintiffs lack standing to file suit.

DEFENDANT KING COUNTY'S REPLY IN SUPPORT OF
MOTION TO COMPEL RESPONSES TO INTERROGATORIES
AND REQUESTS FOR PRODUCTION – Page 2
(No. 14-cv-00784 JCC)

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819

1    not ask that they conduct a title search of public records.[3]  Nonetheless, Washington law does

2    requires the Plaintiffs—not King County—to prove a chain of title to the grantor of the railroad

3    corridor in order to apply the centerline presumption.  *Roeder Co.*, 105 Wash. 2d at 578.  If the

4    Plaintiffs do not possess such documents, then they need not produce them, although their claims

5    will surely fail.[4]

6        **B.     Discovery Regarding the Scope of the *Haggart* Taking is Relevant.**

7            The Plaintiffs concede that their prior recovery for a taking of the same corridor may bar

8    their claims, because "if the just compensation issue is resolved in favor of King County, then

9    Plaintiffs' quiet title action fails."  Opp. at 14.  This is true.  And, while this evidence may not be

10   necessary to resolve a motion on the effect of the *Haggart* taking, no such motion has been

11   brought.  By conceding that their prior recovery for the taking in *Haggart* may bar their claims,

12   Plaintiffs admit that the *Haggart* appraisals are relevant.   These documents are also plainly

13   relevant to establishing that Plaintiffs have taken inconsistent positions in this case and the

14   *Haggart* case, and to King County's associated affirmative defenses of laches, estoppel and

15   release.    Plaintiffs had no valid objection to producing the *Haggart* appraisal documents in

16   response to King County's discovery.   Plaintiffs should be ordered to produce the *Haggart*

17   appraisal documents.

18       **C.     Discovery Regarding Bankruptcies, Foreclosures, Tax Records, and Use of the
19              Corridor by Third-Parties is Relevant.**

20           As King County showed in the motion, documents regarding bankruptcy and foreclosure

21   records are necessary to determine whether the Plaintiffs have lost any claims to the corridor.  Mot.

22

23   [3]  Regardless, it would have been prudent for the Plaintiffs to research their own title before filing a suit to challenge
     King County's title to the corridor.

24   [4]  The Plaintiffs also argue that documents demonstrating "the surrounding circumstances and subsequent conduct of
     the parties" are only relevant to the initial grant of title to the railroad corridor.  But if *any* grantor in the chain
25   expressed an "intent to retain the right of way," then the Plaintiffs lack standing for their claims.  *Roeder Co.*, 105
     Wash. 2d at 578.

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819

1   at 6.  The Plaintiffs argue, with no support, that "Quiet title actions are not legal claims that must

2   be disclosed in bankruptcy court."  But to the contrary, bankruptcy schedules require debtors to

3   "list all real property in which the debtor has any legal, equitable, or future interest."  *See Barron*

4   *v. Wells Fargo Bank, N.A.*, 332 Ga. App. 180 (2015).  And while the Plaintiffs do not address

5   foreclosures, "a mortgagor does not have standing to bring an action to quiet title" after a

6   foreclosure.  *Williams v. Pledged Prop. II, LLC*, 508 F. App'x 465, 468 (6th Cir. 2012).

7            The Plaintiffs' tax records are also relevant to identifying the nature and the boundaries of

8   the property in dispute.  Mot. at 8.  The Plaintiffs offer no support for their argument that adjoining

9   landowners are not required to pay taxes on the corridor, and their caselaw says nothing of the sort.

10  Opp. at 15.  And regardless of who paid taxes before the property was railbanked, the railroad has

11  not owned the corridor since 2008.

12           King County is also entitled to discovery regarding third party structures in the corridor, in

13  order to determine whether any non-parties have an interest in the case.  Mot. at 10.  The Plaintiffs

14  blindly assert that all parties "who allege fee ownership of the corridor . . . have already been

15  joined to the lawsuit."  Opp. at 17.  But, that is not the test.  Necessary parties to quiet title actions

16  include anyone who has a property interest in the subject property that could be impacted, which

17  includes easement interests.  *See Anderson & Middleton Lumber Co. v. Quinault Indian Nat., 79*

18  *Wn. App. 221, 228-29 (1995); Pestal v. Malone*, 750 N.W.2d 350, 355 (Neb. 2008).  Here,

19  according to Plaintiffs' Complaint, the subject property in dispute includes the subsurface and

20  aerial rights, which other third parties may be using, not merely any underlying fee rights that

21  Plaintiffs may have in certain portions of the corridor.  As such, discovery of third party structures

22  in the corridor is relevant to whether all proper parties are joined to Plaintiffs' quiet title action.

23  This discovery is also relevant to the scope of any corridor rights – if other third party rights to use

24  the corridor existed before the railroad corridor was railbanked, that evidence may shed light on

25  the scope of corridor rights obtained by King County.

DEFENDANT KING COUNTY'S REPLY IN SUPPORT OF
MOTION TO COMPEL RESPONSES TO INTERROGATORIES
AND REQUESTS FOR PRODUCTION – Page 4
(No. 14-cv-00784 JCC)

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819

1    //

2    //

3    **D.      Discovery Relating to the Entire Corridor is Relevant.**

4    Washington law requires *all* plaintiffs asserting the centerline presumption to prove a chain

5    of title back to the original grantor of the corridor.  *Roeder Co*, 105 Wash. 2d at 578.  Thus, there

6    is no basis for the Plaintiffs' request to limit discovery to properties derived from the Kittinger

7    Deed.  The Plaintiffs' argument that King County "basically admit[s] that they don't and can't

8    possibly own the fee themselves," Opp. at 5, ignore the blackletter law that they "must prevail

9    upon the strength of their own title, and not upon the weakness of their adversaries." *Rohrbach,*

10   172 Wash. at 406.  Further, only those Plaintiffs encumbered by an easement have an interest in

11   the declaratory judgment claims.  King County's discovery regarding the scope of the easement

12   would be futile if it were limited to portions of the corridor that King County owns in fee.

13   **II.      THE COURT SHOULD DENY THE REQUEST FOR A STAY, BECAUSE KING
              COUNTY'S DISCOVERY IS RELEVANT TO THE REMAINING DISPUTES.**

14

15   The Court should reject the Plaintiffs' request to stay King County's Motion to Compel.

16   Plaintiffs' claim that they intend to file hypothetical motions at some unspecified time in the future

17   is an insufficient basis to grant a stay of discovery – particularly where, as here, Plaintiffs have not

18   opposed King County's Motion to Compel based on a claim of undue burden.  Instead, Plaintiffs'

19   primary argument for a stay is that King County *might* be able to defeat Plaintiffs' claims even

20   without the benefit of discovery, which may render the discovery unnecessary.  Opp. at 5-7.  But,

21   it is almost always the case that a future motion for summary judgment may resolve legal issues

22   and some of the discovery taken will not be needed.  That does not mean that discovery should not

23   be permitted to go forward.  Indeed, it is necessary to pursue discovery – and have discovery fully

24   answered in a timely fashion – so that the Court's case scheduling deadlines can be met.

25

DEFENDANT KING COUNTY'S REPLY IN SUPPORT OF
MOTION TO COMPEL RESPONSES TO INTERROGATORIES
AND REQUESTS FOR PRODUCTION – Page 5
(No. 14-cv-00784 JCC)

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819

1    A stay would "unjust[ly]" deny King County discovery regarding the issues at the core of

2    this case.   *See Tobin v. Washington*, 2007 WL 1087882, at *2 (W.D. Wash. Apr. 9, 2007).

3    Regardless of any motion that Plaintiffs plan to file, King County is entitled to discovery regarding

4    Plaintiffs' standing to pursue their claims.   Virtually all of the discovery sought by King County --

5    Plaintiffs' chain of title, real estate transactions, title reports, surveys, bankruptcies, or foreclosures

6    -- relates to Plaintiffs' standing.   King County is also entitled to discovery of facts that may relate

7    to scope of the easements within the corridor.   For instance, evidence regarding the use of the

8    corridor by third-parties or by Plaintiffs may raise questions of fact regarding the scope of any

9    corridor easements, and may also be evidence of waiver or estoppel.   Similarly, the appraisal

10   information and associated documents from *Haggart* are also necessary to determine if Plaintiffs

11   are taking contrary positions in this case, in an effort to obtain rights for which they have already

12   been compensated.

13    Plaintiffs fail to offer "good cause" for a stay of King County's discovery.   The Court

14   should deny Plaintiffs' request for a stay of King County's Motion to Compel.

15   **III.  PLAINTIFFS SHOULD PAY KING COUNTY'S EXPENSES FOR THIS MOTION.**

16    King County was forced to bring this Motion to Compel to obtain discovery that Plaintiffs

17   should have provided months ago.   Plaintiffs offer no response – whatsoever – to King County's

18   request for its fees and expenses for bringing its Motion to Compel.   They have none.   Plaintiffs

19   made meritless objections to each and every discovery request made by King County.   Their

20   blanket objections constitute a failure to answer or respond under Rule 37(a)(4).   Plaintiffs' only

21   argument for not responding is their faulty claim that the discovery is not relevant.   Plaintiffs'

22   request for a stay, however, belies their bravado.   If Plaintiffs actually believed that their discovery

23   responses were adequate and that they would not be ordered to answer, then why seek to stay the

24   Court's decision on King County's Motion?   Plaintiffs clearly have no justification for failing to

25

DEFENDANT KING COUNTY'S REPLY IN SUPPORT OF
MOTION TO COMPEL RESPONSES TO INTERROGATORIES
AND REQUESTS FOR PRODUCTION – Page 6
(No. 14-cv-00784 JCC)

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819

1    answer a single discovery request propounded by King County.  They should be ordered to pay

2    King County's legal fees and expenses for bringing this Motion.

3    //

4    //

5    ## IV.  CONCLUSION

6         Plaintiffs refused to answer a single discovery request from King County.  They now

7    contend that they should never be required to respond to discovery because dispositive motions

8    may resolve the claims in this case.  Plaintiffs' conduct should be seen for what it is – an attempt to

9    evade their discovery obligations and the rules of this Court.  For the reasons set forth herein, the

10   Court should order Plaintiffs to fully and completely answer King County's discovery and produce

11   responsive documents within 10 days of this Court's order.  The Court should further order

12   Plaintiffs to show cause why they should not pay King County's legal fees and expenses for

13   bringing this Motion to Compel.

14        DATED this 7th day of August, 2015 at Seattle, Washington.

15                              DANIEL T. SATTERBERG
16                              King County Prosecuting Attorney

17                              By: _s/ David J. Hackett_
18                              DAVID HACKETT, WSBA #21236
                                Senior Deputy Prosecuting Attorney

19                              By: _s/ H. Kevin Wright_
20                              H. KEVIN WRIGHT, WSBA #19121
                                Senior Deputy Prosecuting Attorney

21
22                              By: s_/ Peter G. Ramels_
                                PETER G. RAMELS, WSBA #21120
23                              Senior Deputy Prosecuting Attorney

24                              By: _s/ Barbara Flemming_
                                BARBARA A. FLEMMING, WSBA #20485
25                              Senior Deputy Prosecuting Attorney

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819

*Attorneys for Defendant King County*

King County Prosecuting Attorney's Office
500 Fourth Ave., 9th Floor
Seattle, WA 98104
Telephone:  (206) 296-8820 / Fax:  (206) 296-8819
Email:  david.hackett@kingcounty.gov
        kevin.wright@kingcounty.gov
        pete.ramels@kingcounty.gov
        barbara.flemming@kingcounty.gov

DEFENDANT KING COUNTY'S REPLY IN SUPPORT OF
MOTION TO COMPEL RESPONSES TO INTERROGATORIES
AND REQUESTS FOR PRODUCTION – Page 8
(No. 14-cv-00784 JCC)

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819

1

## **DECLARATION OF FILING AND SERVICE**

2

I hereby certify that on August 7, 2015, I electronically filed the foregoing

3

document(s) with the Clerk of the Court using the CM/ECF system, which will send

4

notification of such filing to the following:

5

Daryl A. Deutsch, WSBA No. 11003              Timothy G. Leyh, WSBA#14853
6
RODGERS, DEUTSCH & TURNER, PLLC     Randall Thomsen, WSBA#25310
Three Lake Bellevue Drive, Suite 100              Kristin Ballinger, WSBA#28253
7
Bellevue, WA 98005                                          CALFO HARRIGAN LEYH & EAKES
daryl@rdtlaw.com                                             999 Third Ave
8
                                                                        Suite 4400
Thomas S. Stewart (pro hac vice)                    Seattle WA 98104
9
Elizabeth McCulley (pro hac vice)                   timl@calfoharrigan.com
BAKER STERCHI COWDEN & RICE, LLC     randallt@calfoharrigan.com
10
2400 Pershing Road, Suite 500                        kristinb@calfoharrigan.com
Kansas City, MO 64108
11
stewart@bscr-law.com                                     *Attorneys for Defendant Port of Seattle*
mcculley@bscr-law.com
12
                                                                        Gavin W. Skok, WSBA#29766
13
*Attorneys for Plaintiffs*                               James E. Brietenbucher, WSBA#27670
                                                                        Courtney Seim, WSBA#35352
14
Desmond L. Brown, WSBA #16232               Bryan J. Case, WSBA#41781
15
Loren G. Armstrong, WSBA #33068              RIDDELL WILLIAMS P.S.
SOUND TRANSIT                                            1001 Fourth Avenue
16
401 South Jackson                                           Suite 4500
Seattle, WA 98104                                          Seattle, WA 98154
17
desmond.brown@soundtransit.org                  gskok@riddellwilliams.com
loren.armstrong@soundtransit.org                  jbreitenbucher@riddellwilliams.com
18
                                                                        cseim@riddellwilliams.com
*Attorneys for Defendant Sound Transit*      bcase@riddellwilliams.com
19

20
                                                                        *Attorneys for Defendant Puget Sound Energy*

21

I declare under penalty of perjury under the laws of the United States and the State of

22

Washington that the foregoing is true and correct.

23

DATED:  August 7, 2015, at Seattle, Washington.

24

*s/ Kris Bridgman*
25
Kris Bridgman, Legal Secretary
King County Prosecuting Attorney's Office

DEFENDANT KING COUNTY'S REPLY IN SUPPORT OF
MOTION TO COMPEL RESPONSES TO INTERROGATORIES
AND REQUESTS FOR PRODUCTION – Page 9
(No. 14-cv-00784 JCC)

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819