The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT AND KATHRYN KASEBURG, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PORT OF SEATTLE; PUGET SOUND ENERGY, INC.; KING COUNTY; CENTRAL PUGET SOUND REGIONAL TRANSIT AUTHORITY,<br><br>Defendants. | No. 2:14-cv-00784-JCC<br><br>**PUGET SOUND ENERGY, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON WHETHER THE DEFENDANTS ACQUIRED AN EASEMENT UNDER THE TRAILS ACT**<br><br>NOTED ON MOTION CALENDAR: SEPTEMBER 18, 2015 |

## I.     INTRODUCTION

The moving plaintiffs seek on order on partial summary judgment that portions of the overhead and underground utility easement that PSE acquired from the Port of Seattle is "null and void" because the Port's railroad easements through the corridor were insufficient to convey any aerial or subsurface rights.  In other words, the plaintiffs ask this Court to rule as a matter of law that railroad easements are *always* limited to surface rights and *never* include any subsurface or aerial rights.  This argument is based on a faulty premise that only fee interest holders can convey aerial and subsurface rights, and ignores the "fee-like" nature of railroad easements.

In *Kershaw Sunnyside Ranches v. Yakima Interurban Lines Ass'n*, 121 Wash. App. 714, 91 P.3d 104 (2004), *overruled in part on other grounds*, 156 Wash. 2d 253 (2006), the court

PSE'S OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT (No. 2:14-cv-00784) - 1
4821-1701-8919.02

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

described the fee-like characteristics of a railroad easement and the resulting incidental use doctrine, "which 'states that a railroad may use its easement to conduct not only railroad-related activities, but also any other incidental activities that are not inconsistent and do not interfere with the operation of the railroad.'" *Id.* at 731 (citation omitted).  The *Kershaw* court then stated that railroad right-of-ways are treated like public highways, and that utility poles and overhead wires are considered "'a customary incidental use of highways[.]'" *Id.* at 732 (quoting *State ex rel. York v. Bd. of County Comm'rs*, 28 Wash. 2d 891, 904, 184 P.2d 577 (1947)).  The *Kershaw* court also concluded that the "railroad right-of-way also includes the incidental below ground uses of its right-of-way." *Id.* at 736.

The same analysis applies to PSE's utility easement.  This Court has already ruled "as a matter of law that the Trails Act preempts state law and preserves railroad easements despite a discontinuance in railroad use, while permitting the addition of recreational trail use to the easement." (Dkt. #107 at p. 10.)  The robust railroad easements acquired by the Port from BNSF (and now held by King County) are not limited to surface rights, and the utility easement subsequently conveyed to PSE is "not inconsistent" with the operation of a railroad.

The Port warranted that it had the necessary rights to grant PSE the utility easement through the corridor (including aerial and subsurface rights) based on the railroad easements acquired from BNSF.  PSE agrees with the plaintiffs that the Court must determine the validity of PSE's utility easement to quiet title through the corridor.  But for purposes of denying the plaintiffs' current motion to declare portions of PSE's utility easement "null and void" as a matter of law, the Court only needs to decide that the plaintiffs failed to establish that the "fee-like" railroad easements acquired from BNSF do not include any aerial and subsurface rights.

## II.  STATEMENT OF FACTS

BNSF formerly operated a railroad through a corridor along eastern side of Lake Washington, including a section between milepost 5.0 near Kennydale and milepost 10.60 near Wilburton that is at issue in this case. (Dkt. #83 at ¶¶ 1, 101.)  On May 12, 2008, BNSF, the Port

SUMMARY JUDGMENT (No. 2:14-cv-00784) - 2
4821-1701-8919.02

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

and King County entered into a Purchase and Sale Agreement under which BNSF sold the "North Rail Line" (defined as that portion of the corridor north of milepost 28.8 in Woodinville to milepost 38.4 in Snohomish County) to the Port. (Dkt. #83 at ¶ 110.) Also on May 12, 2008, BNSF, the Port and King County entered into a Donation Agreement under which BNSF "donated" the "South Rail Line" (defined as that portion of the corridor south of milepost 23.45 in Woodinville to milepost 5.0 in Renton) to the Port and King County. (*Id*. at ¶ 111.)

The "South Rail Line" allegedly crosses the plaintiffs' properties that are at issue in this case. (Dkt. #83 at ¶ 111.) On December 18, 2009, BNSF quitclaimed its interests in the "South Rail Line" to the Port. (*Id.* at ¶ 110.) The Port and PSE then entered an Easement Purchase and Sale Agreement under which PSE agreed to pay $13,339,821.21 to the Port for right to "place and maintain overhead and underground facilities and equipment" within the "South Rail Line" corridor. (Dkt. #83 at ¶ 117; Dkt. 113-17 at p. 2; Namura Decl. Ex. A at p. 2.)

### III.   ARGUMENT

#### A.   The Washington Belt Line Deed and Condemnation Judgment Conveyed Robust Railroad Easements.

The moving plaintiffs seek an order declaring that the Washington Belt Line Deed and Condemnation Judgment conveyed railroad easements, but do not seek a ruling on the Kittinger Deed. (*See* Dkt. #113 at p. 6 n.5.) PSE agrees that the Washington Belt Line Deed and Condemnation Judgment conveyed all rights inherent to railroad easements, which include incidental uses that may be aerial, surface or subsurface.

#### B.   Railroad Easements Are Not Limited to Surface Rights.

The moving plaintiffs wrongly equate a railroad easement with a surface easement. The Washington Supreme Court has explained that railroad easements are robust instruments that grant railroads substantially more than mere passage through a corridor:

> Many of the courts say that the nature of the right of way purchased or condemned by a railroad company is more than a mere easement. It has been designated as a qualified or determinable fee, although it is not very important what it is called. It is taken for a specific

PSE'S OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT (No. 2:14-cv-00784) - 3
4821-1701-8919.02

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

> purpose, to be held so long as devoted to that purpose. A railroad right of way is a very substantial thing. It is more than a mere right of passage. It is more than an easement.

*Morsbach v. Thurston County*, 152 Wash. 562, 568-69, 278 P. 686 (1929). Applying *Morsbach*, the Washington Court of Appeals has further explained that a railroad easement is a "fee-like" interest that grants a railroad control over the corridor:

> A railroad right-of-way is a very substantial thing, more than a mere right of passage and more than an ordinary easement. It is often likened to a determinable fee. It is an easement with the substantiality of a fee and the attributes of a fee, perpetuity and exclusive use and possession; also the remedies of a fee. This "fee-like" estate is frequently granted in terms usually associated with the grant of a fee simple.

*Hanson Indus., Inc. v. County of Spokane*, 114 Wash. App. 523, 528, 58 P.3d 910 (2002) (citations omitted).

The historical explanation for such robust railroad easements is that railroads require fee-like rights for their intensive use of the right-of-ways, but fee grants could result in abandoned strips of land being held by defunct railroads:

> For reasons of uniformity, the railroad easement solved the problems of unmarketable strips of land being held in fee by defunct railroads, but it did not solve the many problems of exclusivity and longevity that the railroads required in their corridor property. What one generally sees, therefore, is that in cases involving the rights of functioning railroads to exclude the landowner, build embankments, or take timber, the rights recognized by the courts look an awful lot like a freehold estate. The Supreme Court in 1898 noted that the railroad easement has the "attributes of the fee, perpetuity and exclusive use and possession; also the remedies of the fee, and like it corporeal, not incorporeal property."
>
> Yet when it came to the failure of a railroad line, the easement paradigm provided the easy remedy: the fee ownership of the land would have remained in the adjacent landowner and the encumbrance of the easement would be lifted upon abandonment of rail services, allowing the landowner to retake exclusive possession of the corridor land.

11 Powell on Real Property § 78A.06[3][b] (2014) (footnotes omitted). In other words, a railroad easement has all of the characteristics of a fee interest unless it is abandoned.

PSE'S OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT (No. 2:14-cv-00784) - 4
4821-1701-8919.02

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

As noted above, the fee-like nature of a railroad easement resulted in the incidental use doctrine, "which 'states that a railroad may use its easement to conduct not only railroad-related activities, but also any other incidental activities that are not inconsistent and do not interfere with the operation of the railroad.'" *Kershaw*, 121 Wash. App. at 731 (citation omitted).  As the *Kershaw* court explained, railroad right-of-ways are treated like public highways, and utility poles and overhead wires are considered "'a customary incidental use of highways[.]'" *Id.* at 732 (quoting *State ex rel. York v. Bd. of County Comm'rs*, 28 Wash. 2d 891, 904, 184 P.2d 577 (1947)).  The *Kershaw* court also concluded that the "railroad right-of-way also includes the incidental below ground uses of its right-of-way." *Id.* at 736.

On appeal, the Washington Supreme Court agreed that Washington law recognizes the incidental use doctrine. *See Kershaw Sunnyside Ranches v. Yakima Interurban Lines Ass'n*, 156 Wash. 2d 253, 276-77, 126 P.3d 16 (2006).  The court, however, ruled on alternative grounds that a telecommunications statute dating back to 1890 required the use of eminent domain to obtain the necessary operating rights.  *See id.* at 276 & n.17 (citing RCW 80.36.040).  Neither this statute nor any similar statute applies to PSE's utility easement.

The plaintiffs cite the *superior court's* decision in *Kershaw* (Dkt. #113 at p. 21), but the superior court's narrow application of the incidental use doctrine was reversed when the Washington Court of Appeals ruled that the incidental use doctrine includes non-railroad-related activities that are "not inconsistent" with the operation of a railroad. *See Kershaw,* 121 Wash. App. at 731.  Moreover, the Washington Supreme Court's discussion of the incidental use doctrine in *Kershaw* "strongly indicates an endorsement of the interpretation of the incidental use doctrine as embodied in the Court of Appeals opinion, rather than the stricter application employed by the trial court." *Wash. Sec. & Inv. Corp. v. Horse Heaven Heights, Inc.*, 132 Wash. App. 188, 201, 130 P.3d 880 (2006).[1]

---

[1] Federal courts are bound to follow interpretations of state law by intermediate state appellate courts absent persuasive data that the highest court of the state would decide otherwise. *See CPR for Skid Row v. City of Los Angeles*, 779 F.3d 1098, 1116 (9th Cir. 2015).

PSE'S OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT (No. 2:14-cv-00784-JCC) - 5
4821-1701-8919.02

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

The moving plaintiffs ultimately argue that PSE's utility easement is "null and void" because PSE's utility easement includes aerial and subsurface rights, and the source railroad easements only include surface rights. In ruling that the Trails Act preserved the railroad easements within the corridor, this Court noted that the case law uniformly holds that the Trails Act also preserves "the rights inherent to the railroad easement." (Dkt. #107 at p. 6.) Again, those rights inherent to the railroad easement include aerial and subsurface uses like overhead and underground utilities because they are "not inconsistent" with a railroad. *See Kershaw*, 121 Wash. App. at 732, 736. In other words, the plaintiffs' entire motion is based on the faulty premise that the railroad easements conveyed by the Washington Belt Line Deed and Condemnation Judgment are limited to surface rights, and include neither aerial and subsurface rights nor the incidental uses permitted by Washington law.

## IV.     CONCLUSION

There is no dispute that the railroad easements conveyed by the Washington Belt Line Deed and Condemnation Judgment are two of the sources for PSE's utility easement. The Trails Act preserved all of the rights inherent in a railroad easement, which includes incidental uses like utilities that are "not inconsistent" with a railroad. Accordingly, the moving plaintiffs have failed to establish that PSE's utility easement over their properties is "null and void" simply because its sources are the Washington Belt Line Deed and Condemnation Judgment.

DATED this 14th day of September, 2015.

RIDDELL WILLIAMS P.S.

By  s/ *James Breitenbucher*
James Breitenbucher, WSBA #27670
Courtney Seim, WSBA #35352
Bryan Case, WSBA #41781
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154
Email:   jbreitenbucher@riddellwilliams.com
         cseim@riddellwilliams.com
         bcase@riddellwilliams.com

Attorneys for Puget Sound Energy, Inc.

PSE'S OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT (No. 2:14-cv-00784) - 6
4821-1701-8919.02

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

**CERTIFICATE OF SERVICE**

I hereby certify that on date written below, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Daryl A. Deutsch – daryl@rdtlaw.com

Thomas S. Stewart – stewart@swm.legal

Elizabeth G. McCulley – mcculley@swm.legal

Timothy G. Leyh – timl@calfoharrigan.com

Randall T. Thomsen – randallt@calfoharrigan.com

Kristin E. Ballinger – kristinb@calfoharrigan.com

David JW Hackett – david.hackett@kingcounty.gov

Andrew W. Marcuse – andrew.marcuse@kingcounty.gov

Peter G. Ramels – pete.ramels@kingcounty.gov

Desmond L. Brown – desmond.brown@soundtransit.org

Loren G. Armstrong – loren.armstrong@soundtransit.org

Dale N. Johnson – dnj@vnf.com

DATED this 14th day of September, 2015.

*s/ James Breitenbucher*
James Breitenbucher

PSE'S OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT (No. 2:14-cv-00784) - 7
4821-1701-8919.02

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600