THE HONORABLE JOHN C. COUGHENOUR

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT AND KATHRYN KASEBURG, ET AL, <br><br> Plaintiffs, <br><br> vs. <br><br> PORT OF SEATTLE, a municipal corporation; PUGET SOUND ENERGY, INC., a Washington for profit corporation, KING COUNTY, a home rule charter county, and CENTRAL PUGET SOUND REGIONAL TRANSIT AUTHORITY, a municipal corporation, <br><br> Defendants. | NO. 2:14-CV-000784-JCC <br><br><br> PLAINTIFFS' REPLY TO PUGET SOUND ENERGY, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON WHETHER THE DEFENDANTS ACQUIRED AN EASEMENT UNDER THE TRAILS ACT <br><br> NOTE ON MOTION CALENDAR: OCTOBER 9, 2015 |

PLAINTIFFS' REPLY TO PUGET SOUND ENERGY, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON WHETHER THE DEFENDANTS ACQUIRED AN EASEMENT UNDER THE TRAILS ACT —
No. 2:14-cv-000784-JCC - Page i

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110  Fax (425)455-1626

# TABLE OF CONTENTS

I.  INTRODUCTION ..............................................................................................................1

II. NONE OF THE DEFENDANTS, INCLUDING PSE, HAVE ANY CURRENT RIGHTS IN A RAILROAD PURPOSES EASEMENT UNDER THE TRAILS ACT .....................2

III. PSE'S PURPORTED EASEMENT GRANTING SUBSURFACE AND AERIAL RIGHTS ARE NOT WITHIN THE SCOPE OF A RAILROAD PURPOSES EASEMENT IN ANY EVENT .......................................................................................4

IV. THE "INCIDENTAL USE" DOCTRINE DOES NOT APPLY AT ALL AND DOES NOT GIVE PSE THE RIGHT TO USE THE SUBSURFACE AND AERIAL RIGHTS OF THE FEE OWNER PURSUANT TO PSE'S PURPORTED EASEMENT .................8

V.  CONCLUSION ...............................................................................................................10

**STATUTES**

45 U.S.C. § 151 .................................................................................................................3

49 U.S.C. § 10102 .............................................................................................................2

Rev. Code Wash § 80.32.060 ............................................................................................9

PLAINTIFFS' REPLY TO PUGET SOUND ENERGY, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON WHETHER THE DEFENDANTS ACQUIRED AN EASEMENT UNDER THE TRAILS ACT —
No. 2:14-cv-000784-JCC - Page ii

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

# TABLE OF AUTHORITIES

*Anna Nordhus Family Trust v. United States*, 98 Fed. Cl. 331 (Fed. Cl. 2011) .............................. 2

*Brandt Revocable Trust v. United States* 134 S. Ct. 1257 (2014) ..................................................... 4

*Capreal, Inc. v. United States*, 99 Fed. Cl. 133 (Fed. Cl. 2011) ........................................................ 2

*Great Northern Ry. Co. v. United States*, 315 U.S. 262 (1942) ........................................................ 4

*Hanson Indus., Inc. v. Cnty. of Spokane*, 58 P.3d 910 (Wash. App. 2002) ............................. 4, 5, 6

*Kansas City Southern Ry. Co. v. Arkansas Louisiana Gas Co.*, 476 F.2d 829
    (10th Cir. 1973) ............................................................................................................................ 5

*Kershaw Sunnyside Ranches, Inc. v. Yakima Interurban Lines Ass'n*, 126 P.3d 16,
    (Wash. 2006) ............................................................................................................................ 7, 9

*Lawson v. State*, 730 P.2d 1308 (Wash. 1986) ....................................................................... 3, 4, 6

*Morsbach v. Thurston Cy.,* 278 P. 686 (Wash. 1929) ........................................................................ 5

*Neitzel v. Spokane Intern. Ry. Co.*, 141 P. 186 (Wash. 1914) ........................................................... 4

*Preseault v. United States,* 100 F.3d 1525 (Fed. Cir. 1996) .............................................................. 2

*Rogers v. United States*, 90 Fed. Cl. 418 (Fed. Cl. 2009) .................................................................. 2

*Western Union Tele. Co. v. Penn. R.R.*, 195 U.S. 540 (1904) ........................................................... 4

PLAINTIFFS' REPLY TO PUGET SOUND ENERGY, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON WHETHER THE DEFENDANTS ACQUIRED AN EASEMENT UNDER THE TRAILS ACT — No. 2:14-cv-000784-JCC - Page iii

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

## I. INTRODUCTION

Puget Sound Energy, Inc. ("PSE") filed their response on September 14, 2015 (D.E. 122). Like the other Defendants, PSE admits that the original source conveyances to the railroad, the Lake Washington Belt Line deed and the Condemnation, conveyed easements.[1]  PSE then attempts to argue that the easement PSE received from the Port is a valid conveyance, including subsurface and aerial rights, because the railroad purposes easement currently exists, the scope of the railroad purposes easement allows subsurface and aerial uses, and the subsurface and aerial uses that PSE has in mind are "incidental uses" to the railroad purposes easement. All are false.

All of PSE's arguments fail as a matter of law. First, the railroad purposes easement is "preserved" for future reactivation as a railroad under the Trails Act and does not currently exist for current uses—it is railroad. The Trails Act only authorizes interim trail use.[2]  Second, even if the railroad purposes easement does exist, and even though a railroad purposes easement is a "substantial" thing, the scope of a railroad purposes easement is not broad enough to include subsurface and aerial rights beyond a railroad purpose. Third, and finally, PSE's purported uses of the subsurface and aerial rights contained within fee ownership are not "incidental" to railroad purposes in any event. As a result, the Port had no right to convey easements to PSE and the only way PSE can legally obtain any subsurface or aerial rights is to utilize their powers of condemnation and to pay the fee owners.

---

[1]  *See* PSE's Br., D.E. 122, at p. 3.
[2]  A thorough discussion of the Trails Act is contained in Plaintiffs' response to both King County and the Port and Sound Transit and both are incorporated by reference herein.

PLAINTIFFS' REPLY TO PUGET SOUND ENERGY, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON WHETHER THE DEFENDANTS ACQUIRED AN EASEMENT UNDER THE TRAILS ACT —
No. 2:14-cv-000784-JCC - Page 1

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

## II. NONE OF THE DEFENDANTS, INCLUDING PSE, HAVE ANY CURRENT RIGHTS IN A RAILROAD PURPOSES EASEMENT UNDER THE TRAILS ACT

The Trails Act blocks the "reversionary interest" that the adjacent landowners, as the fee owners, possess. In other words, the railroad purposes easement would have reverted back to the fee owners under state law but for the federal preemption by and through the Trails Act. The Trails Act then "preserves" the railroad purposes easement for future railroad activities. This process is the "railbanking" process under the Trails Act. In the railbanking process, the federal government maintains jurisdiction and a qualified railroad has the right to petition the Surface Transportation Board ("STB") for future reactivation of the railroad (King County is not a bona fide railroad and is, instead, just the trail user). In the interim, the trail user cannot use the recreational trail easement for railroad purposes or any other purposes.[3]

Courts have always declined to find that the railbanking process for the potential future reactivation of a railroad is a current railroad purpose. *See* e.g., *Preseault v. United States,* 100 F.3d 1525, 1554 (Fed. Cir. 1996); *Capreal, Inc. v. United States*, 99 Fed. Cl. 133, 146 (Fed. Cl. 2011); *Anna Nordhus Family Trust v. United States*, 98 Fed. Cl. 331, 339 (Fed. Cl. 2011); *Rogers v. United States*, 90 Fed. Cl. 418, 432 (Fed. Cl. 2009). As a threshold matter, it is imperative to note that if railbanking was a railroad purpose, there would not be any Trails Act takings cases because the "reversionary interest" would never vest if the railroad purposes easement did not extinguish per se upon issuance of a NITU. However, the railroad purposes

---

[3] Although King County holds the "residual common carrier rights and obligations," King County cannot reactivate rail service alone because King County is not a "railroad" or "rail carrier" and does not comply with the requirements of a railroad subject to the jurisdiction of the STB—and the STB has jurisdiction over any reactivation of the railbanked corridor. *See* 49 U.S.C. § 10102 (defining "rail carrier" as "a person providing common carrier railroad transportation for compensation, but does not include street, suburban, or interurban

PLAINTIFFS' REPLY TO PUGET SOUND ENERGY, INC.'S
OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT ON WHETHER THE DEFENDANTS
ACQUIRED AN EASEMENT UNDER THE TRAILS ACT —
No. 2:14-cv-000784-JCC - Page 2

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110  Fax (425)455-1626

easement is "preserved" under the Trails Act for the future possibility of reactivation and the railroad purposes easement is instead converted to a new easement for a hiking and biking trail and railbanked under the Trails Act.

The Defendants, including PSE, do not have any current rights in a current railroad purposes easement. Rather, the Defendants acquired a recreational trail/railbanked easement under the Trails Act. The Washington Supreme Court decision in *Lawson v. State*, 730 P.2d 1308, 1312-13 (Wash. 1986) eviscerates any argument the Defendants could make to the contrary. In *Lawson*, the Washington Supreme Court specifically held that, even though a railroad purposes easement is a substantial thing, a hiking and biking trail is not encompassed within a grant of an easement for railroad purposes only and that "a change in use of a railroad right-of-way to a recreational trail or nature trail is a change of use evidencing abandonment of the right-of-way." *Id.* at 1312-13. This ruling from the Washington Supreme Court is directly in accord with the Trails Act—a railroad purposes easement is changed or converted to a new use for a hiking and biking trail and the railroad purposes easement is "preserved" by and through railbanking for the possible future reactivation of a railroad.

The Port and King County, as the "trail users" under the Trails Act, are authorized to use the land as a trail and trail use is a specific change in use under *Lawson*. Because trail use causes the termination of a railroad purposes easement under state law pursuant to *Lawson*, the railroad purposes easement does not currently exist because railbanking is not a railroad purpose but, instead, the railroad purposes easement is "preserved" for possible reactivation of a railroad.

---

electric railways not operated as part of the general system of rail transportation"); *see also*, 45 U.S.C. § 151 (defining rail carrier).

PLAINTIFFS' REPLY TO PUGET SOUND ENERGY, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON WHETHER THE DEFENDANTS ACQUIRED AN EASEMENT UNDER THE TRAILS ACT — No. 2:14-cv-000784-JCC - Page 3

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

Although this Court held that railbanking "preserved" the railroad purposes easement, the easement is NOT a current railroad purposes easement that is currently available to be used for railroad purposes but, rather, the railroad purposes easement is "preserved" for future *potential* use if and when a bona fide railroad reactivates the railroad by following the reactivation procedures enunciated by the STB.

### III. PSE'S PURPORTED EASEMENT GRANTING SUBSURFACE AND AERIAL RIGHTS ARE NOT WITHIN THE SCOPE OF A RAILROAD PURPOSES EASEMENT IN ANY EVENT

Even though PSE and the other Defendants do not have any rights whatsoever in a current railroad purposes easement, PSE attempts to argue that the purported easement rights obtained from the Port and King County, which include subsurface and aerial rights, somehow fall within the scope of a railroad purposes easement. PSE argues that railroad purposes easements are "fee-like" in nature and include subsurface and aerial rights.[4] Under Washington law, however, even though a railroad purposes easement is a substantial thing, it does not include the subsurface or aerial rights of the fee owner except to the extent the subsurface or aerial rights are actually used to support the construction or operation of the railroad. But, again, this issue of law is irrelevant because there is no currently active railroad purposes easement on the right-of-way.

A railroad purposes easement is a "substantial thing" under both Federal law and state law.[5] As a result, a railroad has substantial surface rights when possessing a railroad purposes

---

[4] *See* PSE's Br., D.E. 122, at pgs. 1-2.
[5] *See Western Union Tele. Co. v. Penn. R.R.*, 195 U.S. 540, 570 (1904); *Great Northern Ry. Co. v. United States*, 315 U.S. 262 (1942); *Brandt Revocable Trust v. United States* 134 S. Ct. 1257 (2014); *Hanson Indus., Inc. v. Cnty. of Spokane*, 58 P.3d 910 (Wash. App. 2002); *Lawson*, 730 P.2d at 1314; *Neitzel v. Spokane Intern. Ry. Co.*, 141 P. 186 (Wash. 1914).

PLAINTIFFS' REPLY TO PUGET SOUND ENERGY, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON WHETHER THE DEFENDANTS ACQUIRED AN EASEMENT UNDER THE TRAILS ACT —
No. 2:14-cv-000784-JCC - Page 4

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110  Fax (425)455-1626

easement, including exclusive use, with very limited subsurface and aerial rights that are required for the construction and operation of a railroad, as such drainage ditches, bridges, and other structures, and signals and the like.[6]

But, although the railroad purposes easement allows the railroad minimal subsurface and aerial rights, all of the subsurface and aerial rights that the railroad acquires by and through a railroad purposes easement must be for the purpose of constructing and running the railroad itself.  As the Tenth Circuit pointed out in *Kansas City*, the necessary functions of the railroad to operate its trains in the subsurface "cannot deprive the owner of the servient estate… from making use of the land in strata below the surface and below substrata which are used or needed by the railroad company, and which in no wise… interferes with the construction, maintenance and operation of the railroad."  *See Kansas City*, 476 F.2d at 835.  Although the railroad might have exclusive rights to the surface, whatever subsurface and aerial functions that are utilized by the railroad must be used to support the construction or operation of the railroad and the owner of the servient estate can otherwise use all of their subsurface and aerial rights that do not interfere with the construction or operation of the railroad.

Washington law is in full accord with these basic property law concepts and the Defendants totally fail to address the scope of a railroad purposes easement under Washington law although it is irrelevant in this case as far as these Defendants are concerned.  Defendants first cite *Morsbach v. Thurston Cy.,* 278 P. 686 (Wash. 1929) and *Hanson Indus., Inc. v. Cnty. of Spokane*, 58 P.3d 910 (Wash. App. 2002) for the proposition that a "railroad right-of-way is a

---

[6] *See Kansas City Southern Ry. Co. v. Arkansas Louisiana Gas Co.*, 476 F.2d 829, 834-835 (10th Cir. 1973).

PLAINTIFFS' REPLY TO PUGET SOUND ENERGY, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON WHETHER THE DEFENDANTS ACQUIRED AN EASEMENT UNDER THE TRAILS ACT —
No. 2:14-cv-000784-JCC - Page 5

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

very substantial thing." Yet, regardless of how often that proposition is promoted, Defendants cannot escape their fundamental dilemma, which is that in order to succeed on their cross-motion for summary judgment they must prove as a matter of law that their intended uses for the railroad corridor are railroad purposes, they must comply with the STB requirements, and they must obtain the STB's approval to reactivate the banked railroad easement.

It is clear that Washington courts have adopted a very restrictive view of the scope of railroad easements. In *Hanson*, the court was called upon to determine whether century-old railroad deeds that applied to an abandoned railroad line conveyed fee or an easement. The suit arose as a quiet-title action brought by an adjoining landowner against Spokane County, which had acquired the right-of-way from BNSF. *Id*. at 913. The adjoining landowner brought suit alleging ownership of the right-of-way in fee simple in light of Spokane County's usage of the fee for *road, sewers, water lines and trail purposes*. *Id*. The court held that the deeds at issue conveyed easements and, in so doing, recognized that the fee simple owner was entitled to just compensation for a seizing of his property. As explained by the court, "[t]he modern recognition of the immense public benefit to be derived from converting abandoned railroads into perpetual public utilities does not outweigh the constitutional considerations inherent in the prohibition against seizing property without just compensation." *Id*. at 918 (citing *Lawson,* 730 P.2d 1308). Importantly, *Hanson* so held while recognizing the Washington rule relied on by the Defendants that a "railroad is a very substantial thing" and "more than an ordinary easement." *Id*. at 914.

Under Washington law, the railroad has the right to use the surface of the land to construct and operate its railroad but it has no right to utilize the subsurface or aerial unless the

PLAINTIFFS' REPLY TO PUGET SOUND ENERGY, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON WHETHER THE DEFENDANTS ACQUIRED AN EASEMENT UNDER THE TRAILS ACT —
No. 2:14-cv-000784-JCC - Page 6

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110  Fax (425)455-1626

subsurface and aerial are necessary for the construction and operation of a railroad.[7]  Plus, a railroad with a railroad purposes easement, and the Defendants herein, have no right whatsoever to extract value from the subsurface or the aerial which was not part of a railroad purposes easement.

The Washington Supreme Court clearly addressed this issue and the scope of a railroad purposes easement in *Kershaw Sunnyside Ranches, Inc. v. Yakima Interurban Lines Ass'n*, 126 P.3d 16, (Wash. 2006).  *Kershaw* involved the placement of a subsurface fiber-optic line within a railroad's right-of-way easement.  The Washington Supreme Court clearly supported the principal in *Kershaw* that railroad purposes easements are of an inherently limited scope which did not include the landowner's subsurface rights.  In *Kershaw,* the Washington Supreme Court could have supported the proposition that subsurface licenses were consistent with a railroad purposes easement, but the Washington Supreme Court correctly recognized the rights of the landowner as the fee simple owner of the land, including the subsurface rights, and concluded that the landowner's fee simple ownership was burdened by a railroad purposes easement but that the telecommunications company would have to pay the landowner for the fiber-optic line within the subsurface.

As a matter of law, even if a railroad purposes easement presently and currently exists, which it does not, PSE's proposed use of the subsurface or aerial rights contained within fee ownership cannot be considered to be "for the construction, operation and maintenance" of the railroad and are not therefore within the scope of the railroad purposes easement.  PSE's

---

[7] The Defendants, including PSE, have made no effort whatsoever to try to factually establish that the railroad actually used subsurface or aerial portions of the Plaintiffs' fee ownership at any actual location along or adjacent to any of the Plaintiffs' parcels involved in this case.

PLAINTIFFS' REPLY TO PUGET SOUND ENERGY, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON WHETHER THE DEFENDANTS ACQUIRED AN EASEMENT UNDER THE TRAILS ACT — No. 2:14-cv-000784-JCC - Page 7

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

purported easement is not only an unlawful expansion of the railroad purposes easement but also tramples over Plaintiffs' fee rights by further clouding Plaintiffs' title to their land with an additional easement in the subsurface and the air.  The Plaintiffs' fee ownership rights in the subsurface and aerial portions of their land are valuable property interests that must be protected.

## IV. THE "INCIDENTAL USE" DOCTRINE DOES NOT APPLY AT ALL AND DOES NOT GIVE PSE THE RIGHT TO USE THE SUBSURFACE AND AERIAL RIGHTS OF THE FEE OWNER PURSUANT TO PSE'S PURPORTED EASEMENT

PSE makes repeated references to the "incidental use doctrine" in an attempt to argue that their purported easements are valid as incidental uses to the original railroad purposes easement.[8] PSE's arguments regarding purported incidental uses totally fail because (1) railbanking is not a railroad purpose; (2) the former BNSF railroad purposes easement is not a current easement but is a railbanked easement; (3) PSE is not a railroad and is not running trains such that the incidental use doctrine does not apply at all; and (4) PSE is not a trail user under the Trails Act and, even it if PSE was a trail user, the Defendants are only authorized to use the surface easement for a recreational trail under the Trails Act.

PSE's attempted use of the incidental use doctrine is completely misplaced.  Plaintiffs have already argued and established that railbanking is not a railroad purpose such that the BNSF railroad purposes easement is not a current easement but is instead a railbanked easement, and will not repeat that argument again.  But, the fact is that PSE's purported uses of the railroad corridor are not incidental to a railroad purposes easement even if a railroad purposes easement currently existed.  An incidental use must be measured by what is reasonably necessary in

---

[8] *See* PSE's Br., D.E. 122, at pgs. 2, 3, and 5.

PLAINTIFFS' REPLY TO PUGET SOUND ENERGY, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON WHETHER THE DEFENDANTS ACQUIRED AN EASEMENT UNDER THE TRAILS ACT — No. 2:14-cv-000784-JCC - Page 8

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

support of the railroad purposes easement for the building, operation, or maintenance of the railroad.[9] PSE doesn't even attempt to make an argument that its electric transmission lines, whether aerial or subsurface, are or would be necessary for the building, operation, and maintenance of the railroad. By definition, PSE's purported "incidental uses" are not incidental to a railroad purposes easement even if the railroad purposes easement existed. Just like the subsurface fiber-optic cable in *Kershaw* was not an incidental use, the electrical transmission lines that PSE wants are not incidental uses either.

In *Kershaw*, the Supreme Court of Washington held that the placement of the fiber-optic transmission line through the right-of-way was a trespass because it used the landowner's subsurface rights illegally. As a result, the telecommunications company had to utilize an eminent domain proceeding under statutes governing telecommunications companies. *Kershaw*, 126 P.3d at 27-29. PSE attempts to avoid the holding in *Kershaw* by asserting that the statute pertaining to the telecommunications company was unique. Although *Kershaw* did address a specific statute relating to telecommunications companies and their power of eminent domain, a similar statute relating to eminent domain specifically applies to PSE.[10] As a result, the holding in *Kershaw* is directly applicable to PSE and PSE can only utilize the subsurface and aerial portions of the landowner's fee ownership if they use their eminent domain powers and pay these landowners.

---

[9] The trial court in *Kershaw* specifically and correctly held that "incidental uses are measured by what is reasonably necessary for the building, operation, and maintenance of the railroad and where the fiber-optic cable will be used substantially to service other members of the public and where the railroad is not significantly dependent on the fiber-optic cable for its primary means of communication, the cable is not an 'incidental use' of the railroad." 2003 WL 25275291 (Wash. Sup. June 9, 2003).

[10] *See* Rev. Code Wash. § 80.32.060.

PLAINTIFFS' REPLY TO PUGET SOUND ENERGY, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON WHETHER THE DEFENDANTS ACQUIRED AN EASEMENT UNDER THE TRAILS ACT — No. 2:14-cv-000784-JCC - Page 9

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

## V. CONCLUSION

PSE received purported easements from the Port that the Port had no right to grant. The railroad purposes easement that was originally in place as a current and existing easement was converted to a railbanked easement for possible reactivation in the future under the Trails Act. In addition, even if the railroad purposes easement currently existed, PSE's purported uses are not within the scope of a railroad purposes easement and are not incidental to the railroad purposes easement either. The only way PSE can utilize the subsurface or aerial portions of fee ownership are to utilize their eminent domain powers and to pay these landowners. As a result, Plaintiffs' motion for summary judgment against PSE should be granted.

Date: October 5, 2015.   **STEWART, WALD & MCCULLEY, LLC**

By  /s/ Thomas S. Stewart
   Thomas S. Stewart
   Elizabeth Gepford McCulley
   Michael J. Smith
   9200 Ward Parkway, Suite 550
   Kansas City, MO 64114
   Telephone: (816) 303-1500
   Facsimile: (816) 527-8068
   stewart@swm.legal
   mcculley@swm.legal
   smith@swm.legal

AND

RODGERS DEUTSCH & TURNER, P.L.L.C.
Daryl A. Deutsch, WSBA No. 11003
Rodgers Deutsch & Turner, P.L.L.C.
3 Lake Bellevue Dr. Suite 100
Bellevue, WA  98005
Telephone: (425) 455-1110
Facsimile: (425) 455-1626
daryl@rdtlaw.com
**ATTORNEYS FOR PLAINTIFFS**

PLAINTIFFS' REPLY TO PUGET SOUND ENERGY, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON WHETHER THE DEFENDANTS ACQUIRED AN EASEMENT UNDER THE TRAILS ACT —
No. 2:14-cv-000784-JCC - Page 10

# CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of October, 2015, the foregoing was filed electronically with the Clerk of the Court to be served by the operation of the Court's electronic filing system upon all parties of record.

Timothy G. Leyh
Randall Thomsen
Kristin Ballinger
CALFO, HARRIGAN, LEYH & EAKES, LLP
timl@calfoharrigan.com
randallt@calfoharrigan.com
kristinb@calfoharrigan.com
*Attorneys for Defendant Port of Seattle*

Gavin W. Skok
Bryan J. Case
Courtney L. Seim
James E. Breitenbucher
RIDDELL WILLIAMS PS
gskok@riddellwilliams.com
bcase@riddellwilliams.com
cseim@riddellwilliams.com
jbreitenbucher@riddelwilliams.com
*Attorneys for Defendant Puget Sound Energy*

Andrew W Marcuse
David J. Hackett
King County Prosecuting Attorney, Civil Division
andrew.marcuse@kingcounty.gov
david.hackett@kingcounty.gov
*Attorneys for Defendant King County*

Desmond L. Brown
Loren Armstrong
desmond.brown@soundtransit.org
lore.armstrong@soundtransit.org.
*Attorneys for Central Puget Sound Regional Transit Authority*

　　　　　　　　　　　　　　　　　　　　/s/ *Thomas S. Stewart*

PLAINTIFFS' REPLY TO PUGET SOUND ENERGY, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON WHETHER THE DEFENDANTS ACQUIRED AN EASEMENT UNDER THE TRAILS ACT — No. 2:14-cv-000784-JCC - Page 11

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr., Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110  Fax (425)455-1626