HONORABLE JOHN C. COUGHENOUR

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT AND KATHRYN KASEBURG, et al., | No. 2: 14-CV-00784-JCC |
| Plaintiffs, | SOUND TRANSIT'S REPLY RE: |
| v. | CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT ON WHETHER CONSTRUCTION AND OPERATION OF LIGHT RAIL IS CONSISTENT WITH BNSF'S EASEMENTS |
| PORT OF SEATTLE, a municipal corporation; PUGET SOUND ENERGY, INC., a Washington for profit corporation, KING COUNTY, a home rule charter county, and CENTRAL PUGET SOUND REGIONAL TRANSIT AUTHORITY, a municipal corporation, | **NOTE ON MOTION CALENDAR: OCTOBER 9, 2015** |
| Defendants. | **ORAL ARGUMENT REQUESTED** |

//
//
//
//
//
//
//

SOUND TRANSIT'S REPLY RE: CROSS-MOTION FOR
PARTIAL SUMMARY JUDGMENT ON WHETHER
CONSTRUCTION AND OPERATION OF LIGHT RAIL
IS CONSISTENT WITH BNSF'S EASEMENTS

CENTRAL PUGET SOUND REGIONAL
TRANSIT AUTHORITY
401 S. JACKSON STREET
SEATTLE, WASHINGTON 98104
TELEPHONE (206) 398-5000
FACSIMILE (206) 398-5499

TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................ 1

II.   ADDITIONAL FACTUAL BACKGROUND ........................................... 1

  A.   Other transit agencies have similar interests in railbanked corridors.  ................ 1

III.  EVIDENCE RELIED UPON ..................................................................... 2

IV. ARGUMENT ............................................................................................. 2

  A.   Plaintiffs concede that the "after" condition for takings compensation they were
       awarded in *Haggart* specifically included compensation for the construction of
       light rail............................................................................................... 3

  B.   Trail use and rail use are not mutually exclusive; a railbanked corridor may be
       used for any purpose consistent with the original easement.................................. 4

  C.   Plaintiffs ignore the underlying property transactions, the STB's supervisory role
       in them, and the limitation of the STB's jurisdiction to freight railroad only. ...... 5

  D.   Sound Transit can construct and operate passenger rail without STB approval
       because the STB has no jurisdiction over passenger rail...................................... 6

  E.   Plaintiffs' failure to distinguish between passenger rail and freight rail results in a
       logically and legally flawed argument................................................................ 10

V.  CONCLUSION............................................................................................ 11

SOUND TRANSIT'S REPLY RE: CROSS-MOTION FOR
PARTIAL SUMMARY JUDGMENT ON WHETHER
CONSTRUCTION AND OPERATION OF LIGHT RAIL
IS CONSISTENT WITH BNSF'S EASEMENTS - i

CENTRAL PUGET SOUND REGIONAL
TRANSIT AUTHORITY
401 S. JACKSON STREET
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 398-5000
FACSIMILE: (206) 398-5499

1

TABLE OF AUTHORITIES

2

**Cases**
*Haggart v. U.S.*, 108 Fed.Cl. 70, 96 (2012).................................................................passim
*Ioppolo v. Port of Seattle, et al.*, C15-0358-JCC, Dkt No. 56 ............................................3
*Kulmer v. STB*, 236 F.3d 1255 (10th Cir. 2001)................................................................13
*Thomas v. U.S.*, 106 Fed. Cl. 467, 488-89 (2012) ............................................................11
*Toscano v. U.S.*, 107 Fed. Cl. 179 (2012)...................................................................passim

**Statutes**
16 USC §1247(d); 49 CFR §1152.29 ..................................................................................7
49 CFR §1152.29(c)(3) and (d)(3)......................................................................................8

**Other Authorities**
*Baltimore and Ohio R. Co, – Abandonment and Discont. Of Ser. – In Montgomery County, MD and the Dist. of Columbia*, 1990 WL 287371, ICC Dkt. No. AB-19 (Sub-No. 112) (February 22, 1990) ........................................................................................7

*CSX Transp., Inc. – Abandonment Exemption – In Monroe and Owen Counties, IL*, STB Docket No. AB-55 (Sub-No, 514X), 1997 WL 598035 ....................................................4

*Gnp Rly, Inc.--Acquisition & Operation Exemption--Redmond Spur & Woodinville Subdivision*, 2011 WL 2421150 .......................................................................................7

*Kansas Eastern RR, Inc. – Abandonment Exemption – In Butler and Greenwood Counties, KS*, STB Docket No. AB-563 (Sub-No. 1X), 2006 WL 1516602, *3 (Service Date June 1, 2006)...........................................................................................................................5

*KCT Railway Corp. – Abandonment Exemption – In Franklin, Anderson, and Allen Counties, KS*, ICC Docket No. AB-335 (Sub-No. 2X), 1992 WL 311582, *1-*2 (Service Date Oct. 26, 1992) .............................................................................................5

*Los Angeles Cnty. Transp. Comm'n—Petition for Exemption--Acquisition from Union Pac. R.R. Co.*, 1996 WL 408632, STB Fin. Dkt. No. 32374, at *4 (July 11, 1996).........9

*Norfolk Southern Railway Co. -- Abandonment Exemption – In Mecklengurg County, NC*, 2004 WL 1136634, STB Docket No. AB-290 (Sub-No. 247X) (May 21, 2004..............2

*Rail Abandonments-Use of Rights-of-Way As Trails*, 2 I.C.C.2d at 606-07 and 608 ...........4

*Regional Rail Right of Way Company – Abandonment Exemption – In Collin and Dallas Counties, TX*, 2010 WL 262221, STB Docket No. AB-1050X (January 25, 2010) (Dallas, Texas)................................................................................................................2

*S. Pac. Transp. Co.-Abandonment Exemption-Los Angeles Cnty., Ca.*, 1993 WL 54669, 91 I.C.C.2d 385, 390 (Feb. 12, 1993) .................................................................................8

*Georgia Great So. Division – Aban, & Discon. Of Service*, STB 2003 WL 21132515, Dkt. No. AB-389 (Sub-No. IX) (May 9, 2003) ........................................................................8

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

SOUND TRANSIT'S REPLY RE: CROSS-MOTION FOR
PARTIAL SUMMARY JUDGMENT ON WHETHER
CONSTRUCTION AND OPERATION OF LIGHT RAIL
IS CONSISTENT WITH BNSF'S EASEMENTS - ii

CENTRAL PUGET SOUND REGIONAL
TRANSIT AUTHORITY
401 S. JACKSON STREET
SEATTLE, WASHINGTON  98104
TELEPHONE: (206) 398-5000
FACSIMILE: (206) 398-5499

*Southern Pacific Transportation Co. – Abandonment Exemption – In El Dorado County, CA*, 1995 WL 314866, STB Docket No. AB–12 (Sub–No. 128X) (May 25, 1995) (Sacramento, CA) ........................................................................................................ 2

*State of Maine, Dep't of Transp.-Acquisition & Operation Exemption-Maine Cent. R.R. Co.*, 1991 WL 84430, 8 I.C.C 2d 835 (May 20, 1991) ...................................................... 9

*State of Wisconsin Dep't of Transp.-Petition for Declaratory Order*, 2002 WL 1767404, STB Fin. Dkt. No. 34181, at *2 (July 30, 2002) ................................................................ 9

*T and P Railway – Abandonment Exemption – In Shawnee, Jefferson and Atchison Counties, KS*, STB Docket No. AB-381 (Sub-No. 1X), 1997 WL 68211 ....................... 5

*The Baltimore and Ohio R. Co, – Abandonment and Discont. Of Ser. – In Montgomery County, MD and the Dist. of Columbia, ICC Docket No. AB-19 (Sub-No. 112)* ....... 2,4, 7

*Union Pacific Railroad Co. – Abandonment and Discontinuance of Trackage Rights Exemption – In Ada County, ID*, 2000 WL 124964, STB Docket No. AB-33 (Sub-No. 137X) ................................................................................................................................ 2

SOUND TRANSIT'S REPLY RE: CROSS-MOTION FOR
PARTIAL SUMMARY JUDGMENT ON WHETHER
CONSTRUCTION AND OPERATION OF LIGHT RAIL
IS CONSISTENT WITH BNSF'S EASEMENTS - iii

CENTRAL PUGET SOUND REGIONAL
TRANSIT AUTHORITY
401 S. JACKSON STREET
SEATTLE, WASHINGTON  98104
TELEPHONE: (206) 398-5000
FACSIMILE: (206) 398-5499

1

## I.   INTRODUCTION

Sound Transit's cross motion asks the Court to rule that under Washington law, (1) light rail passenger service is a railroad purpose, and (2) the BNSF's railroad easements permit light rail facilities to be constructed below, above, or on the surface, as dictated by sound engineering practices and operational needs. Plaintiffs do not respond to the first issue, and concede the second with the following statement:

> By and through a railroad purposes easement, a railroad acquires more than the mere right of passage over the land, it acquires the **right to excavate** drainage ditches, to construct various supports **under the surface** for **bridges** and **other structures**, and to construct **signals and the like**.

Dkt No. 131 at 7-8 (emphasis added).

Rather than respond to the two legal issues in Sound Transit's motion directly, Plaintiffs: (1) reargue whether BNSF's easements were preserved and available for use (an issue already decided by this Court in the affirmative[1]), and (2) argue, contrary to this Court's ruling that BNSF's easements were preserved, that because the Surface Transportation Board ("STB") exercises federal jurisdiction over **freight rail** operations, the state law property right to run **passenger rail** granted by the BNSF easement is somehow extinguished. Both of these non-germane arguments are legally flawed.

## II.   ADDITIONAL FACTUAL BACKGROUND

### A.   Other transit agencies have similar interests in railbanked corridors.

Sound Transit's passenger rail property interest in a railbanked corridor is not unique. Transit agencies across the country are using railbanked corridors or are considering them for future use in many locations, including: (a) commuter rail in Salt Lake City, Utah; (b) light rail and commuter rail in Dallas, TX; (c) light rail in Charlotte,

---

[1] *See* Dkt No. 107 (Order Granting Defendants' Motion for Partial Summary Judgment) at 10 ("BNSF's railbanking of the Eastside Rail Corridor preserved BNSF's railroad easements and allowed interim trail use of the corridor as a trail.").

CENTRAL PUGET SOUND REGIONAL
TRANSIT AUTHORITY
401 S. JACKSON STREET
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 398-5000
FACSIMILE: (206) 398-5499

NC; (d) commuter rail in Boise, ID; and (e) light rail in Sacramento, CA.[2]

### III.    EVIDENCE RELIED UPON

The declarations and documents already on file with this Court.

### IV.    ARGUMENT

Putting aside Plaintiffs' colorful hyperbole, Sound Transit's right to run passenger rail is firmly supported by the law. Plaintiffs' argument is generally as follows:

- Trail use and railroad use are mutually exclusive;

- The preserved easement can only be used for a railroad purpose if the STB reactivates the corridor for a freight railroad; and

- Sound Transit is not a railroad (as defined by STB jurisdictional requirements) and therefore cannot use the easement it purchased.

Each of these assertions is either legally or factually incorrect or incomplete.

First, numerous STB cases confirm that trail use and rail use are not mutually exclusive. Second, Plaintiffs ignore the distinction between **freight** rail and **passenger** rail, both of which were permitted by BNSF's railroad easements.  The former is subject to STB substantive jurisdiction (and reactivation). The latter are created and governed by state property law, and the STB does not regulate them.[3]  Third, the fact that Sound

---

[2] *See Toscano v. U.S.*, 107 Fed. Cl. 179, 181-82 (2012) (Salt Lake City, Utah); *Regional Rail Right of Way Company – Abandonment Exemption – In Collin and Dallas Counties, TX*, 2010 WL 262221, STB Docket No. AB-1050X (January 25, 2010) (Dallas, Texas); *Norfolk Southern Railway Co. -- Abandonment Exemption – In Mecklengurg County, NC*, 2004 WL 1136634, STB Docket No. AB-290 (Sub-No. 247X) (May 21, 2004); *Union Pacific Railroad Co. – Abandonment and Discontinuance of Trackage Rights Exemption – In Ada County, ID*, 2000 WL 124964, STB Docket No. AB-33 (Sub-No. 137X) (February 2, 2000) (Boise, Idaho); *Southern Pacific Transportation Co. – Abandonment Exemption – In El Dorado County, CA*, 1995 WL 314866, STB Docket No. AB–12 (Sub–No. 128X) (May 25, 1995) (Sacramento, CA).

[3] *The Baltimore and Ohio R. Co, – Abandonment and Discont. Of Ser. – In Montgomery County, MD and the Dist. of Columbia, ICC Docket No. AB-19 (Sub-No. 112), 1990 WL 287371, *3 (Service Date March 2, 1990)* (no regulatory responsibility over light rail on the railbanked easement).

SOUND TRANSIT'S REPLY RE: CROSS-MOTION FOR
PARTIAL SUMMARY JUDGMENT ON WHETHER
CONSTRUCTION AND OPERATION OF LIGHT RAIL
IS CONSISTENT WITH BNSF'S EASEMENTS - 2

CENTRAL PUGET SOUND REGIONAL
TRANSIT AUTHORITY
401 S. JACKSON STREET
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 398-5000
FACSIMILE: (206) 398-5499

1   Transit does not intend to operate a freight railroad subject to STB jurisdiction or

2   reactivation is irrelevant. Under governing Washington law, light rail is a railroad purpose

3   permitted by, and consistent with, BNSF's easements that this Court has already ruled

4   were preserved.

5   **A.    Plaintiffs concede that the "after" condition for takings compensation they**
        **were awarded in *Haggart* specifically included compensation for the**
6        **construction of light rail.**

7            In Plaintiffs' opposition to the Port's and King County's motion, Plaintiffs rely on

8   declarations from two experts. *See* Dkt Nos. 131-3 and 131-4. In one of those

9   declarations, their expert's recital of *Haggart's* appraisal instructions is dispositive:

10

11            In the "after" condition, Plaintiffs parcels will be valued subject to
            the present encumbrance – an easement for recreational trail use
12            subject to possible reactivation as a railroad, **including light rail**,
            pursuant to [the Trails Act]…"

13   *See* Dkt No. 131-4 at 6 (Declaration of John A. Kilpatrick)(emphasis added).

14            That conclusion is further supported by this Court's recent ruling in *Ioppolo v.*

15   *Port of Seattle, et al.*, C15-0358-JCC, Dkt No. 56, where this Court recognized that

16   Plaintiffs have been fully compensated for any proposed uses exceeding BNSF's original

17   easements. *See Id.* at 4 ("In other words, in *Haggart*, members of the class of named and

18   opt-in plaintiffs were compensated for the fact that the conveyance by BNSF pursuant to

19   the Trails Act exceeded the preexisting scope of the easement…") and 7 ("…the *Haggart*

20   Court made no mention of a limitation with respect to surface rights as opposed to

21   subsurface or aerial rights. In sum, to the extent that the conduct of the Port of Seattle and

22   remaining Defendants King County **and Sound Transit** may have rightfully been

23   construed as a 'taking,' Plaintiffs have already received just compensation for that

24   taking.")(internal citation removed, emphasis added). This compensation for uses that

25   exceed the original easement would undoubtedly encompass Sound Transit's passenger

SOUND TRANSIT'S REPLY RE: CROSS-MOTION FOR
PARTIAL SUMMARY JUDGMENT ON WHETHER
CONSTRUCTION AND OPERATION OF LIGHT RAIL
IS CONSISTENT WITH BNSF'S EASEMENTS - 3

CENTRAL PUGET SOUND REGIONAL
TRANSIT AUTHORITY
401 S. JACKSON STREET
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 398-5000
FACSIMILE: (206) 398-5499

1   rail use that is part and parcel to BNSF's original easement (and which was expressly

2   included by the *Haggart* court and the appraisers, regardless).

3       Plaintiffs' continued argument that Sound Transit cannot construct light rail when

4   Plaintiffs received compensation for that right is untenable.

5   **B.    Trail use and rail use are not mutually exclusive; a railbanked corridor**
6   **       may be used for any purpose consistent with the original easement.**

7       Trail use does not exclude passenger rail or any other use permitted by the original

8   easement and vice versa.[4] The STB has previously not precluded construction of light rail

9   on a railbanked easement also used as a trail. *The Baltimore and Ohio R. Co, –*

10  *Abandonment and Discont. Of Ser. – In Montgomery County, MD and the Dist. of*

11  *Columbia*, ICC Docket No. AB-19 (Sub-No. 112), 1990 WL 287371, *2 (Service Date

12  March 2, 1990) ("Coalition has not demonstrated that County's transitway [light-rail]

13  proposal is incompatible with either trail use or the restoration of service" and referencing

14  another decision allowing tourist train). *See also CSX Transp., Inc. – Abandonment*

15  *Exemption – In Monroe and Owen Counties, IL*, STB Docket No. AB-55 (Sub-No, 514X),

16  1997 WL 598035, *1 n.5 ("Nothing in the statute or our regulations precludes a right-of-

17  way from being used for mixed highway (or light rail) and recreational use.").

18      Numerous STB decisions have "allowed dual uses of trails," including uses "of the

19  right-of-way as both a trail and a utility corridor . . . ." *Kansas Eastern RR, Inc. –*

20

21  _____

[4] In the rulemaking process, the ICC (now STB) stated, "we see no reason why the
22  development of non-trail activities or structures on or around the right-of-way should be
    restricted, as long as they are consistent with interim trail use, rail banking, and future
23  restoration of rail service." *Rail Abandonments-Use of Rights-of-Way As Trails*, 2
    I.C.C.2d at 606-07 and 608.  This conclusion was reemphasized in subsequent rulemaking
24  updates.  STB, *Rail Abandonments—Use of Rights-of-Way As Trails—Supplemental
    Trails Act Procedures*, Ex Parte No. 274 (Sub-No. 13), 1989 WL 238631 at *5 n.10
25  (decided May 18, 1989)  ("If the rail carrier's interest allows different uses (such as
    underground cable) we see no reason why a trail operator should not be able to do the
    same. The reversionary property owner's position has not changed.").

SOUND TRANSIT'S REPLY RE: CROSS-MOTION FOR
PARTIAL SUMMARY JUDGMENT ON WHETHER
CONSTRUCTION AND OPERATION OF LIGHT RAIL
IS CONSISTENT WITH BNSF'S EASEMENTS - 4

CENTRAL PUGET SOUND REGIONAL
TRANSIT AUTHORITY
401 S. JACKSON STREET
SEATTLE, WASHINGTON  98104
TELEPHONE: (206) 398-5000
FACSIMILE: (206) 398-5499

*Abandonment Exemption – In Butler and Greenwood Counties, KS*, STB Docket No. AB-563 (Sub-No. 1X), 2006 WL 1516602, *3 (Service Date June 1, 2006); *T and P Railway – Abandonment Exemption – In Shawnee, Jefferson and Atchison Counties, KS*, STB Docket No. AB-381 (Sub-No. 1X), 1997 WL 68211, *5, *7 n.16 (Service Date Feb. 20, 1997), *rev'd on other grounds, Becker v. Surface Transp. Bd.*, 132 F.3d 60 (1997) (use of the right-of-way by Western Resources for utility transmission lines did not result in rescinding a NITU and could provide a source of funds for maintenance); *KCT Railway Corp. – Abandonment Exemption – In Franklin, Anderson, and Allen Counties, KS*, ICC Docket No. AB-335 (Sub-No. 2X), 1992 WL 311582, *1-*2 (Service Date Oct. 26, 1992) (accepting use of a railbanked corridor for street extension).;

Plaintiffs' argument that trail use is mutually exclusive of all other permitted uses and vice versa is plainly incorrect.

C.   **Plaintiffs ignore the underlying property transactions, the STB's supervisory role in them, and the limitation of the STB's jurisdiction to freight railroad only.**

Sound Transit owns a high capacity transportation easement over Plaintiffs' property that permits light rail.[5]  Without explanation, Plaintiffs ask this Court to throw out the underlying property transactions and pretend they never occurred.  The end result would be the extinguishment of the property right to run passenger rail in the corridor even though it was conveyed to the Port by BNSF and subsequently sold to Sound Transit.

The STB routinely recognizes a railroad's ability to split its easement property rights into the component freight and passenger rail rights and to transfer the latter to a third party.  In *Toscano v. U.S.*, 107 Fed. Cl. 179 (2012), the Union Pacific Railroad sold its railroad easement to the Utah Transit Authority ("UTA"), but retained an exclusive

---

[5] A copy of the high capacity transportation easement was attached to Plaintiffs' Third Amended Complaint (Dkt No. 83, Exh. L).

SOUND TRANSIT'S REPLY RE: CROSS-MOTION FOR
PARTIAL SUMMARY JUDGMENT ON WHETHER
CONSTRUCTION AND OPERATION OF LIGHT RAIL
IS CONSISTENT WITH BNSF'S EASEMENTS - 5

CENTRAL PUGET SOUND REGIONAL
TRANSIT AUTHORITY
401 S. JACKSON STREET
SEATTLE, WASHINGTON  98104
TELEPHONE: (206) 398-5000
FACSIMILE: (206) 398-5499

freight easement for itself. *Id*. at 181. "In effect, Union Pacific split its interest in two: it transferred to UTA the entire easement along with physical improvements it had built, including the right to operate 'possible' passenger service, but it retained for itself the right to conduct a freight line…" *Id*. at 181-82.  This process of splitting freight and passenger easement rights and obtaining a ruling that the transaction is not subject to STB jurisdiction is commonly referred to as a 'State of Maine transaction,' named after the state in which a ruling by the ICC (now STB) first endorsed the practice.  *Id*.

These decisions demonstrate that the STB is not concerned with and does not regulate passenger rail.  The scope of the Sound Transit easement is solely governed by Washington property law, and the interaction of Sound Transit's state law property rights with STB jurisdiction is limited:  if/when the STB approves **freight** reactivation, Sound Transit's light rail will have to be relocated or removed to the extent light rail interferes with the freight rail.  There is nothing in this regulatory framework that prevents light rail use of the former BNSF railroad easements while the corridor is railbanked prior to any reactivation.

**D.** **Sound Transit can construct and operate passenger rail without STB approval because the STB has no jurisdiction over passenger rail.**

Even though Sound Transit owns easement rights to operate passenger rail throughout the corridor, Plaintiffs assert that STB approval is required to construct it. STB approval is not required because, as Plaintiffs note, passenger rail operated by a local government is specifically excluded from STB jurisdiction [*see,* 49 USC § 10501(c)(2)(A)] and is instead a matter of state law property rights.

STB decisions confirm that the STB does not regulate non-freight interim uses of a railbanked corridor, and that the STB does not require operators to seek its approval to run

SOUND TRANSIT'S REPLY RE: CROSS-MOTION FOR
PARTIAL SUMMARY JUDGMENT ON WHETHER
CONSTRUCTION AND OPERATION OF LIGHT RAIL
IS CONSISTENT WITH BNSF'S EASEMENTS - 6

CENTRAL PUGET SOUND REGIONAL
TRANSIT AUTHORITY
401 S. JACKSON STREET
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 398-5000
FACSIMILE: (206) 398-5499

passenger rail.  In *Baltimore and Ohio*[6], the trail sponsor allowed part of the railbanked corridor to be used for light rail.  Alleging that light-rail would interfere with the recreational trail and make it impractical to resume freight service, plaintiffs asked the STB to either prohibit light rail use or to vacate the certificate allowing the trail use.  The STB did neither.  Instead the STB ruled that it did not have the authority to regulate the use of the right-of-way or "police trail use agreements."[7] The STB dismissed the petition and explained that its authority is limited to ensuring that the trail sponsor assumes legal and financial responsibility for the right-of-way and agrees to maintain it so that it can be restored and used for railroad purposes.[8] [9]  The track can be removed and changes can be made to the right-of-way to permit other uses "...so long as the property remains available for reactivation of rail service."[10]  "While we retain jurisdiction over the right-of-way to ensure that the statutory criteria are met, we have no other regulatory responsibilities over the interim [light rail] use of the property."[11]

If a third party were to challenge Sound Transit's proposed light rail use (as happened in *Baltimore and Ohio*), the sole question for the STB under the Trails Act would be whether Sound Transit's proposed light rail use precludes possible restoration of freight service. Because Sound Transit's high-capacity easement rights are expressly

---

[6] *Baltimore and Ohio R. Co, – Abandonment and Discont. Of Ser. – In Montgomery County, MD and the Dist. of Columbia,* 1990 WL 287371, ICC Dkt. No. AB-19 (Sub-No. 112) (February 22, 1990) ("*Baltimore and Ohio*").

[7] *Id.* at 3.

[8] *See,* 16 USC §1247(d); 49 CFR §1152.29

[9] *See,* STB Notice of Interim Trail Use issued to King County, Dkt No. 46, Exh. B.

[10] *Gnp Rly, Inc.--Acquisition & Operation Exemption--Redmond Spur & Woodinville Subdivision,* 2011 WL 2421150, Fin. Dkt. No. 35407, at *3 (June 15, 2011) (installation of sewer trunk line); 49 C. F. R. § 1152. 29(a)(3); 1152. 29(d)(1)

[11] *Baltimore and Ohio R. Co.,* 1990 WL 287371 at *3.

SOUND TRANSIT'S REPLY RE: CROSS-MOTION FOR
PARTIAL SUMMARY JUDGMENT ON WHETHER
CONSTRUCTION AND OPERATION OF LIGHT RAIL
IS CONSISTENT WITH BNSF'S EASEMENTS - 7

CENTRAL PUGET SOUND REGIONAL
TRANSIT AUTHORITY
401 S. JACKSON STREET
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 398-5000
FACSIMILE: (206) 398-5499

subject to the right to operate freight service in the right-of-way,[12] the STB would dismiss the petition without ruling because it has "never asserted jurisdiction over the ability of railroads to allow non-carriers to conduct non-jurisdictional activities, such as rail commuter service, on their excess real estate when regulated [freight] rail service will not be affected thereby." *S. Pac. Transp. Co.-Abandonment Exemption-Los Angeles Cnty., Ca.*, 1993 WL 54669, 91 I.C.C.2d 385, 390 (Feb. 12, 1993).

Another important aspect of the decision is what the STB did not do in *Baltimore and Ohio*. A Trails Act regulation directs the STB to vacate the certificate allowing interim trail use if a railroad files a request to use the right-of-way.[13]  Even though the corridor was to be used for a railroad purpose (light rail), the STB neither vacated the trail use certificate nor invoked the regulations to direct the parties to return at the appropriate time to vacate the trail use and seek approval to operate light rail.[14] Instead, the STB dismissed the petition knowing that light rail would be constructed and coexist with the trail use. The STB could resolve the case by dismissal without any reference to vacating the interim trail use only if STB approval is not required to operate passenger rail. The ruling makes clear that the operation of passenger rail is determined by the agreements between the owner of the easement rights and the trail sponsor, not by the STB, and are a

---

[12] *See* High Capacity Transportation Easement (Dkt. No. 83, Exhibit L, Section 5(B)).

[13] *See,* 49 CFR §1152.29(c)(3) and (d)(3).

[14] The STB likely did not reference 49 CFR §1152.29(c)(3) and (d)(3) because the regulations necessarily only apply to rail carriers engaged in freight operations subject to the STB's jurisdiction. The failure to reference the regulations in connection with a case involving passenger rail reflects the STB's practice of not exercising jurisdiction over passenger rail. Unless freight operations subject to  STB jurisdiction are implicated, the STB takes no action, including not acting to vacate a trail certificate. Had the proposed use been by a freight railroad, the STB would have been required  by the regulations to vacate the trail use, to the extent such trail use was inconsistent with the freight railroad operations. *See, Georgia Great So. Division – Aban, & Discon. Of Service, STB 2003 WL 21132515, Dkt. No. AB-389 (Sub-No. IX) (May 9, 2003)* (vacating trail use for freight reactivation).

SOUND TRANSIT'S REPLY RE: CROSS-MOTION FOR
PARTIAL SUMMARY JUDGMENT ON WHETHER
CONSTRUCTION AND OPERATION OF LIGHT RAIL
IS CONSISTENT WITH BNSF'S EASEMENTS - 8

CENTRAL PUGET SOUND REGIONAL
TRANSIT AUTHORITY
401 S. JACKSON STREET
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 398-5000
FACSIMILE: (206) 398-5499

1

2
function of state law interpretation of the easement rights.

3
In this case, Sound Transit (easement owner) and King County (trail sponsor) have

4
agreed how and where passenger rail and freight rail can operate in the right-of-way.  This

5
Court should adopt the STB's consistent position that STB approval is not required to

6
operate passenger rail on railbanked right-of-way. [15]

7
Plaintiffs' argument that STB approval is required also conflicts with the STB's

8
many "State-of-Maine" rulings that it lacks jurisdiction over the transfer and use of

9
property rights whose only impact is to permit local governments to use railroad right-of-

10
way to operate passenger rail.[16,17] Because the STB does not have jurisdiction over

11
passenger rail operated by a local government, and because the STB dismisses petitions

12
seeking its approval, the Court should reject Plaintiffs' arguments.

13
[15] *See also Thomas v. U.S.*, 106 Fed. Cl. 467, 488-89 (2012).  In *Thomas*, the railroad
retained the right to reinstitute passenger rail service, but such rights were contractually

14
subordinate to the trail user's trail rights.  The *Thomas* court stated "CSXT's transfer of
the corridor affirmatively precludes [passenger] railroad operations along the corridor

15
without permission of the non-railroad third party trail operator should these operations
interfere with trail use, **or** until the STB, under the Trails Act, decides to reactivate rail

16
service, abandon the property, or otherwise exercise its jurisdiction over the corridor."
This statement recognizes that passenger rail service can be activated without STB

17
authorization and is a function of the property rights between the trail operator and the
entity holding the passenger rail rights.

18
[16] *See, State of Maine, Dep't of Transp.-Acquisition & Operation Exemption-Maine Cent.*

19
*R.R. Co.*, 1991 WL 84430, 8 I.C.C 2d 835 (May 20, 1991)(no jurisdiction over sale of
property right to government for commuter rail operations if railroad retains common

20
carrier freight rights and obligations). *Los Angeles Cnty. Transp. Comm'n—Petition for
Exemption--Acquisition from Union Pac. R.R. Co.*, 1996 WL 408632, STB Fin. Dkt. No.

21
32374, at *4 (July 11, 1996) (no jurisdiction over sale of property rights to operate
commuter rail where no interference with common carrier rights and obligations); *State of*

22
*Wisconsin Dep't of Transp.-Petition for Declaratory Order*, 2002 WL 1767404, STB Fin.
Dkt. No. 34181, at *2 (July 30, 2002).

23
[17] In *Haggart v. U.S.*, 108 Fed.Cl. 70, 96 (2012), Judge Lettow also understood the STB's

24
limited role by distinguishing "future railway use by way of reactivation" for freight from
"possible future development of a commuter rail line."  Had freight and passenger rail not

25
been unique, there would have been no need to separately identify them.

SOUND TRANSIT'S REPLY RE: CROSS-MOTION FOR
PARTIAL SUMMARY JUDGMENT ON WHETHER
CONSTRUCTION AND OPERATION OF LIGHT RAIL
IS CONSISTENT WITH BNSF'S EASEMENTS - 9

CENTRAL PUGET SOUND REGIONAL
TRANSIT AUTHORITY
401 S. JACKSON STREET
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 398-5000
FACSIMILE: (206) 398-5499

E.      **Plaintiffs' failure to distinguish between passenger rail and freight rail results in a logically and legally flawed argument.**

On pages 7 - 11 of Plaintiffs' Opposition (Dkt No. 133), Plaintiffs' selective compilation of partially true premises leads to a false conclusion. Plaintiffs argument is summarized as follows, with clarification of each premise included in a sub-bullet:

- "Railbanking is merely a provision allowing the maintenance of federal jurisdiction over a railroad right of way under the Trail Act upon issuance of a NITU." Dkt No. 133 at 8:11-12.

  o   Railbanking preserves the railroad easements for future use according to the easement terms. The STB maintains jurisdiction over **_freight_** rail reactivation – **_passenger_** rail use is expressly exempted unless it precludes the reactivation of freight service. *See Baltimore and Ohio*, Section D above.

- "In order to reactivate a railbanked corridor, a bona fide railroad must petition the STB and request reactivation…" Dkt No. 133 at 8:19-20.

  o   This is only to true as to **_freight_** rail reactivation.  See Sections C and D, above.

- "Sound Transit is simply not a railroad, is not a bona fide petitioner, and cannot reactivate this railbanked corridor.  Even if Sound Transit were able to somehow obtain the STB's approval to reactivate the railbanked corridor, then the NITU would be revoked and the abandonment proceedings would be reopened." Dkt No. 133 at 9:15-18.

  o   Because Sound Transit will not operate a **_freight_** railroad, its status as a bona fide railroad is irrelevant.  Sound Transit's right to build passenger rail is based on its state law easement rights which are not subject to STB jurisdiction. The STB can exercise jurisdiction and reopen NITU proceedings only if a freight railroad seeks to use the easement.

- "In *Kulmer v. STB*, 236 F.3d 1255 (10th Cir. 2001), the Tenth Circuit upheld the STB's decision to dismiss an OFA from a light rail developer whose OFA did not include evidence that continued freight service would likely result from their proposal." Dkt No. 133 at 10:1-9.

  o   *Kulmer* is not a railbanking case.  The case involved a private light rail operator seeking STB approval of an involuntary sale of a railroad

SOUND TRANSIT'S REPLY RE: CROSS-MOTION FOR
PARTIAL SUMMARY JUDGMENT ON WHETHER
CONSTRUCTION AND OPERATION OF LIGHT RAIL
IS CONSISTENT WITH BNSF'S EASEMENTS - 10

CENTRAL PUGET SOUND REGIONAL
TRANSIT AUTHORITY
401 S. JACKSON STREET
SEATTLE, WASHINGTON 98104
TELEPHONE (206) 398-5000
FACSIMILE (206) 398-5499

proposed to be abandoned and converted for light rail use by the railroad that owned the line. Both the petitioning private light rail operator and the original railroad intended to convert the line to light rail use. Because the petitioner did not prove that it was more likely to preserve the corridor for freight than the original owner, the STB denied the petitioner's request. It is true that preservation of the corridor for freight was the STB's primary concern, but the case has no bearing on whether a passenger rail easement owner can use a railbanked corridor for passenger rail service or whether the STB has any jurisdiction over passenger rail.

- Sound Transit did not initiate STB proceedings seeking STB approval of light rail use (Dkt No. 133 at 10:10-18.), and "the STB has not given its approval that such use would not interfere with the possibility of the corridor being reactivated for railroad purposes." Dkt No. 133 at 10:19-20.

    o This is a *non sequitur*. As noted, the STB has no jurisdiction over passenger rail service; it routinely dismisses cases related to the topic (*see State of Maine* discussion, Section C above). *See also Baltimore and Ohio*, Section D above.

- "Thus, Sound Transit's intended use is outside the scope of the federally-approved use of the land. If Sound Transit [] wishes to establish a light rail, an entirely new proceeding would have to be formally initiated by King County, through the STB." Dkt No. 133 at 10:20 – 11:1.

    o The STB lacks regulatory jurisdiction over Sound Transit's passenger rail use, which is actually governed by easement rights under Washington law. The STB's lack of jurisdiction over passenger rail use does not destroy the state law rights associated with the right to operate passenger rail. Thus, no STB proceeding is required.

## V.   CONCLUSION

Plaintiffs have not opposed and concede that under Washington law: (1) light rail passenger service is a railroad purpose consistent with BNSF's easements, and (2) BNSF's railroad easements permit light rail facilities to be constructed below, above, or on the surface, as dictated by sound engineering practices and operational needs. Accordingly, the Court should grant Sound Transit's cross motion.

Additionally, the non-germane arguments raised by Plaintiffs are based on false

SOUND TRANSIT'S REPLY RE: CROSS-MOTION FOR
PARTIAL SUMMARY JUDGMENT ON WHETHER
CONSTRUCTION AND OPERATION OF LIGHT RAIL
IS CONSISTENT WITH BNSF'S EASEMENTS - 11

CENTRAL PUGET SOUND REGIONAL
TRANSIT AUTHORITY
401 S. JACKSON STREET
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 398-5000
FACSIMILE: (206) 398-5499

(or incomplete) premises that result in the faulty conclusion that STB approval is required to construct and operate passenger rail in the corridor.  The STB has often recognized a railroad's ability to separate and sell its freight rail and passenger rail rights, and the STB has frequently acknowledged its statutory lack of regulatory jurisdiction over passenger rail (and other non-freight uses permitted by the scope of the original easements) in a railbanked corridor.  Thus, Plaintiffs have failed to provide any basis on which this Court should deny Sound Transit's Cross Motion.

Dated October 9, 2015 at Seattle, Washington

By:

Loren Armstrong, WSBA No. 33068
Attorney for Defendant Sound Transit

## CERTIFICATE OF SERVICE

I do hereby certify under penalty of perjury under the laws of the State of Washington that on October 9, 2015, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all parties of record:

*Attorneys for Plaintiffs*:
Thomas S. Stewart
Elizabeth McCulley
STEWART WALD & McCULLEY
9200 Ward Parkway, Suite 550
Kansas City, MO 64114
stewart@swm.legal
mcculley@swm.legal

Daryl A. Deutsch
Rodgers Deutsch & Turner, PLLC
Three Lakes Bellevue Drive
Bellevue, WA 98005-2440
daryl@rdtlaw.com

*Attorneys for Defendant Port of Seattle*:
Timothy G. Leyh

SOUND TRANSIT'S REPLY RE: CROSS-MOTION FOR
PARTIAL SUMMARY JUDGMENT ON WHETHER
CONSTRUCTION AND OPERATION OF LIGHT RAIL
IS CONSISTENT WITH BNSF'S EASEMENTS - 12

CENTRAL PUGET SOUND REGIONAL
TRANSIT AUTHORITY
401 S. JACKSON STREET
SEATTLE, WASHINGTON  98104
TELEPHONE: (206) 398-5000
FACSIMILE: (206) 398-5499

1   Randall Thomsen
    Kristin Ballinger
2   CALFO, HARRIGAN, LEAKES, LLP
    999 Third Avenue, Suite 440
3   Seattle, WA 98104
    timl@calfoharrigan.com
4   randallt@calfoharrigan.com
    kristinb@calfoharrigan.com
5
    *Attorneys for Defendant King County*:
6   Andrew W. Marcuse
    David J. Hackett
7   King County Prosecuting Attorney, Civil Division
    500 4th Avenue, Suite 900
8   Seattle, WA 98104-5039
    andrew.marcuse @kingcounty.gov
9   david.hackett@kingcounty.gov

10  *Attorneys for Defendant Puget Sound Energy*:
    Gavin W. Skok
11  Bryan J. Case
    Courtney L. Seim
12  James E. Breitenbucher
13  RIDDELL WILLIAMS PS
    1001 – 4th Avenue, Suite 4500
14  Seattle, WA 98154-1065
    gskok@riddellwilliams.com
15  bcase@riddellwilliams.com
    cseim@riddellwilliams.com
16  jbreiten@riddellwilliams.com

17
    *Attorneys for Cascade Water Alliance*:
18  Dale N. Johnson
    WSBA #26629
19  Van Ness Feldman LLP
    2025 First Avenue, Suite 500
20  Seattle, WA 98121-3140
    Tel: (206) 382-9540
21  Fax: (206) 626-0675
    dnj@vnf.com
22
    Dated October 9, 2015 at Seattle, Washington.
23
24  Ruby Fowler, Legal Secretary
    Central Puget Sound Regional Transit Authority
25  Tel: 206-398-5154; email: ruby.fowler@soundtransit.org

SOUND TRANSIT'S REPLY RE: CROSS-MOTION FOR
PARTIAL SUMMARY JUDGMENT ON WHETHER
CONSTRUCTION AND OPERATION OF LIGHT RAIL
IS CONSISTENT WITH BNSF'S EASEMENTS - 13

CENTRAL PUGET SOUND REGIONAL
TRANSIT AUTHORITY
401 S. JACKSON STREET
SEATTLE, WASHINGTON  98104
TELEPHONE: (206) 398-5000
FACSIMILE: (206) 398-5499