THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT AND KATHRYN KASEBURG, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PORT OF SEATTLE; PUGET SOUND ENERGY, INC.; KING COUNTY; CENTRAL PUGET SOUND REGIONAL TRANSIT AUTHORITY, <br><br> Defendants. | No. 2:14-cv-00784-JCC <br><br> **DEFENDANT PUGET SOUND ENERGY, INC.'S MOTION FOR SUMMARY JUDGMENT** <br><br> NOTED ON MOTION CALENDAR: DECEMBER 4, 2015 |

## I.   INTRODUCTION

The Court has already held "that the Corridor Easements include the exclusive right to possess and control the corridor for certain incidental uses that are consistent with trail use and the operation of a railroad, although we do not now define what these uses are." (Dkt. #138 at 18.)  PSE now asks the Court to define those incidental uses as including PSE's utility rights, because the South Rail Line Easement that PSE acquired from the Port of Seattle is expressly subject to "those uses relating to 'railbanking' the Easement Area" and "reactivated interstate freight rail service." (Dkt. #113-17 at pp. 3, 6.)  In other words, the express scope of PSE's utility easement is not inconsistent with either the railroad easements preserved by the Trails Act or the recreational trail use added by railbanking.  Accordingly, PSE's utility easement is valid and enforceable, and title should be quieted in PSE's favor as a matter of law.

DEFENDANT PUGET SOUND ENERGY'S MOTION
FOR SUMMARY JUDGMENT (No. 2:14-cv-00784) - 1
4824-1345-3610.02

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington  98154-1192
206.624.3600

## II. STATEMENT OF FACTS

BNSF formerly operated a railroad through a corridor along the eastern side of Lake Washington, including a section between milepost 5.0 near Kennydale and milepost 10.60 near Wilburton that is at issue in this case. (Dkt. #83 at pp. 3, 37-38.) As the holders of the railroad right-of-way, BNSF and its predecessors controlled the corridor and granted easements and licenses to public and private companies, including gas and electric utilities. (*See, e.g.,* Dkt. #69-13 at pp. 47-49, 54-55; Dkt. #77-11 at pp. 6-8, 13-14.)

On May 12, 2008, BNSF, the Port and King County entered into a Purchase and Sale Agreement under which BNSF sold the "North Rail Line" (defined as that portion of the corridor north of milepost 28.8 in Woodinville to milepost 38.4 in Snohomish County) to the Port. (Dkt. #83 at p. 40.) Also on May 12, 2008, BNSF, the Port and King County entered into a Donation Agreement under which BNSF "donated" the "South Rail Line" (defined as that portion of the corridor south of milepost 23.45 in Woodinville to milepost 5.0 in Renton) to the Port and King County. (*Id.* at pp. 40-41.)

The "South Rail Line" allegedly crosses the plaintiffs' properties that are at issue in this case. (Dkt. #83 at pp. 40-41.) On December 18, 2009, BNSF quitclaimed its interests in the "South Rail Line" to the Port. (*Id.* at p. 40.) The plaintiffs concede that BNSF held at least an easement for railroad purposes over and through their properties, and that BNSF transferred those easement rights, which have been railbanked under the Trails Act, to the Port. (*Id.* at p. 42.)

The Port and PSE then entered an Easement Purchase and Sale Agreement under which PSE paid $13,339,821.21 to the Port for utility rights "over, under, along, across and through" the corridor. (Dkt. #83 at pp. 42-43; Dkt #123 at pp. 2, 21.) PSE recorded its "South Rail Line Easement" on December 21, 2010 under King County Recorder's File No. 20101221000998. (Dkt. #113-17 at p. 1.)

Under its South Rail Line Easement, PSE obtained the right to "construct, operate, maintain, repair, replace, improve, remove, enlarge, and use the Easement Area for one or more

DEFENDANT PUGET SOUND ENERGY'S MOTION
FOR SUMMARY JUDGMENT (No. 2:14-cv-00784) - 2
4824-1345-3610.02

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

utility systems for purposes of transmission, distribution and sale of electricity," including without limitation aerial and subsurface rights.  (Dkt. #113-17 at p. 2).  PSE also obtained rights to maintain its "utility systems for purposes of transmission, distribution and sale of gas ('Gas Facilities')."  (*Id.*)

PSE's South Rail Line Easement specifically provides that the Port retained the right to use the Easement Area for "those uses relating to 'railbanking' the Easement Area, which uses are specifically set forth in that certain Public Multipurpose Easement by and between Grantor and the County recorded December 18, 2009, under King County Recorder's file No. 20091218001538…."  (Dkt. #113-17 at p. 3.)[1]  PSE's South Rail Line Easement is also expressly subject to the reactivation of interstate freight rail use:

> Grantor [the Port] and Grantee [PSE] understand and acknowledge that if the STB receives a request to use all or any portion of the Easement Area for federally regulated interstate freight rail service, then Grantor and Grantee may each be required to make available some or all of their respective interests in the Easement Area to accommodate reactivated freight rail service.

(Dkt. #113-17 at p. 6.)

### III.   PROCEDURAL HISTORY

The plaintiffs sued PSE, seeking to quiet title in the plaintiffs' favor and to obtain an order "declaring that PSE obtained no interest whatsoever in Plaintiffs' subsurface and aerial rights by and through the Trails Act and their purported Easement Agreement with the Port…." (Dkt. #83 at p. 50.)  PSE counterclaimed, alleging as follows:  "Pursuant to the South Rail Line Easement, PSE holds a valid and enforceable easement, over, along, above, and below the BNSF

---

[1] That certain Public Multipurpose Easement between the Port and County requires the County to "reasonably cooperate with PSE to site future PSE facilities authorized under the PSE Instruments, or future fully executed instruments in which Grantor grants an interest in the Property to PSE, within the Trail Area if such facilities can reasonably collocate with the Trail Area and Grantee's Trail Use."  (Dkt. #75-9 at p. 9.)

DEFENDANT PUGET SOUND ENERGY'S MOTION
FOR SUMMARY JUDGMENT (No. 2:14-cv-00784) - 3
4824-1345-3610.02

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

rail corridor." (Dkt. #86 at p. 10.) Accordingly, PSE's counterclaim seeks "an order quieting title in favor of PSE's easement rights in the BNSF rail corridor…." (*Id.*)

On July 24, 2015, the Court granted the defendants' joint motion for partial summary judgment, ruling that "BNSF's railbanking of the Eastside Rail Corridor preserved BNSF's railroad easements and allowed interim use of the corridor as a trail." (Dkt. #107 at p. 10). The plaintiffs then moved for summary judgment, seeking an order that the preserved railroad easements do not include any aerial or subsurface rights. (Dkt. #113 at p. 8.) The Port and King County cross-moved for partial summary judgment, seeking an order "that the preserved railroad easements created by the Lake Washington Belt Line Deed and the State of Washington Condemnation afford the easement holder the exclusive use and possession of the area on, beneath, and above the surface of the rail corridor, for railroad, trail, and, in accord with Washington law, uses incidental to those purposes." (Dkt. #124 at p. 9.) Ruling on the cross-summary judgment motions, the Court held "that the Corridor Easements include the exclusive right to possess and control the corridor for certain incidental uses that are consistent with trail use and the operation of a railroad, although we do not now define what these uses are." (Dkt. #138 at p. 18.)

### IV.    ARGUMENT

#### A.    The Port Held a Railroad Easement Through the Corridor.

The parties disagree about whether the Kittinger Deed conveyed a fee interest or a railroad easement. (*See* Dkt. #91 at pp. 9-10.) For purposes of this motion, however, the Court does not need to resolve this issue because the plaintiffs concede that the Kittinger Deed—like the Washington Belt Line Deed and Condemnation Judgment—conveyed *at least* a railroad easement. (Dkt. #55 at p. 3; Dkt. #83 at p. 42.) The plaintiffs further concede that all of these railroad easement were acquired by the Port before the Port conveyed the South Rail Line Easement to PSE. (Dkt. #83 at pp. 42-43.) Accordingly, the Court can resolve the claims

DEFENDANT PUGET SOUND ENERGY'S MOTION
FOR SUMMARY JUDGMENT (No. 2:14-cv-00784) - 4
4824-1345-3610.02

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

between the plaintiffs and PSE on summary judgment by deciding whether PSE's utility rights within the corridor are permissible incidental uses under Washington law.

### B. PSE's Utility Rights Are Permissible Incidental Uses.

"In *Kershaw v. Sunnyside Ranches, Inc. v. Yakima Interurban Ass'n,* the Washington Court of Appeals held that a 'railroad may use its easement to conduct not only railroad-related activities, but also any other incidental activities that are *not inconsistent* and do not interfere with the operation of the railroad.'" (Dkt. #138 at p. 14) (emphasis added) (quoting *Kershaw Sunnyside Ranches v. Yakima Interurban Lines Ass'n*, 121 Wash. App. 714, 91 P.3d 104 (2004), *aff'd in part, rev'd in part*, 156 Wash. 2d 253 (2006)). In reaching this conclusion, the *Kershaw* court reasoned that the railroads are to be treated the same as public highways:

> Historically in Washington, railroads are viewed as "public highway[s], created for public purposes." *Puget Sound Elec. Ry. v. R.R. Comm'n*, 65 Wash. 75, 84, 117 P. 739 (1911); *see Lawson v. State*, 107 Wash. 2d 444, 449, 730 P.2d 1308 (1986). Logic suggests, then, that the incidental use doctrine should apply to railroad rights of way, just as it does to public highways.

*Kershaw*, 121 Wash. App. at 732. *See also Neitzel v. Spokane Int'l Ry. Co.,* 80 Wash. 30, 34, 141 P. 186, 188 (1914) (holding that railroad was not abandoned "so long as the use to which the property is put, although a private use, is incidental to the company's business as a transportation company"); *Washington Sec. & Inv. Corp. v. Horse Heaven Heights, Inc.*, 132 Wash. App. 188, 200, 130 P.3d 880, 886 (2006) (applying the incidental use doctrine to a railroad).

In addition, Washington courts have already ruled that utilities are permissible, incidental uses of public highways:

> Poles and wires for carrying electric current are considered a customary incidental use of highways, and are not now generally deemed such an encroachment upon the right of abutting property owners as to afford them a right to compensation for the additional servitude to which their fee interests are subjected.

DEFENDANT PUGET SOUND ENERGY'S MOTION
FOR SUMMARY JUDGMENT (No. 2:14-cv-00784) - 5
4824-1345-3610.02

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

*State ex rel. York v. Board of Comm'rs*, 28 Wash. 2d 891, 904, 184 P.2d 577 (1947) (holding that poles and wires for carrying electricity lining a highway are an excepted incidental use of the highway and abutting property owners have no right to additional compensation), *quoted in Kershaw*, 121 Wash. App. at 732.  Other secondary or incidental uses for which public ways may be used if not inconsistent with the primary purpose include "watermains, gas pipes, telephone and telegraph lines, etc." *York,* 28 Wash. 2d at 898.

Here, the plaintiffs challenge PSE's right to place and maintain electric and gas utilities within the corridor, alleging that PSE's South Line Rail Easement is invalid because the Port had no right to convey subsurface and aerial uses.  The Court, however, has already ruled that "whoever holds the Corridor Easements is granted the exclusive use, possession, and control of the corridor" and that the "conveyances granting the Corridor Easements afford broad control over the area within the corridor, including subsurface and aerial rights." (Dkt. #138 at pp. 9, 12.)  And again, there is no dispute that the Port held at least railroad easements through the entire corridor.

PSE's South Rail Line Easement specifically provides that the Port retained the right to use the Easement Area for "those uses relating to 'railbanking' the Easement Area, which uses are specifically set forth in that certain Public Multipurpose Easement by and between Grantor and the County recorded December 18, 2009, under King County Recorder's file No. 20091218001538…." (Dkt. #113-17 at p. 3.)  PSE's South Rail Line Easement is also expressly subject to the reactivation of interstate freight rail use:

> Grantor [the Port] and Grantee [PSE] understand and acknowledge that if the STB receives a request to use all or any portion of the Easement Area for federally regulated interstate freight rail service, then Grantor and Grantee may each be required to make available some or all of their respective interests in the Easement Area to accommodate reactivated freight rail service.

FOR SUMMARY JUDGMENT (No. 2:14-cv-00784) - 6
4824-1345-3610.02

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

1   (Dkt. #113-17 at p. 6.) Accordingly, the scope of PSE's utility easement is not inconsistent with
2   both the railroad easements preserved by the Trails Act and the recreational trail use added by
3   railbanking. *See, e.g., Kansas E. R.R., Inc.--Abandonment Exemption--in Butler & Greenwood*
4   *Counties, KS,* AB-563 (SUB 1X), 2006 WL 1516602, at *3 (June 1, 2006) ("Here, the plans for
5   the dual use of the right-of-way as both a trail and a utility corridor, and the use of the right-of-
6   way for agricultural purposes, are not inconsistent with the Trails Act because the County has
7   explained that the utility corridor will not interfere with any trail use and future rail use.") (*cited*
8   *with approval in* Dkt. #142 at p. 3).

9   Finally, the Court observed in its prior order that BNSF provided uncontested licenses to
10  third parties for incidental uses, including sewer and stormwater pipelines. (Dkt. #138 at p. 18.)
11  Those incidental uses also include licenses for Puget Sound Energy (and its predecessors Puget
12  Power & Light Co. and Washington Natural Gas) to install and maintain electric and gas utilities
13  that existed alongside the railroad. (*See, e.g.,* Dkt. #69-13 at pp. 47-49, 54-55; Dkt. #77-11 at pp.
14  6-8, 13-14.)

## V.  CONCLUSION

16  The plaintiffs concede that the Port held at least a railroad easement when it conveyed the
17  South Rail Line Easement to PSE, which granted PSE the right to place and maintain utilities in
18  the corridor, including subsurface and aerial rights. Because PSE's utility rights are not
19  inconsistent with either the railroad easements preserved by the Trails Act or the recreational trail
20  use added by railbanking, the South Rail Line Easement is valid and title should be quieted in
21  PSE's favor as a matter of law.

DEFENDANT PUGET SOUND ENERGY'S MOTION
FOR SUMMARY JUDGMENT (No. 2:14-cv-00784) - 7
4824-1345-3610.02

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

1   DATED this 12th day of November, 2015.

2                                    RIDDELL WILLIAMS P.S.

3                                    By  s/ *James Breitenbucher*
                                         James Breitenbucher, WSBA #27670
4                                        Courtney Seim, WSBA #35352
                                         Bryan Case, WSBA #41781
5                                        1001 Fourth Avenue, Suite 4500
                                         Seattle, Washington 98154
6                                        Email:    jbreitenbucher@riddellwilliams.com
                                                   cseim@riddellwilliams.com
7                                                  bcase@riddellwilliams.com

8                                    Attorneys for Puget Sound Energy, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT PUGET SOUND ENERGY'S MOTION
FOR SUMMARY JUDGMENT (No. 2:14-cv-00784) - 8
4824-1345-3610.02

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

## CERTIFICATE OF SERVICE

I hereby certify that on date written below, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

DATED this 12th day of November, 2015.

       *s/ James Breitenbucher*
       James Breitenbucher

---

DEFENDANT PUGET SOUND ENERGY'S MOTION
FOR SUMMARY JUDGMENT (No. 2:14-cv-00784) - 9
4824-1345-3610.02

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600