The Honorable John C. Coughenour

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT AND KATHRYN KASEBURG, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>PORT OF SEATTLE, a municipal corporation; PUGET SOUND ENERGY, INC., a Washington for profit corporation and KING COUNTY, a home rule charter county, and CENTRAL PUGET SOUND REGIONAL TRANSIT AUTHORITY, a municipal corporation,<br><br>Defendants. | **NO. 2:14-CV-00784-JCC**<br><br>**PLAINTIFFS' RESPONSE TO KING COUNTY'S PETITION FOR ATTORNEYS' FEES** |

Pursuant to this Court's Order dated November 19, 2015, Plaintiffs are required to pay King County's "reasonable expenses" in making its motion to compel unless Plaintiffs demonstrate that their nondisclosure was either "substantially justified" or "other circumstances make an award of expenses unjust" (D.E. 148). Plaintiffs respectfully believe their nondisclosure was substantially justified concerning much of the information sought by King County because the discovery sought was already in their possession and control, and

PLAINTIFFS' RESPONSE TO KING COUNTY'S
PETITION FOR ATTORNEYS' FEES
2:15-cv-00358-JCC - Page 1

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110  Fax (425)455-1626

furthermore that the amount sought is not reasonable because King County's time entries are excessive.

Much of the discovery requested by King County was contained within King County's own records. For instance, King County requested ownership deeds in Interrogatory No. 1 when Plaintiffs actually had already attached their ownership deeds to their Complaint. Furthermore, the deeds are filed and maintained at King County's Recorder's Office. Plaintiffs had also previously produced county assessor reports and parcel maps depicting each parcel. Similarly, many of the discovery requests particularly relating to tax assessments, utilities and permits (Interrogatory Nos. 2, 3, 4, and 14), request information and documents maintained by and available to King County. Finally, many of the discovery requests called for legal conclusions (Interrogatory Nos. 5, 9, 10, and 13), and, even though Plaintiffs objected, they also responded without waiving said objections.

Plaintiffs have already apologized to King County and the Court for other objections where Plaintiffs reasonably believed that their objections were reasonable. The best example, perhaps, involves the appraisals in the *Haggart* case. The Defendants originally latched onto the concept that Plaintiffs had been paid for the fee in the former railroad corridor because of the size of the pending settlement. The Court even mentioned that concept in its initial Order. However, Plaintiffs relied on the question of law, to no avail, that the appraisal methodology espoused by the Federal Circuit in *Ladd* established that the Plaintiffs had not been paid for their fee ownership in the former railroad corridor as a matter of law. *See Ladd v. United States*, 630 F.3d 1015 (Fed. Cir. 2010) (the taking was to be appraised in the before condition unencumbered with a railroad easement and appraised in the after condition encumbered with a recreational/railbanked easement and the difference between the two values is the just

PLAINTIFFS' RESPONSE TO KING COUNTY'S
PETITION FOR ATTORNEYS' FEES
2:15-cv-00358-JCC - Page 2

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

compensation). Simply put, the appraisals, regardless of the amount, cannot legally establish that any of the Plaintiffs had been paid for their fee title. There were actually two appraisals completed for each representative parcel in *Haggart*, one appraisal was completed by the government's appraiser and one by Plaintiffs' appraiser, none of the appraisals evidenced the amount of just compensation to any of the Plaintiffs, no Plaintiff in *Haggart* has yet to be paid and there is no guarantee of any payment because the case is on appeal before the Federal Circuit and further appeals may ensue. Also, there were only 5 appraisals completed for properties in *Haggart* who are Plaintiffs in *Kaseburg* and those 5 appraisals, for whatever purpose, have now been produced.

Second, King County's fee petition is excessive because of the total time billed and because the time entries are duplicative. First, multiple attorneys included time entries for discovery conferences, which are required, and communications regarding those conferences. Second, attorney Freeburg's time is excessive because 28.5 hours was billed for the initial motion to compel, which is not a complex or novel motion, and he also billed 4.6 hours on the reply and 6 additional hours of time for King County's fee motion. The total hours are also duplicative because attorney Harris billed 1.9 hours for the motion to compel, 2 hours to the reply, and .9 hours to the fee motion, and attorney Hackett billed 7.5 hours for the motion to compel and reply. Simply put, the preparation of a motion should not exceed 10 hours by any one lawyer, let alone over 50 hours by multiple lawyers. One attorney billing 35.9 hours on the initial motion to compel with other attorneys billing for review and revision to the same motion (16.4 hours) is excessive. Plaintiffs respectfully request that this Court only award, if any, "reasonable expenses."

PLAINTIFFS' RESPONSE TO KING COUNTY'S
PETITION FOR ATTORNEYS' FEES
2:15-cv-00358-JCC - Page 3

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110 Fax (425)455-1626

Date: December 14, 2015.

STEWART, WALD & MCCULLEY, L.L.C.

By /s/ *Thomas S. Stewart*
Thomas S. Stewart
Elizabeth McCulley
9200 Ward Parkway, Suite 550
Kansas City, MO 64114
Telephone:     (816) 303-1500
Facsimile:      (816) 5278068
stewart@swm.legal
mcculley@swm.legal

AND

RODGERS DEUTSCH & TURNER, P.L.L.C.
Daryl A. Deutsch, WSBA No. 11003
Rodgers Deutsch & Turner, P.L.L.C.
3 Lake Bellevue Dr. Suite 100
Bellevue, WA  98005
Telephone     (425) 455-1110
Facsimile      (425) 455-1626
daryl@rdtlaw.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of December 2015, the foregoing was served via electronic mail, postage prepaid upon all parties of record.

Andrew W Marcuse
David J. Hackett
Peter G. Ramels
King County Prosecuting Attorney, Civil Division
andrew.marcuse@kingcounty.gov
david.hackett@kingcounty.gov
pete.ramels@kingcounty.gov
ATTORNEYS FOR DEFENDANT
KING COUNTY

James Breitenbucher
Blake Marks-Dias
RIDDELL WILLIAMS

PLAINTIFFS' RESPONSE TO KING COUNTY'S
PETITION FOR ATTORNEYS' FEES
2:15-cv-00358-JCC - Page 4

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

Case 2:14-cv-00784-JCC   Document 155   Filed 12/14/15   Page 5 of 5

jbreitenbucher@riddellwilliams.com
bmarksdias@riddellwilliams.com
ATTORNEYS FOR DEFENDANT
PUGET SOUND ENERGY

Desmond L. Brown
Loren Armstrong
Desmond.brown@soundtransit.org
Loren.armstrong@soundtransit.org
ATTORNEY FOR DEFENDANT
CENTRAL PUGET SOUND REGIONAL
TRANSIT AUTHORITY (SOUND TRANSIT)

VAN NESS FELDMAN, LLP
Dale N. Johnson
dnj.vnf.com
ATTORNEY FOR DEFENDANT
CASCADE WATER ALLIANCE

          /s/ *Thomas S. Stewart*

PLAINTIFFS' RESPONSE TO KING COUNTY'S
PETITION FOR ATTORNEYS' FEES
2:15-cv-00358-JCC - Page 5

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110  Fax (425)455-1626